Kenneth C Brooks (SBN 167,792)
Law Offices of Kenneth Brooks
5329 Thunder Ridge Circle
Rocklin, California 95765
Tel: 408 368-7997
Fax: 877 730-4315
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OUTDOOR PRO SHOP, INC., <br>     Plaintiff, <br> vs. <br> MONSTER ENERGY COMPANY, <br>     Defendant. | Case No.: <br><br> COMPLAINT FOR FEDERAL UNFAIR COMPETITION; COMMON LAW TRADEMARK INFRINGEMENT; CALIFORNIA UNFAIR COMPETITION (INJUNCTIVE RELIEF SOUGHT); DECLARATORY RELIEF AND DEMAND FOR JURY |

    Plaintiff, OUTDOOR PRO SHOP, INC., a company organized and existing under the laws of the State of California complains against defendant MONSTER ENERGY COMPANY, a company organized and existing under the laws of the State of Delaware, as follows:

**JURISDICTION, VENUE AND INTRA-DISTRICT ASSIGNMENT**

    1. OUTDOOR PRO SHOP, INC.'s first and fourth claims arise under the Trademark Act of 1946 (the Lanham Act), as amended by the Federal Trademark Dilution Act of 1995 (15 U.S.C. §§ 1051, et seq.) This Court has jurisdiction over such claims pursuant to 28 U.S.C. § 1338(b)( unfair competition), 28 U.S.C. § 1331 (federal question), 15 U.S.C. § 1121 (Lanham Act) and 28 U.S.C. § 2201 (Declaratory Judgment Act). This Court has supplemental

jurisdiction over the remaining state law claims under U.S.C. § 1367.

2. Venue is proper in this Court under 28 U.S.C. § 1391(b), because OUTDOOR PRO SHOP, INC. transacts affairs in this district and because a substantial part of the events giving rise to the claims asserted arose in this district.

3. Intra-district assignment is subject to Local Rules of Court 3-2(c) and thus the case is to be randomly assigned within the district based upon the Assignment Plan, because OUTDOOR PRO SHOP, INC.'s gravamen in the complaint concerns intellectual property and more particularly, unfair competition based upon Common Law trademark infringement, the actions of MONSTER ENERGY COMPANY giving rise to the causes of action set forth herein occurred in throughout the counties of this state, including Sonoma, Alameda, Santa Clara and San Francisco.

**PARTIES**

4. Plaintiff, OUTDOOR PRO SHOP, INC., is a company doing business both locally and globally advertising and selling goods and offering services used in outdoor sports related activities, such as fishing, boating and the like. OUTDOOR PRO SHOP, INC. has its principle place of business located at 412 Houser St., Cotati California 94931 where it has a retail store and does a substantial about of business over the Internet through a website http://www.outdoorproshop.com/.

5. OUTDOOR PRO SHOP, INC. is informed and believes that MONSTER ENERGY COMPANY is a corporation with a principle place of business at 1 Monster Way, Corona California and is further informed and believes that MONSTER ENERGY COMPANY advertises, distributes and/or sells energy drinks throughout California, the United States and the world, as well as in this judicial district. OUTDOOR PRO SHOP, INC. is further informed and believes that MONSTER ENERGY COMPANY has authorized, directed, and/or actively participated in the wrongful conduct alleged herein.

**FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS**

**Outdoor Pro Shop, Inc.'s Use of Its Trademark**

6. OUTDOOR PRO SHOP, INC. sales its goods and offers services in connection with its MONSTER FISHING, MONSTER FISHING TACKLE and MONSTERFISHING.COM (MONSTER FISHING) marks in channels of commerce in several countries around the world making the MONSTER FISHING marks well known trademarks.  For many months before the events giving rise to this Complaint and continuing to the present, OUTDOOR PRO SHOP, INC. has spent great amounts of time, money, and effort advertising and promoting its goods and services in connection with its MONSTER FISHING marks and has sold and advertises products in connection with MONSTER FISHING marks all over the world, including throughout the United States and in California.  Through this investment and large sales, OUTDOOR PRO SHOP, INC. has created considerable goodwill and a reputation for quality goods and services used in connection with MONSTER FISHING marks.  OUTDOOR PRO SHOP, INC. continuously uses the MONSTER FISHING marks to distinguish its goods and services from its competitors.

7. OUTDOOR PRO SHOP, INC. is informed and believes that it is the owner of the MONSTER FISHING marks used in connection with fishing tackle products, namely, terminal tackles, fishing rods, fishing reels, and fishing lines and consumer products related to fishing such as bait, knives, books, clothing, footwear, camping equipment, watches, eye glasses, cups, binoculars, and gift novelties, as well as in connection with online electronic retail magazines through which the aforementioned products of OUTDOOR PRO SHOP, INC., and goods of other manufactures, may be purchased.

8. OUTDOOR PRO SHOP, INC. currently has three applications pending in the United States Trademark Office (USTO): application number 88568305 for the mark MONSTER, in stylized form as applied to internal class 35 ('305 APP);  Application Number 88459017 for the mark MONSTERFISHING TACKLE. COM, in stylized form as applied to internal class 35

('017 APP);  Application Number 88448889 for the mark MONSTER FISHING TACKLE, in stylized form as applied to internal class 35 ('889 APP).  In addition, OUTDOOR PRO SHOP, INC. owns a registered uniform resource locator (url): monsterfishingtackle.com through which purchasers of OUTDOOR PRO SHOP, INC.'s goods and services access OUTDOOR PRO SHOP, INC.'s internet store located at outdoorproshop.com.

**Monster Energy Company's Infringement of Outdoor Pro Shop, Inc.'s Trademark**

9.  OUTDOOR PRO SHOP, INC. is informed and believes that MONSTER ENERGY COMPANY currently sales products under trademarks that are likely to cause confusion in the market place with a likely purchaser of the products sold by both OUTDOOR PRO SHOP, INC. and MONSTER ENERGY COMPANY by virtue of Opposition number 91255229 initiated by MONSTER ENERGY COMPANY on or about April 6, 2020, in the USTO (OPPOSITION). The OPPOSITION seeks to prevent registration on the Principle Register of the USTO the trademarks that are the subject of the '305, '017 and '889 Applications.

MONSTER ENERGY COMPANY contends that the MONSTER FISHING trademarks are likely to cause confusion with likely purchasers.  To that end, MONSTER ENERGY COMPANY advances the existence of confusion based upon common law trademarks, as well as the following marks owned by MONSTER ENERGY COMPANY and are the subject of the following registrations on Principle Register (REGISTERED MARKS):

| Trademark | Registration No. | Filing Date | Registration Date | Date of First Use | International Class |
|---|---|---|---|---|---|
| M MONSTER ENERGY | 3134841 | 05/07/2003 | 08/29/2006 | 05/27/2002 | 032 |
| M MONSTER ENERGY | 3908601 | 04/02/2009 | 01/18/2011 | 05/24/2002 | 22, 39 |
| M | 3908600 | 04/02/2009 | 01/18/2011 | 01/2004 | 16 |

| | | | | | |
|---|---|---|---|---|---|
| MONSTER ENERGY | | | | | |
| M MONSTER ENERGY | 3914828 | 04/02/2009 | 02/01/2011 | 01/2006 | 09 |
| M MONSTER ENERGY | 4332062 | 10/05/2012 | 05/07/2013 | 12/2006 | 14 |
| MONSTER ENERGY | 3044315 | 05/23/2003 | 01/17/2006 | 05/27/2002 | 05 |
| MONSTER ENERGY | 4036680 | 09/11/2007 | 10/11/2011 | 05/27/2002 | 05 |
| MONSTER ENERGY | 4036681 | 09/11/2007 | 10/11/2011 | 05/27/2002 | 032 |
| MONSTER ENERGY | 3057061 | 04/18/2002 | 02/07/2002 | 05/27/2002 | 032 |
| M MONSTER ENERGY | 3044314 | 05/23/2003 | 01/17/2006 | 05/27/2002 | 05 |
| M MONSTER ENERGY | 3134842 | 05/07/2003 | 08/29/2006 | 05/27/2002 | 032 |
| LO-CARB MONSTER ENERGY | 3852118 | 02/13/2009 | 09/28/2010 | 08/2003 | 05, 032 |
| MONSTER ASSAULT | 4634053 | 11/15/13 | 11/04/2014 | 05/2008 | 05, 032 |
| JAVA MONSTER | 3959457 | 12/08/2005 | 05/10/2011 | 04/27/2007 | 32 |
| LOCA | 4058407 | 07/16/2010 | 11/22/2011 | 04/27/2007 | 05 |

| MOCA JAVA MONSTER | | | | | |
|---|---|---|---|---|---|

It its Notice of Opposition (NOO) MONSTER ENERGY COMPANY admits that it uses the phrase M MONSTER ENERGY in connection with many of the same goods on which the OUTDOOR PRO SHOP, INC. uses MONSTER FISHING trademarks, including upon clothing, such as hats and shirts and on cup.   Moreover, in the NOO MONSTER ENERGY COMPANY admits that the MONSTER FISHING marks are so similar to MONSTER ENERGY COMPANY'S M MONSTER ENERGY trademark as to cause confusion, or to cause mistake or to deceive within the meaning of Section 2(d) of the Trademark Act, 15 U.S.C. § 1052(d) considering that the goods of OUTDOOR PRO SHOP, INC. and MONSTER ENERGY COMPANY are through the same channels of trade and offered and sold to the same class of purchasers.

10.   Upon information and belief, OUTDOOR PRO SHOP, INC.'s use of its MONSTER FISHING marks in the United States pre-dates MONSTER ENERGY COMPANY's use of the M MONSTER ENERGY trademark on many is not all of the goods at issue herein, namely hats, cups and clothing and that with respect to the other goods used in connection with the MONSTER FISHING marks, e.g., fishing tackle, bait and the like, do not cause confusion with the same class of purchasers and/or do not upon traverse the same channel of trade.

11.   Upon information and belief, MONSTER ENERGY COMPANY's use of the term M MONSTER ENERGY will cause a likelihood of confusion as to the source and quality of goods with those provided by OUTDOOR PRO SHOP, INC. under its MONSTER FISHING marks with respect to hats, cups and clothing.

////

////

## FIRST CLAIM
## FEDERAL UNFAIR COMPETITION
### (False Designation of Origin and False Description)
### (15 U.S.C. § 1125(a); Lanham Act § 43(a))

12. OUTDOOR PRO SHOP, INC. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 11 of this Complaint.

13. MONSTER ENERGY COMPANY'S conduct constitutes the use of symbols or devices tending falsely to describe the infringing goods, within the meaning of 15 U.S.C. § 1125(a)(l). MONSTER ENERGY COMPANY's conduct is likely to cause confusion, mistake, or deception by or in the public as to the affiliation, connection, association, origin, sponsorship or approval of the infringing goods or services to the detriment of OUTDOOR PRO SHOP, INC. and in violation of 15 U.S.C. § 1125(a)(l).

14. As a direct and proximate result of MONSTER ENERGY COMPANY's infringing activities, OUTDOOR PRO SHOP, INC. has suffered substantial damage.

## SECOND CLAIM
## COMMON LAW TRADEMARK INFRINGMENT

15. OUTDOOR PRO SHOP, INC. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 11 of this Complaint.

16. OUTDOOR PRO SHOP, INC. is informed and believes that it has used its MONSTER FISHING marks in retail store sales and advertising goods in connection fishing tackle products, namely, terminal tackles, fishing rods, fishing reels, fishing lines, clothing, cups, hats and shirts in the state of California before MONSTER ENERGY COMPANY's use of the term M MONSTER ENERGY and that OUTDOOR PRO SHOP, INC.'s use of its MONSTER FISHING marks has been continuous in the state of California since its first use thereof.

17. OUTDOOR PRO SHOP, INC. is informed and believes that MONSTER ENERGY COMPANY's use of the term M MONSTER ENERGY are in the same channels of commerce in

1  which OUTDOOR PRO SHOP, INC. uses its MONSTER FISHING marks with respect to
2  clothing, hats, shirts and cup and that MONSTER ENERGY COMPANY directs goods sold
3  under the name M MONSTER ENERGY to the same class of purchasers in which OUTDOOR
4  PRO SHOP, INC. directs the sales of goods used in connection with its MONSTER FISHING
5  marks.
6      18.  As a direct and proximate result of MONSTER ENERGY COMPANY's use of the
7  term M MONSTER ENERGY in connection with its goods sold, e.g., hats, shirts, clothing and
8  cups, OUTDOOR PRO SHOP, INC. has suffered substantial damage.

**THIRD CLAIM**
**CALIFORNIA UNFAIR COMPETITION**
**(Cal. Bus. & Prof. Code § 17200)**

11     19.  OUTDOOR PRO SHOP, INC. realleges and incorporates by reference each of the
12  allegations contained in paragraphs 1 through 11 and 16-18 of this Complaint.
13     20.  MONSTER ENERGY COMPANY 's infringement of OUTDOOR PRO SHOP,
14  INC. 's MONSTER FISHING marks constitutes unfair business acts or practices within the
15  meaning of California Business & Professions Code § 17200.
16     21.  As a consequence of MONSTER ENERGY COMPANY's actions, OUTDOOR PRO
17  SHOP, INC. is entitled to injunctive relief and an order that MONSTER ENERGY COMPANY
18  disgorge all profits on the manufacture, use, display or sale of infringing goods.

**FOURTH CLAIM FOR RELIEF**
**(Declaratory Judgment of Non-Infringement of Federally Registered Trademarks and No-Unfair Competition)**

22     22.  OUTDOOR PRO SHOP, INC. realleges and incorporates by reference each of the
23  allegations contained in paragraphs 1 through 11 of this Complaint.
24     23.  Plaintiff seeks a declaratory judgment from this Court that the MONSTER
25  FISHING trademarks are not likely to cause confusion as to the source, affiliation, or

sponsorship of OUTDOOR PRO SHOP, INC.'S goods with those goods described in the description of goods recited in the REGISTERED MARKS.

24. OUTDOOR PRO SHOP, INC. seeks a declaratory judgment from this Court that the sale of OUTDOOR PRO SHOP, INC.'s goods and service used in connection with any one or more of MONSTER FISHING marks does not constitute trademark infringement by OUTDOOR PRO SHOP, INC. under the Lanham Act or under California state common law. of any of MONSTER ENERGY COMPANY's REGISTERED MARKS.

25. OUTDOOR PRO SHOP, INC. seeks a declaratory judgment from this Court that the sale of OUTDOOR PRO SHOP, INC.'s goods and services used in connection with any one or more of MONSTER FISHING marks does not constitute unfair competition under the Lanham Act or under California law.

26. OUTDOOR PRO SHOP, INC. seeks a declaratory judgment that MONSTER ENERGY COMPANY has suffered no, and will not suffer any, damages or loss of goodwill as a result of the sale of OUTDOOR PRO SHOP, INC.'s goods and/or services in connection with the MONSTER FISHING marks.

**PRAYER FOR JUDGMENT**

WHEREFORE, OUTDOOR PRO SHOP, INC. prays that this Court grant it the following relief:

27. Adjudge that OUTDOOR PRO SHOP, INC. 's MONSTER FISHING marks have been infringed by MONSTER ENERGY COMPANY with respect to certain goods, e.g., hats, shirts, clothing and cups, in violation of OUTDOOR PRO SHOP, INC. 's rights under common law, and/or California law;

28. Adjudge that MONSTER ENERGY COMPANY has competed unfairly with OUTDOOR PRO SHOP, INC. in violation of OUTDOOR PRO SHOP, INC. 's rights under common law, 15 U.S.C. § 1125(a), and/or California law;

29. Adjudge and Order that MONSTER ENERGY COMPANY and each of its agents, employees, attorneys, successors, assigns, affiliates, and joint venturers and any person(s) in active concert or participation with any of them, and/or any person(s) acting for, with, by, through or under any of them, be enjoined and restrained at first during the pendency of this action and thereafter permanently from:

a. Manufacturing, producing, sourcing, importing, selling, offering for sale, distributing, advertising, or promoting any services or goods that display any words or symbols that so resemble OUTDOOR PRO SHOP, INC. 's MONSTER FISHING marks as to likely cause confusion, mistake or deception, on or in connection with any product that is not authorized by or for OUTDOOR PRO SHOP, INC., including without limitation any service or product that bears the MONSTER ENERGY COMPANY's designs or any other similar approximation of OUTDOOR PRO SHOP, INC. 's MONSTER FISHING marks;

b. Using any word, term, name, symbol, device or combination thereof that causes or is likely to cause confusion, mistake or deception as to the affiliation or association of MONSTER ENERGY COMPANY or its goods with OUTDOOR PRO SHOP, INC. or as to the origin of MONSTER ENERGY COMPANY's goods, or any false designation of origin, false or misleading description or representation of fact;

c. Further infringing the rights of OUTDOOR PRO SHOP, INC. in and to any of its trademarks in its brand products or otherwise damaging OUTDOOR PRO SHOP, INC.'s goodwill or business reputation;

d. Otherwise competing unfairly with OUTDOOR PRO SHOP, INC. in any manner; and

e. Continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint;

30. Adjudge and Order that MONSTER ENERGY COMPANY be required immediately to supply OUTDOOR PRO SHOP, INC. 's counsel with a complete list of individuals and

entities from whom or which he purchased, and to whom or which he sold, offered for sale, distributed, advertised or promoted, infringing products as alleged in this Complaint;

31. Adjudge and Order that MONSTER ENERGY COMPANY be required immediately to deliver to OUTDOOR PRO SHOP, INC.'s counsel its entire inventory of infringing products, packaging, labeling, advertising and promotional material and all plates, patterns, MONSTER ENERGY COMPANY and other material for producing or printing such items, that is in MONSTER ENERGY COMPANY 's possession or subject to its control and that infringes OUTDOOR PRO SHOP, INC.'s MONSTER FISHING trademarks;

32. Adjudge and Order that MONSTER ENERGY COMPANY, within thirty (30) days after service of the judgment demanded herein, be required to file with this Court and serve upon OUTDOOR PRO SHOP, INC. 's counsel a written report under oath setting forth in detail the manner in which he has complied with the judgment;

33. Adjudge and Order that OUTDOOR PRO SHOP, INC. recover from MONSTER ENERGY COMPANY its damages and lost profits in an amount to be proven at trial;

34. Adjudge and Order an accounting of and impose a constructive trust on all of MONSTER ENERGY COMPANY 's funds and assets that arise out of MONSTER ENERGY COMPANY 's infringing activities;

35. Adjudge and Order that OUTDOOR PRO SHOP, INC. be awarded its costs and disbursements incurred in connection with this action, including OUTDOOR PRO SHOP, INC.'s reasonable attorneys' fees and investigative expenses;

36. Adjudge and Order that MONSTER ENERGY COMPANY disgorge all profits, in favor of OUTDOOR PRO SHOP, INC., derived from its unfair competition activities complained of herein; and

////

////

37. Adjudge and Order that all such other relief be awarded to OUTDOOR PRO SHOP, INC. as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the OUTDOOR PRO SHOP, INC. demands trial by jury in this action of all issues so triable.

Dated: August 22, 2020

/s/Kenneth C. Brooks
LAW OFFICES OF KENNETH C. BROOKS
KENNETH C. BROOKS
Attorney for Plaintiff