Steven J. Nataupsky (155,913)
steven.nataupsky@knobbe.com
Lynda J. Zadra-Symes (156,511)
lynda.zadra-symes@knobbe.com
Matthew S. Bellinger (222,228) (*admittance forthcoming*)
matt.bellinger@knobbe.com
Sean M. Murray (213,655) (*admittance forthcoming*)
sean.murray@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Alexander D. Zeng (317,234) (*admittance forthcoming*)
alexander.zeng@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 551-3458

*Attorneys for*
*Defendant MONSTER ENERGY COMPANY*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**(San Jose)**

| | |
|---|---|
| OUTDOOR PRO SHOP, INC., <br><br> Plaintiff, <br><br> v. <br><br> MONSTER ENERGY COMPANY, <br><br> Defendant. | Civil Action No.  5:20-CV-05999-BLF <br><br> Hon. Beth Labson Freeman <br><br> **DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS UNDER RULE 12(B)(6)** <br><br> DATE: June 17, 2021 <br> TIME: 9:00 a.m. <br> Courtroom 3 |

## NOTICE OF MOTION

PLEASE TAKE NOTICE THAT, on June 17, 2021 at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 3 of the above entitled court, located at the San Jose Courthouse, 280 South 1st Street, San Jose, California, Defendant Monster Energy Company will, and hereby does, move under Federal Rule of Civil Procedure 12(b)(6) seeking the relief specified below.

## STATEMENT OF RELIEF SOUGHT

Defendant Monster Energy Company asks that the Court dismiss Plaintiff Outdoor Pro Shop, Inc.'s trademark and unfair competition claims – the first three claims in its complaint – for failure to state a claim on which relief may be granted.  Plaintiff Outdoor Pro Shop, Inc. failed to allege essential elements of a claim based on alleged trademark infringement.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiff Outdoor Pro Shop, Inc. ("OPS") is asserting federal and state claims of trademark infringement against Defendant Monster Energy Company ("Monster").  In its complaint, OPS claims to have trademark rights in the unregistered marks MONSTER FISHING, MONSTER FISHING TACKLE and MONSTERFISHING.COM.  But OPS fails to allege two essential facts that a plaintiff must plead to establish that it has protectable trademark rights in the asserted trademarks.

First, OPS never pled that its alleged trademarks are inherently distinctive or have become distinctive by acquiring secondary meaning.  However, an asserted mark must be distinctive to serve as a trademark and confer trademark protectable rights on OPS.

Second, OPS failed to plead the date it first used the alleged trademarks in commerce.  Even if OPS has protectable trademark rights, it must still establish that it has prior rights to Monster, which has been using its MONSTER trademarks for almost two decades.  OPS's failure to allege any specific date of first use makes it impossible to determine whether OPS has pled a plausible claim for trademark infringement.

Accordingly, OPS's claims based upon alleged trademark infringement – the first three

claims in the complaint – should be dismissed pursuant to Rule 12(b)(6) for failure to plead essential elements of the cause of action.

## II. BACKGROUND

OPS is in the business of "selling goods and offering services used in outdoor sports related activities, such as fishing, boating and the like." Dkt. 1 ¶ 4. OPS has a retail store in Cotati, California and also does business over the internet. *Id.* OPS claims to sell products branded with the unregistered marks MONSTER FISHING, MONSTER FISHING TACKLE and MONSTERFISHING.COM (collectively, "the MONSTER FISHING marks").

Monster, based in Corona, California, is a worldwide leader in the development, marketing, and distribution of energy drinks, beverage ware, apparel and other products. In 2002, Monster launched its MONSTER ENERGY® drink bearing its now-famous, federally registered MONSTER ENERGY® mark. Monster's success in the energy-drink field is unparalleled. Monster sells approximately 2.5 billion beverages per year in the United States alone, with an estimated retail value of over $6 billion per year. The MONSTER brand has established itself as the best-selling energy drink brand in the United States by unit volume and dollar value.

OPS's complaint asserts four causes of action: (1) trademark infringement under the Lanham Act; (2) trademark infringement under California common law; (3) unfair competition under California Business & Professional Code § 17200; and (4) declaratory judgment of non-infringement of Monster's trademarks. Dkt. 1 ¶¶ 12-26. The first three claims are expressly based on common allegations that Monster's use of its federally registered M MONSTER ENERGY® trademark "will cause a likelihood of confusion as to the source and quality of goods with those provided by OUTDOOR PRO SHOP, INC. under its MONSTER FISHING marks with respect to hats, cups and clothing." *Id.* ¶ 11.

OPS's pre-suit investigation presumably revealed that Monster has been using its MONSTER trademarks in commerce for approximately two decades. However, OPS's complaint nowhere discloses the date it first used its MONSTER FISHING marks in commerce. Nor does it disclose whether OPS alleges that its marks are inherently distinctive or have merely

acquired distinctiveness through use.  Dkt. 1.

## III.  LEGAL STANDARDS

A claim should be dismissed under Rule 12(b)(6) if it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).  In assessing a motion to dismiss, the court takes the allegations in the challenged pleading as true and construes them in the light most favorable to the non-movant.  *See Stoner v. Santa Clara County Office of Educ.*, 502 F.3d 1116, 1120 (9th Cir. 2007).  However, those "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544, at 555.

## IV.  ARGUMENT

### A.  OPS's Trademark Claims Must Be Dismissed Because OPS Failed To Allege That Its Marks Are Distinctive

A trademark serves to "identify and distinguish [a producer's] goods ... from those manufactured or sold by others and to indicate the source of the goods...." *Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205, 209 (2000) (quoting 15 U.S.C. § 1127).  In order to serve this function, a mark must be inherently distinctive or become distinctive by acquiring secondary meaning. *Wal-Mart,* 529 U.S. at 210.  A mark has acquired secondary meaning if, "in the minds of the public, the primary significance of [the mark] is to identify the source of the product rather than the product itself." *Id.* at 211 (citation omitted).  Where a mark is unregistered, the plaintiff bears the burden of proving distinctiveness. *Greenberg v. Johnston*, 2014 WL 12586252, at *4 (C.D. Cal. 2014).

A complaint for trademark infringement must allege inherent distinctiveness or secondary meaning. *FreecycleSunnyvale v. The Freecycle Network, Inc.,* 2006 WL 2060431, at *6 (N.D. Cal. 2006).  OPS failed to allege either type of distinctiveness.  Its complaint ***never mentions*** either inherent distinctiveness or secondary meaning.  Its federal and state trademark claims must therefore be dismissed. *See id.; Day Crush, LLC v. Ehren Jordan Wine Cellars*, 2017 WL 6383269, at *4 (N.D. Cal. 2017); *Greenberg,* 2014 WL 12586252, at *4-5.

-3-

NOTICE OF & MOTION TO DISMISS                                   Case No.: 5:20-CV-05999-BLF

OPS's complaint alleges that it *used* the MONSTER FISHING marks.  The complaint asserts that OPS "has spent great amounts of time, money, and effort advertising and promoting its goods and services in connection with its MONSTER FISHING marks," "has sold and advertises products in connection with MONSTER FISHING marks," and "has created considerable goodwill and a reputation for quality goods and services used in connection with MONSTER FISHING marks." Dkt. 1 ¶ 6.  But mere use of a mark does not establish secondary meaning, that is, that the mark's primary significance is to identify the source of the product.  *CG Roxane LLC v. Fiji Water Co. LLC*, 569 F. Supp. 2d 1019, 1031 (N.D. Cal. 2008) ("Naturally, a large expenditure of money does not in itself create legally protectable rights. … Secondary meaning is established by how effective the effort to create it has been.")  If a plaintiff wishes to rely on secondary meaning to establish trademark rights, it must allege secondary meaning, not mere use of the mark.  *See Greenberg,* 2014 WL 12586252, at *4-5 (ruling that allegations of "long running use" and "investment in publicity and marketing" were insufficient to allege that the mark signified the source of the plaintiff's services).

The ambiguity in OPS's complaint makes it unclear which theory of ownership OPS is advancing.  This ambiguity is unfair to Monster.  Because the potential defenses available to a defendant depend on the plaintiff's theory of ownership, Monster is entitled to know whether OPS is alleging inherent distinctiveness or secondary meaning.  *See FreecycleSunnyvale* 2006 WL 2060431, at *6 ("[B]ecause inherent and acquired distinctiveness are different legal theories that potentially involve different factual bases, [the alleged infringer] is entitled to notice of whether the Marks are alleged to possess inherent distinctiveness.").  Accordingly, OPS's trademark claims should be dismissed for failure to properly allege distinctiveness.[1]

---

[1] OPS's third cause of action is for violation California's unfair competition law as set forth in Cal. Bus. & Prof. Code § 17200.  Dkt. 1 ¶¶ 19-21.  However, this unfair competition claim incorporates the same allegations of trademark infringement that underlie OPS's claims under the Lanham Act and California's common law of trademarks.  Dkt. 1 ¶ *.  Such a claim under § 17200 "is 'substantially congruent' to a trademark infringement claim under the Lanham Act." *Academy of Motion Picture Arts and Sciences v. Creative House Promotions, Inc.*, 944 F.2d 1446, 1457 (9th Cir. 1991).  By failing to adequately plead trademark infringement, OPS has also failed to plead a violation of § 17200.  *See Toho Co., Ltd. v. Sears, Roebuck & Co.,* 645 F.2d 788, 793 (9th Cir. 1981) (affirming dismissal of a § 17200 claim where the plaintiff failed

### B. OPS's Trademark Claims Should Also Be Dismissed Because OPS Failed To Allege A Date Of First Use

"To acquire ownership of a trademark it is not enough to have invented the mark first or even to have registered it first; the party claiming ownership must have been the first to actually use the mark in the sale of goods or services." *Sengoku Works Ltd. v. RMC Int'l, Ltd.*, 96 F.3d 1217, 1219 (9th Cir. 1996). To properly allege priority, a plaintiff must "plead either the date it first used the mark in commerce or the date it registered the trademark." *GeoData Sys. Mgmt., Inc. v. Am. Pac. Plastic Fabricators, Inc.*, 2015 WL 12731920, at *9 (C.D. Cal. Sept. 21, 2015). OPS did neither. OPS's marks have not been registered by the U.S. Patent and Trademark Office, and OPS's complaint nowhere recites a date of first use. This is another reason OPS's trademark claims were insufficiently pled and should be dismissed. *Id.*

OPS's complaint does contain conclusory allegations that it used its MONSTER FISHING marks before Monster used its own trademark. Specifically, OPS alleged:

> OUTDOOR PRO SHOP, INC. is informed and believes that it has used its MONSTER FISHING marks in retail store sales and advertising goods in connection fishing tackle products, namely, terminal tackles, fishing rods, fishing reels, fishing lines, clothing, cups, hats and shirts in the state of California before MONSTER ENERGY COMPANY's use of the term M MONSTER ENERGY….

Dkt. 1 ¶ 16. However, a pleading "on information and belief" that OPS used its marks before Monster is not an allegation of a date of first use. *See GeoData*, 2015 WL 12731920, at *9 (finding insufficient an allegation "in conclusory fashion that it first used the 'Killer Tomato' mark in commerce as early as 1997"). Moreover, OPS's reticence has prejudiced Monster. Without knowing the date on which OPS claims to have begun using its marks, Monster cannot know whether it should investigate and plead a prior-rights defense. OPS's threadbare trademark claims should be dismissed. *Id.*

---

to properly plead trademark infringement); *JGX, Inc. v. Handlery*, 2017 WL 7048985, at *2 (N.D. Cal. 2017) ("Plaintiffs' failure to allege trademark violations requires that the unfair competition claim under § 17200 of California's Unfair Competition Law [] also be [dismissed].").

-5-
NOTICE OF & MOTION TO DISMISS                                   Case No.: 5:20-CV-05999-BLF

## V. CONCLUSION

For the foregoing reasons, OPS's first three claims should be dismissed under Rule 12(b)(6) for failure to state a claim on which relief may be granted.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: January 19, 2021        By: */s/ Lynda J. Zadra-Symes*
    Steven J. Nataupsky
    Lynda J. Zadra-Symes
    Matthew S. Bellinger
    Sean M. Murray
    Alexander D. Zeng

*Attorneys for Defendant*
*Monster Energy Company*