Kenneth C Brooks (SBN 167,792)
Law Offices of Kenneth Brooks
5329 Thunder Ridge Circle
Rocklin, California 95765
Tel: 408 368-7997
Fax: 877 730-4315
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| OUTDOOR PRO SHOP, INC., | ) | Case No.: 5:20-cv-05999-BLF |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | PLAINTIFF'S OPPOSITON TO DEFENDANT'S MOTION TO DISMISS |
| | ) | |
| MONSTER ENERGY COMPANY, | ) | DATE: June 17, 2021 |
| | ) | TIME: 9:00 a.m. |
| Defendant. | ) | Courtroom 4 |
| | ) | |
| | ) | |

COMES NOW, Plaintiff, OUTDOOR PRO SHOP, INC. ("OPS") in opposition to Defendant MONSTER ENERGY COMPANY's ("MEC") motion to dismiss.

**SUMMARY OF ALLEGATIONS SET FORTH IN THE COMPLAINT**

The Complaint (DOC 1) sets forth four causes of action premised upon the rights OPS has it is common law trademarks, MONSTER FISHING, MONSTER FISHING TACKLE and MONSTERFISHING.COM (MONSTER FISHING) . *See* DOC 1, ¶ 6.  The four causes of action are: (1) false designation under the Lanham Act 15 U.S.C. § 1125(a)(1); (2) trademark infringement under California common law; (3) unfair competition under California Business & Professional Code § 17200; and ( 4) declaratory judgment of non-infringement of Monster's trademarks.

1

**SUMMARY OF ARGUMENTS**

The gravamen of MEC's motion to dismiss is premised upon sufficiency of the facts set forth in the Complaint.  MEC's arguments conflate the notice pleading requirements set forth in Fed. Rul. Civ. P.  8 with those of the specificity requirement set forth in Fed. R. Civ. P. 9.  In support of its conflation of the two rules, MEC beguiles this tribunal by misconstruing case law to set forth arguments that are pure sophistry.  The case cited by MEC *Greenberg v. Johnston*, 2014 WL 12586252 (C.D. Cal. 2014) in support of the motion makes clear that arguments concerning distinctiveness present factual questions that are inappropriate on a motion to dismiss.  *See id*. at *4.  In a similar fashion, MEC mispresents the findings of the court *GeoData Sys. Mgmt., Inc. v. Am. Pac. Plastic Fabricators, Inc.*, 2015 WL 12731920 (C.D. Cal. Sept. 21, 2015) contending that it requires Plaintiff to allege a date of first use in the complaint.  *See* DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS UNDER RULE 12(B)(6) (DOC 9) page 5, lines 7-9.   This is simply not the law.  Rather, the facts in the complaint must establish priority of use of the marks at issue.  *See GeoData Sys. Mgmt., Inc. v. Am. Pac. Plastic Fabricators, Inc.*, 2015 WL 12731920 at *9 (C.D. Cal. Sept. 21, 2015)("finding that *GeoData* failed "to plead that it was the first to use the mark in commerce, i.e., that it had priority of use."

OPS has pleaded sufficient facts to plausibly suggest a claim entitling OPS to relief for the each of the causes of action set forth in the Complaint .  *See Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) ("[ In sum, for a complaint to survive a motion to dismiss, the non-conclusory "factual content," and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.)(quotes in original)(citations omitted).

# ARGUMENTS

**I. Statement of Law**

When reviewing a motion pursuant to Rule 12(b)(6) to dismiss a complaint, a court views the complaint in the light most favorable to OPS, accepting all well-pleaded factual allegations as true, as well as any reasonable inferences drawn from them. *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). A Rule 12(b)(6) dismissal may be based on either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1990).

**II. MEC's Motion to Dismiss Must Be Denied, Because Although OPS Did Allege that the MONSTER FISHING Marks are Distinctive Such Allegations are Not Required**

It is beyond question that a claim for false designation pursuant The Lanham Act can be based upon infringement of common law trademark rights. *See Kendall-Jackson Winery, Ltd. v. E. & J. Gallo Winery*, 150 F.3d 1042, 1046 (9th Cir. 1998) (Section 43(a) of the Lanham Act makes actionable . . . two kinds of wrongs: false advertising and the common-law tort of "passing off" one's goods as those of another.") *citing Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 778 (1992) (Stevens, J., concurring).). All that need be alleged to support a claim under Section 43(a) of the Lanham Act based upon trademark infringement are facts to, *inter alia*, place at issue priority of use. *See GeoData Sys. Mgmt., Inc. v. Am. Pac. Plastic Fabricators, Inc.*, 2015 WL 12731920 at *9 (C.D. Cal. Sept. 21, 2015)("finding that *GeoData* failed "to plead that it was the first to use the mark in commerce, i.e., that it had priority of use." The Complaint makes clear that OPS alleges it has priority of use. Firstly, OPS has made clear the marks it owns MONSTER FISHING marks and that the same created goodwill and reputation for the quality goods and services used in connection with these marks and that OPS continuously uses the marks to distinguish its goods and services for its competitors. *See* DOC 1 ¶ 6. The marks identified are MONSTER FISHING, MONSTER FISHING TACKLE and

MONSTERFISHINGTACKLE.COM and referred to collectively as MONSTER FISHING marks. *See id*.  Thus, it cannot be said that OPS has failed to allege that the marks at issue are distinctive based upon the recitation of the noun "distinguish" as used in the COMPLAINT.  A well-known definition of distinctive found in the Random House's Webster dictionary:  "serving to distinguish".  Thus, it defies logic to conclude that OPS has failed to allege that the MONSTER FISHING marks are distinctive.

Notwithstanding the argument concerning distinctiveness, it is clear that the case cited in support of its argument makes clear that such an argument is improper to support a motion to dismiss.  *See Greenberg v. Johnston*, 2014 WL 12586252, at *4 (C.D. Cal. 2014)(finding that arguments concerning distinctiveness present factual questions that are inappropriate on a motion to dismiss).  At best MEC's arguments with respect to the failure to plead distinctiveness are specious, at worst completely frivolous.

### III. MEC's Motion to Dismiss Must Be Denied, Because OPS Need Not Allege a Date of First Use, Rather OPS Need Only Allege Priority of Use of the MONSTER FISHING Marks

MEC misstates the law when relying upon *GeoData Sys. Mgmt., Inc. v. Am. Pac. Plastic Fabricators, Inc.*, 2015 WL 12731920 (C.D. Cal. Sept. 21, 2015)  for the rule that OPS **"must"** "plead either the date it first used the mark in commerce or the date it registered the trademark." See DOC 9, page 5, lines 6-8. Rather, the Court in *GeoData Sys. Mgmt., Inc.* made clear that in order to allege priority the Plaintiff in that case "can plead either the date it first used the mark in commerce or the date it registered the trademark." *See id.* at *9.  The operative word in that sentence is the permissive "can" as opposed that that alleged by MEC the mandatory "must".  The Court in *GeoData Sys. Mgmt., Inc.* continued to clarify that what the Plaintiff in that case did was fail "to adequately to plead that is had priority of use . . . a necessary element of trademark infringement claim." *See id.*  In the instant action this is not the case.

OPS clearly identifies the MONSTER FISHING marks at issue.  Moreover, OPS has clearly set forth MEC marks that OPS believes are infringed by inclusion of the table that begins on page 4 of DOC 1 and ends at the top of page 6 that identifying numerous trademarks of MEC and are commonly referred to as MONSTER ENERGY COMPANY marks.  Each of the MONSTER ENERGY COMPANY marks identified in said table includes the date of first use of said marks.  At the beginning of paragraph 10 of DOC 1, OPS makes clear that it believes that OPS's use of the MONSTER FISHING marks pre-dates MEC's use of the M MONSTER ENERGY trademark on many if not all of the goods used at issue herein, namely hats, cups and clothing, as well as with respect to other goods used in connection with MONSTER FISHING marks, e.g., fishing tackle, bait and the like.   The M MONSTER ENERGY trademarks are clearly identified the aforementioned table set forth in DOC 1 in the first five rows of the table and the trademarks identified in rows 10 and 11.   It is manifest that OPS has clearly alleged that is has set forth allegations of priority of use with respect to these marks.  To require any additional specificity in the allegations would do violence to Fed. R. Civ. P 8(a) by raising the pleading requirements to that required pursuant to Fed. R. Civ. P. 9, which is *ultra vires*.  See *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 "Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests . . . ") *citing Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Therefore, the motion to dismiss this complaint must be denied.

**IV.  OPS Must Be Granted Leave to Amend Should the Court Find Merit in MEC's Motion to Dismiss**

"Denial of a motion to amend pleadings is reviewed for an abuse of discretion." *VVV & Sons Edible Oils v. Meenakshi Overseas, LLC*, 946 F. 3d 542, 545 (2019) *quoting Branch Banking and Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 760 (9th Cir. 2017).  "A district court acts within its

1  discretion to deny leave to amend when amendment would be futile...." *See id.* at 547 *quoting*
2  *Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000).  However, if the
3  amendment would allow OPS to state a legally cognizable claim for trademark infringement, it
4  would be an abuse of discretion for this Court to not allow said amendment.  Considering that the
5  allegations at issue are trivial, if not picayune, use of the term "distinctive" and an actual date of
6  first use, the Court must grant OPS leave to amend the complaint.  *See generally, Chappel v.*
7  *Laboratory Corp. of America*, 232 F. 3d 719 (9th Cir. 2000).

## CONCLUSION

It is respectfully submitted that MEC's Motion to Dismiss is not well taken and without merit for the reasons set forth above.  Therefore, this Court must deny MEC's motion to dismiss in its entirety.   In the alternative, should this Court find merit in MEC's Motion to Dismiss this Court must afford OPS an opportunity to amend the complaint.

Dated: February 2, 2021

/s/Kenneth C. Brooks
LAW OFFICES OF KENNETH C. BROOKS
KENNETH C. BROOKS
Attorney for Plaintiff