Steven J. Nataupsky (155913)
steven.nataupsky@knobbe.com
Lynda J. Zadra-Symes (156511)
lynda.zadra-symes@knobbe.com
Matthew S. Bellinger (222228)
matt.bellinger@knobbe.com
Sean M. Murray (213655)
sean.murray@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Alexander D. Zeng (317234)
alexander.zeng@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 551-3458

*Attorneys for*
*Defendant MONSTER ENERGY COMPANY*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**(San Jose)**

| | |
|---|---|
| OUTDOOR PRO SHOP, INC., <br><br> Plaintiff, <br><br> v. <br><br> MONSTER ENERGY COMPANY, <br><br> Defendant. | Civil Action No.  5:20-CV-05999-BLF <br><br> Hon. Beth Labson Freeman <br><br> **DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS UNDER RULE 12(b)(6)** <br><br> DATE: June 17, 2021 <br> TIME: 9:00 a.m. <br> Courtroom 3 |

## I. INTRODUCTION

OPS's opposition either ignores or misreads the relevant case law. In arguing that a generic allegation of trademark "distinctiveness" is sufficient, OPS simply ignores the case law holding that a trademark plaintiff must allege either inherent or acquired distinctiveness. Then, in arguing that it need not allege a date of first use, OPS misunderstands the rule that allows a plaintiff to plead "either" a first-use date "or" a registration date. OPS's trademarks are unregistered, so it was required to plead a date of first use.

OPS's complaint for trademark infringement is fundamentally flawed. OPS failed to plead (1) either inherent or acquired distinctiveness, or (2) a date of first use. Each of these omissions is a fatal deficiency in OPS's pleading of trademark infringement and requires dismissal of its trademark claims.

## II. OPS IGNORES THE AUTHORITY REQUIRING TRADEMARK PLAINTIFFS TO PLEAD THE SPECIFIC TYPE OF DISTINCTIVENESS

OPS argues that it sufficiently pled trademark infringement because it alleged that its marks "distinguish" its goods and services. Dkt. 12 at 3-4 (citing Dkt. 1 ¶ 6). According to OPS, "it cannot be said that OPS has failed to allege that the marks at issue are distinctive based upon the recitation of the noun 'distinguish' as used in the COMPLAINT." Dkt. 12 at 4: 2-3. But this argument completely ignores *FreecycleSunnyvale v. The Freecycle Network, Inc.*, 2006 WL 2060431 (N.D. Cal. 2006), in which this Court held that a trademark owner must plead ***the specific type of distinctiveness*** that a mark allegedly possesses. The Court explained that, "because inherent and acquired distinctiveness are different legal theories that potentially involve different factual bases, [the accused infringer] is entitled to notice of whether the Marks are alleged to possess inherent distinctiveness." *Id.* at *6. Thus, OPS's generic allegation of distinctiveness is insufficient.

Indeed, this Court expressly rejected OPS's position in *FreecycleSunnyvale*. Just as OPS alleges that its marks are distinctive, the counterclaim plaintiff in *FreecycleSunnyvale* alleged that the marks asserted in that case were "distinctive and famous." 2006 WL 2060431 at *6. The Court nevertheless dismissed the trademark infringement claim, ruling that a trademark

-1-
REPLY ISO MOTION TO DISMISS                                                  Case No.: 5:20-CV-05999-BLF

1  owner "***must*** … specifically allege whether the Marks have inherent or acquired distinctiveness."
2  *Id.* (emphasis added).  Tellingly, OPS never addresses *FreecycleSunnyvale* in its opposition
3  brief.  Likewise, it cites no authority for its position that a trademark claim may be pled with a
4  simple allegation of distinctiveness.

5      OPS cites *Greenberg v. Johnston*, 2014 WL 12586252, at *4 (C.D. Cal. Oct. 22, 2014),
6  for the proposition that "arguments concerning distinctiveness present factual questions that are
7  inappropriate on a motion to dismiss."  Dkt. 12 at 4.  However, *Greenberg* was discussing
8  whether a plaintiff alleging inherent distinctiveness must further specify that its mark is arbitrary
9  or suggestive.  The court ruled that determining "***into which category the mark falls*** is a factual
10 question not appropriately decided on a motion to dismiss."  *Greenberg*, 2014 WL 12586252, at
11 *4 (emphasis added).  Contrary to OPS's assertion, the court in *Greenberg* ***did*** decide the
12 sufficiency of the complaint's pleading of distinctiveness on a motion to dismiss.  The court
13 expressly granted the defendant's motion to dismiss "because Plaintiff does not sufficiently
14 allege the distinctiveness of his trade name."  *Id.* at *5.

15     Because OPS failed to allege either inherent or acquired distinctiveness, its trademark
16 infringement claims were not properly pled and should be dismissed.  *FreecycleSunnyvale*, 2006
17 WL 2060431 at *6.

### III. IN ARGUING THAT IT NEED NOT PLEAD A DATE OF FIRST USE, OPS MISREADS *GEODATA*

20     To allege a plausible claim of priority, a plaintiff "can plead either the date it first used
21 the mark in commerce or the date it registered the trademark."  *GeoData Sys. Mgmt., Inc. v. Am.*
22 *Pac. Plastic Fabricators, Inc.*, 2015 WL 12731920, at *9 (C.D. Cal. Sept. 21, 2015).  OPS seizes
23 on the *GeoData* court's use of the word "can" to argue that pleading a first-use date is optional.
24 Dkt. 12 at 4 ("The operative word in that sentence is the permissive 'can'").  But the court
25 clearly used the word "can" because it was presenting two options: a plaintiff "can plead ***either***
26 the date it first used the mark in commerce ***or*** the date it registered the trademark."  *GeoData,*
27 2015 WL 12731920 at *9 (emphasis added).  OPS never alleged that its marks are registered,
28 because they are not.  Therefore, to properly plead priority, OPS ***must*** plead the date it first used

-2-
REPLY ISO MOTION TO DISMISS                                           Case No.: 5:20-CV-05999-BLF

each of its purported marks.  *Id.*  OPS failed to do so.  This is an independent reason OPS's trademark claims should be dismissed as insufficiently pled.

## IV. <u>CONCLUSION</u>

OPS's trademark claims – the first three claims in its complaint – should be dismissed under Rule 12(b)(6) for failure to state a claim on which relief may be granted.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | KNOBBE, MARTENS, OLSON & BEAR, LLP |
| Dated: February 9, 2021 | By: */s/Sean M. Murray* <br> Steven J. Nataupsky <br> Lynda J. Zadra-Symes <br> Matthew S. Bellinger <br> Sean M. Murray <br> Alexander D. Zeng |
|  | *Attorneys for Defendant* <br> *Monster Energy Company* |