1  Kenneth C Brooks (SBN 167,792)
   Law Offices of Kenneth Brooks
2  5329 Thunder Ridge Circle
   Rocklin, California 95765
3  Tel: 408 368-7997
   Fax: 877 730-4315
4  Attorney for Plaintiff/Counter-Defendant

5

6

7

8                    UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11 OUTDOOR PRO SHOP, INC.,              )  Case No.: 5:20-CV-05999-BLF
                  Plaintiff,            )
12         vs.                          )  OUTDOOR PRO SHOP, INC.'S ANSWER
                                        )  TO MONSTER ENERGY COMPANY'S
13 MONSTER ENERGY COMPANY,              )  COUNTERCLAIMS
                                        )
14                                      )
               Defendant.               )
15 _____  )
                                        )
16 MONSTER ENERGY COMPANY,              )
                  Counterclaimant,      )
17         vs.                          )
                                        )
18 OUTDOOR PRO SHOP, INC.,              )
                                        )
19             Counter-Defendant        )
20 _____

21         COMES NOW Plaintiff/Counter-Defendant, OUTDOOR PRO SHOP, INC., answering

22 Defendant/Counterclaimant, MONSTER ENERGY COMPANY's counterclaims.

23         1. Outdoor Pro Shop, Inc. (OPS) admits the allegations of paragraph 1 of the

24 Counterclaims.

25         2. OPS lacks knowledge or information necessary to respond to the allegations

                                        1

that the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts and denies said allegations therefor and admits the to the remaining allegations set forth in the paragraph 2 of the Counterclaims.

3.  OPS admits that the Court has jurisdiction over OPS and that OPS is domiciled and has a principal place of business in the State of California.  OPS denies that it has committed acts of trademark infringement, false designation of origin, and unfair competition, as well as denies the remaining allegations set forth in paragraph 3 of the Counterclaims.

4.  OPS denies the allegations that the events complained of in the Counterclaims took place and admits the remaining allegations of paragraph 4 of the Counterclaims.

5.  OPS admits to the allegations set forth in paragraph 5 of the Counterclaims.

6.  OPS admits to the allegations set forth in paragraph 6 of the Counterclaims.

7.  OPS admits to the allegations set forth in paragraph 7 of the Counterclaims that Counterclaimant markets, sells and distributes beverages and lacks knowledge or information necessary to respond to the remaining allegations set forth in this paragraph of the Counterclaims, and therefore denies said remaining allegations.

8.  OPS admits to the allegations set forth in this paragraph that Counterclaimant has used and continuously uses in commerce a mark incorporated the term MONSTER ENERGY and lacks knowledge or information necessary to respond to the remaining allegations set forth in this paragraph of the Counterclaims, and therefore denies said remaining allegations.

9.  OPS admits to the allegations set forth in paragraph 9 of the Counterclaims that Counterclaimant is the assignee of United States Trademark Registrations shown in the table recited in the Counterclaims that bridges pages 7-10 thereof and lacks knowledge or information necessary to respond to the remaining allegations set forth in paragraph 9 of the Counterclaims, and therefore denies said remaining allegations.

OUTDOOR PRO SHOP, INC.'S ANSWER TO MONSTER ENERGY COMPANY'S COUNTERCLAIMS

10.  OPS admits that exhibits 1-14 attached to the Counterclaims are copies of Registration Certificates for marks registered on the Principal Register of the United States Trademark Office; that Counterclaimant is the assignee of record for each of said registration certificates; said Registration Certificates are identified in paragraph 9 of the Counterclaims; that the trademarks that are the subject the Registration Certificates and all common law rights therein are referred to as MONSTER Marks and denies any of the remaining allegations set forth in paragraph 10 of the Counterclaims.

11.  15 U.S.C. section 1065 incorporates exceptions to the incontestable rights recited therein by referencing to 15 U.S.C. section 1064 and OPS lacks knowledge or information necessary to respond to the allegations in paragraph 11 of the Counterclaims based upon said exceptions and therefore denies the allegations in paragraph 11 of the Counterclaims.

12.  OPS admits the allegations of paragraph 12 of the Counterclaims.

13.  OPS lacks knowledge or information necessary to respond to these allegations and therefore denies the allegations in paragraph 13 of the Counterclaims.

14.  OPS lacks knowledge or information necessary to respond to these allegations and therefore denies the allegations in paragraph 14 of the Counterclaims.

15.  OPS lacks knowledge or information necessary to respond to these allegations and therefore denies the allegations in paragraph 15 of the Counterclaims.

16.  OPS lacks knowledge or information necessary to respond to these allegations and therefore denies the allegations in paragraph 16 of the Counterclaims.

17.  OPS lacks knowledge or information necessary to respond to these allegations and therefore denies the allegations in paragraph 17 of the Counterclaims.

18.  OPS lacks knowledge or information necessary to respond to these allegations and therefore denies the allegations in paragraph 18 of the Counterclaims.

////

OUTDOOR PRO SHOP, INC.'S ANSWER TO MONSTER ENERGY COMPANY'S COUNTERCLAIMS

19.  OPS lacks knowledge or information necessary to respond to these allegations and therefore denies the allegations in paragraph 19 of the Counterclaims.

20.  OPS lacks knowledge or information necessary to respond to these allegations and therefore denies the allegations in paragraph 20 of the Counterclaims.

21.  OPS lacks knowledge or information necessary to respond to these allegations and therefore denies the allegations in paragraph 21 of the Counterclaims.

22.  OPS lacks knowledge or information necessary to respond to these allegations and therefore denies the allegations in paragraph 22 of the Counterclaims.

23.  OPS lacks knowledge or information necessary to respond to these allegations and therefore denies the allegations in paragraph 23 of the Counterclaims.

24.  OPS lacks knowledge or information necessary to respond to these allegations and therefore denies the allegations in paragraph 24 of the Counterclaims.

25.  OPS admits the allegations of paragraph 25 of the Counterclaims.

26.  OPS admits the allegations of paragraph 26 of the Counterclaims.

27.  OPS denies that any of the marks it owns relevant to this action are infringing and will not refer to that marks set forth in the allegation of this paragraph as "Infringing Marks" but will refer to said marks as "Accused Marks" with the foregoing in mind OPS admits that it sales good and offers services to customers in this judicial district in connection with the Accused Marks and denies all remaining allegations set forth in paragraph 27 of the Counterclaims.

28.  OPS denies that any of the marks it owns relevant to this action are infringing and will not refer to that marks set forth in the allegation of this paragraph as "Infringing Marks" but will refer to said marks as "Accused Marks" with the foregoing in mind OPS admits the allegations of paragraph 28 of the Counterclaims.

29.  OPS denies that any of the marks it owns relevant to this action are infringing and will not refer to that marks set forth in the allegation of this paragraph as "Infringing Marks" but

OUTDOOR PRO SHOP, INC.'S ANSWER TO MONSTER ENERGY COMPANY'S COUNTERCLAIMS

will refer to said marks as "Accused Marks" with the foregoing in mind OPS admits that Counterclaimaint has a presumption of validity and ownership of the marks that are subject to trademark registration numbers 3,908,601 ('601 Registration) and 5,820,689 ('689 Registration). With respect to the '601 Registration OPS admits that Counterclaimant has exclusive rights to use the marks that is the subject thereof in connection with clothing (such as t-shirts, hooded sweatshirts, sweat shirts, jackets, pants, bandanas, sweat bands and gloves), headgear (such as hats and beanies).  With respect to the '689 Registration OPS lacks knowledge or information necessary to respond to the allegations Counterclaimant has exclusive rights to use the marks that is the subject thereof in connection with clothing (such as t-shirts, hooded sweatshirts, sweat shirts, jackets, pants, bandanas, sweat bands and gloves), headgear (such as hats and beanies). OPS lacks knowledge or information necessary to respond to the allegations that Monster has used its MONSTER Marks in commerce (on the goods listed above) since 2002, long before OPS used its Accused Marks on clothing, hats or related goods and denies said allegations therefor.  OPS lacks knowledge or information necessary to respond to the allegations about "related goods", because OPS has no idea to what that phrase refers and therefore denies allegations concerning "related goods.  OPS admits that the parties' sale of their respective products created a likelihood of confusion.  OPS denies all other allegations set forth in paragraph 29 of the Counterclaims.

30.  OPS denies that any of the marks it owns relevant to this action are infringing and will not refer to that marks set forth in the allegation of this paragraph as "Infringing Marks" but will refer to said marks as "Accused Marks" with the foregoing in mind OPS admits the allegations of paragraph 30 of the Counterclaims.

31.  OPS denies that any of the marks it owns relevant to this action are infringing and will not refer to that marks set forth in the allegation of this paragraph as "Infringing Marks" but will refer to said marks as "Accused Marks" with the foregoing in mind OPS admits that

5

Counterclaimaint has a presumption of validity and ownership of the marks that are subject to trademark registration numbers 3,044,315 ('315 Registration), 4,036,680 ('680 Registration), 4,036,681 ('681 Registration), 3,057,061 ('061 Registration), 3,044,314 ('314 Registration), 3,134,842 ('842 Registration), 3,134,841 ('841 Registration), and 5,820,689 ('689 Registration). With respect to the '314 Registration, '842 Registration and the '841 Registration OPS admits that Counterclaimant has exclusive rights to use the marks that is the subject thereof in connection with beverages, beverage ware (such as insulated beverage containers for domestic use, bottles sold empty, drinking bottles for sports, water bottles sold empty and bottle openers).  With respect to the '315 Registration, '680 Registration and the '681 Registration, '061 Registration and '689 Registration OPS lacks knowledge or information necessary to respond to the allegations that Counterclaimant has exclusive rights to use the marks that is the subject thereof in connection with beverages, beverage ware (such as insulated beverage containers for domestic use, bottles sold empty, drinking bottles for sports, water bottles sold empty and bottle openers). OPS lacks knowledge or information necessary to respond to the allegations that Monster has used its MONSTER Marks in commerce (on the goods listed above) since at least as early as 2002 for beverages and at least as 28 early as January 2005 for beverage ware, long before OPS used its Accused Marks on beverage ware and denies said allegations therefor.  OPS lacks knowledge or information necessary to respond to the allegations about "related goods", because OPS has no idea to what that phrase refers and therefore denies allegations concerning "related goods.  OPS admits to a likelihood of confusion in the pleadings.   OPS denies all other allegations set forth in paragraph 31 of the Counterclaims.

32.  OPS denies that any of the marks it owns relevant to this action are infringing and will not refer to that marks set forth in the allegation of this paragraph as "Infringing Marks" but will refer to said marks as "Accused Marks" with the foregoing in mind OPS lacks knowledge or information necessary to respond to the allegations that, OPS alleges that it sells and/or has sold

sporting goods under one or more of the Infringing Marks. Dkt. 25 at p. 3-4; Dkt 1. at 17. For example, in its Trademark Appl. No. 88/568,305 for an Infringing Mark for use with camping equipment.  OPS admits that it filed Trademark Appl. No. 88/568,305 for the mark

**MONSTER**

used in connection with retail store services featuring products related to fishing, namely, rods, reels, tackle, bait, knives, books, clothing, footwear, camping equipment, watches, eye glasses, binoculars, and gift novelties and that it did so by at least October 2008.

33.  OPS denies that any of the marks it owns relevant to this action are infringing and will not refer to that marks set forth in the allegation of this paragraph as "Infringing Marks" but will refer to said marks as "Accused Marks" with the foregoing in mind OPS admits that Counterclaimant has a presumption of validity and ownership of the marks that are subject to trademark registration numbers 3,914,828 ('828 Registration) and 5,820,689 ('689 Registration). With respect to the '828 Registration OPS admits that Counterclaimant has exclusive right to use its the marks that is the subject thereof in connection with sporting goods such as sports helmets and tents.  With respect to the '689 Registration OPS lacks knowledge or information necessary to respond to the allegations Counterclaimant has exclusive rights to use the marks that is the subject thereof in connection with has exclusive right to use its the marks that is the subject thereof in connection with sporting goods such as sports helmets and tents.  OPS lacks knowledge or information necessary to respond to the allegations that  Monster has used its MONSTER Marks in commerce (on the goods listed above) since at least as early as December 2006, long before OPS used its Accused Mark on sporting goods and denies said allegations therefor.  OPS lacks knowledge or information necessary to respond to the allegations about "related goods", because OPS has no idea to what that phrase refers and therefore denies allegations concerning "related goods.  OPS denies all other allegations set forth in paragraph 33 of the Counterclaims.

34.  OPS denies that any of the marks it owns relevant to this action are infringing and will not refer to that marks set forth in the allegation of this paragraph as "Infringing Marks" but will refer to said marks as "Accused Marks" with the foregoing in mind OPS OPS lacks knowledge or information necessary to respond to the allegations that OPS alleges that it sells and/or has sold bags under one or more of the Infringing Marks. Dkt. 25 at p. 3-4; Ex. 15 because said allegations are not recited as alleged OPS denies said allegations, therefor.  Additionally, OPS admits that it sales backpacks in connection with two of the Accused Marks and denies that said sales began in 2021, as well as denies the remaining allegations in paragraph 34 of the Counterclaims.

35.  OPS denies that any of the marks it owns relevant to this action are infringing and will not refer to that marks set forth in the allegation of this paragraph as "Infringing Marks" but will refer to said marks as "Accused Marks" with the foregoing in mind OPS admits that Counterclaimant has a presumption of validity and ownership of the mark is the subject of trademark registration number 3,923,683 providing Counterclaimant with exclusive rights to use said mark in connection with bags - such as sport bags, carrying bags, backpacks, and duffle bags.  OPS lacks knowledge or information necessary to respond to the allegations about "related goods", because OPS has no idea to what that phrase refers and therefore denies allegations concerning "related goods.  OPS lacks knowledge or information necessary to respond to the allegations that Monster has used its MONSTER Marks in commerce (on the goods listed above) since at least as early as December 2006, long before OPS used its Accused Marks on sporting goods and denies said allegations therefor.  Finally, OPS denies all other allegations set forth in paragraph 35 of the Counterclaims.

36.  With respect to paragraph 36 of the Counterclaims, OPS denies that any of the marks it owns relevant to this action are infringing and will not refer to that marks set forth in the allegation of this paragraph as "Infringing Marks" but will refer to said marks as "Accused Marks" with the foregoing in mind OPS denies that it began selling stickers in 2016 and admits

that it sells stickers embodying one of the Accused Marks and sales the stickers in connection with a second mark of the Accused Marks and denies all other allegations of paragraph 36 of the Counterclaims.

37.  OPS denies that any of the marks it owns relevant to this action are infringing and will not refer to that marks set forth in the allegation of this paragraph as "Infringing Marks" but will refer to said marks as "Accused Marks" with the foregoing in mind OPS admits that Counterclaimaint has a presumption of validity and ownership of the mark that is subject of trademark registration number 3,908,600 providing Counterclaimant with exclusive rights to use said mark in connection with stickers, sticker kits, and decals.  OPS lacks knowledge or information necessary to respond to the allegations that Monster has used its MONSTER Marks in commerce (on the goods listed above) since at least as early as January 2004, long before OPS used its Accused Marks on stickers and denies said allegations therefor.  Finally, OPS denies all other allegations set forth in paragraph 37 of the Counterclaims.

38.  OPS denies that any of the marks it owns relevant to this action are infringing and will not refer to that marks set forth in the allegation of this paragraph as "Infringing Marks" but will refer to said marks as "Accused Marks" with the foregoing in mind OPS lacks knowledge or information necessary to respond to the allegations that "OPS alleges that it sells and/or has sold gift novelties under one or more of the Accused Marks. Dkt. 25 at p. 3-4; Dkt 1. at ,r 7.  For example, OPS filed Trademark Appl. No. 88/568,305 for Infringing Marks for use with gift novelties." and denies said allegations therefor.  OPS admits that it filed Trademark Appl. No. 88/568,305 for the mark

used in connection with retail store services featuring products related to fishing, namely, rods, reels, tackle, bait, knives, books, clothing, footwear, camping equipment, watches, eye glasses,

OUTDOOR PRO SHOP, INC.'S ANSWER TO MONSTER ENERGY COMPANY'S COUNTERCLAIMS

binoculars, and gift novelties and that it first did so at least by October 2008 and denies all other allegations of paragraph 38 of the Counterclaims.

39.  OPS denies that any of the marks it owns relevant to this action are infringing and will not refer to that marks set forth in the allegation of this paragraph as "Infringing Marks" but will refer to said marks as "Accused Marks" with the foregoing in mind OPS admits that Counterclaimaint has a presumption of validity and ownership of the marks that are subject to trademark registration number 4,660,598 ('598 Registration), 3,908,600 ('600 Registration), 5,820,689 ('689 Registration), and 4,332,062 '('062 Registration).  With respect to the '598 Registration, the '600 Registration, and the '062 Registration OPS admits that Counterclaimant has exclusive rights to use the marks that is the subject thereof in connection with gift novelties such as lanyards, stickers, towels and blankets and wrist bands.  With respect to the '689 Registration OPS lacks knowledge or information necessary to respond to the allegations that hat Counterclaimant has exclusive rights to use the marks that is the subject thereof in connection with gift novelties such as lanyards, stickers, towels and blankets and wrist bands and denies the same therefor.  OPS lacks knowledge or information necessary to respond to the allegations about "related goods", because OPS has no idea to what that phrase refers and therefore denies allegations concerning "related goods.  OPS lacks knowledge or information necessary to respond to the allegations concerning the lanyards first used in commerce at least as early as December 2006, stickers first used in commerce at least as early as January 2004, towels and blankets first used in commerce at least as early as July 2003, wrist bands first used in commerce at least as early as December 2006.  OPS lacks knowledge or information necessary to respond to the allegations that '[f]or each of these sub-categories of goods, Monster has used its MONSTER Marks in commerce with those goods since at least as early as the dates indicated above, and long before OPS used its . . . [Accused] Marks on gift novelties" and denies said allegations therefor.  OPS denies the remaining allegations of paragraph 39 of the Counterclaims.

40.  OPS denies that any of the marks it owns relevant to this action are infringing and will not refer to that marks set forth in the allegation of this paragraph as "Infringing Marks" but will refer to said marks as "Accused Marks" with the foregoing in mind OPS admits the allegations of paragraph 40 of the Counterclaims.

41.  OPS denies that any of the marks it owns relevant to this action are infringing and will not refer to that marks set forth in the allegation of this paragraph as "Infringing Marks" but will refer to said marks as "Accused Marks" with the foregoing in mind OPS admits that Counterclaimant has a presumption of validity and ownership of the mark that is the subject of trademark registration number 5,820,689 ('689 Registration).  OPS lacks knowledge or information necessary to respond to the allegations that the mark that is the subject of the '689 Registration provides Counterclaimant with an exclusive right to us said mark in connect with outdoor equipment an activities such as blanket for outdoor use and tents.  OPS lacks knowledge or information necessary to respond to the allegations that Counterclaimant has used its MONSTER Marks in commerce (on the goods listed above) since at least as early as July 2003 and December 2006, respectively, long before OPS used its Accused Marks on retail store services in connection with products for outdoor equipment and activities and denies said allegations therefor.  OPS admits that there is a likelihood of confusion between marks used by Counterclaimant and OPS and denies all remaining allegations in paragraph 41 of the Counterclaims.

42.  OPS lacks knowledge or information necessary to respond to the allegations set for in paragraph 42 of the Counterclaims and denies said allegations therefor.

43.  OPS lacks knowledge or information necessary to respond to the allegations set for in paragraph 43 of the Counterclaims and denies said allegations therefor.

44.  OPS admits it is not affiliated with Counterclaimant and denies the remaining allegations of paragraph 44 of the Counterclaims.

11

45.  OPS admits that there exists a likelihood of confusion, mistake or deception as to the the mark MONSTER used by both OPS and Counterclaimant and denies all other allegations set forth in paragraph 45 of the Counterclaims.

46.  OPS denies the allegations set forth in paragraph 46 of the Counterclaims.

47.  OPS denies the allegations set forth in paragraph 47 of the Counterclaims.

48.  OPS denies the allegations set forth in paragraph 48 of the Counterclaims.

49.  OPS denies the allegations set forth in paragraph 49 of the Counterclaims.

50.  OPS incorporates its responses to paragraphs 1-49 set forth above as if fully set forth herein with respect to the allegations set forth in paragraph 50 of the Counterclaims.

51.  OPS admits the allegations of paragraph 51 of the Counterclaims.

52.  OPS lacks knowledge or information necessary to respond to the allegations set for in paragraph 52 of the Counterclaims and denies said allegations therefor.

53.  OPS denies the allegations set forth in paragraph 53 of the Counterclaims.

54.  OPS denies the allegations set forth in paragraph 54 of the Counterclaims.

55.  OPS denies the allegations set forth in paragraph 55 of the Counterclaims.

56.  OPS admits that it had actual knowledge of a subset of the marks referred to collectively by Counterclaimant as MONSTER Marks and denies the remaining allegations set forth in paragraph 56 of the Counterclaims.

57.  OPS denies the allegations set forth in paragraph 57 of the Counterclaims.

58.  OPS denies the allegations set forth in paragraph 58 of the Counterclaims.

59.  OPS incorporates its responses to paragraphs 1-58 set forth above as if fully set forth herein with respect to the allegations set forth in paragraph 59 of the Counterclaims.

60.  OPS admits the allegations of paragraph 60 of the Counterclaims.

////

////

OUTDOOR PRO SHOP, INC.'S ANSWER TO MONSTER ENERGY COMPANY'S COUNTERCLAIMS

61.  OPS admits that the MONSTER marks have a presumption of validity and are enforceable federally register trademarks and denies all other allegations of paragraph 61 of the Counterclaims.

62.  OPS admits that a subset of the MONSTER Marks is confusingly similar to one of OPS marks and said mark is being used in commerce, without permission from Counterclaimant and is likely to cause confusion and mistake.  OPS lacks knowledge or information necessary to deny the remaining allegations set forth in paragraph 62 of the Counterclaims and denies the same therefor.

63.  OPS denies the allegations set forth in paragraph 63 of the Counterclaims.

64.  OPS admits that it had actual knowledge of a subset of the marks referred to collectively by Counterclaimant as MONSTER Marks and denies the remaining allegations set forth in paragraph 64 of the Counterclaims.

65.  OPS denies the allegations set forth in paragraph 65 of the Counterclaims.

66.  OPS denies the allegations set forth in paragraph 66 of the Counterclaims.

67.  OPS incorporates its responses to paragraphs 1-66 set forth above as if fully set forth herein with respect to the allegations set forth in paragraph 67 of the Counterclaims.

68.  OPS admits the allegations of paragraph 68 of the Counterclaims.

69.  OPS lacks knowledge or information necessary to deny the remaining allegations set forth in paragraph 69 of the Counterclaims and denies the same therefor.

70.  OPS denies the allegations of paragraph 70 of the Counterclaims.

71.  OPS denies the allegations of paragraph 71 of the Counterclaims.

72.  OPS denies the allegations of paragraph 72 of the Counterclaims.

73.  OPS denies the allegations of paragraph 73 of the Counterclaims.

74.  OPS incorporates its responses to paragraphs 1-73 set forth above as if fully set forth herein with respect to the allegations set forth in paragraph 74 of the Counterclaims.

OUTDOOR PRO SHOP, INC.'S ANSWER TO MONSTER ENERGY COMPANY'S COUNTERCLAIMS

75.  OPS admits the allegations of paragraph 75 of the Counterclaims.

76.  OPS denies the allegations of paragraph 76 of the Counterclaims.

77.  OPS denies the allegations of paragraph 77 of the Counterclaims.

78.  OPS denies the allegations of paragraph 78 of the Counterclaims.

79.  OPS denies the allegations of paragraph 79 of the Counterclaims.

80.  OPS denies the allegations of paragraph 80 of the Counterclaims.

81.  OPS incorporates its responses to paragraphs 1-80 set forth above as if fully set forth herein with respect to the allegations set forth in paragraph 81 of the Counterclaims.

82.  OPS admits the allegations of paragraph 82 of the Counterclaims.

83.  OPS denies the allegations of paragraph 83 of the Counterclaims.

84.  OPS denies the allegations of paragraph 84 of the Counterclaims.

85.  OPS denies the allegations of paragraph 85 of the Counterclaims.

## AFFIRMATIVE DEFENSE

In addition to the denials set forth above OPS sets forth the following affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

## ALL COUNTERCLAIMS

## UNCLEAN HANDS

Counterclaimant should not be able to recover on its Counterclaims because it has unclean hands based upon, at best, several of the registrations be void *ab initio* for failing a acquire rights in a mark that was never used in commerce and at worst fraud in the procurement, because the marks that are the subject of the Federal Registrations, OPS is informed and believes were never used in commerce, much less by the date of first use alleged in the registrations. More particularly, registrations referred to in paragraph 9 of Counterclaimant's Counterclaims and shown in Exhibits 1-4 and 14 and 15 are for a word mark MONSTER ENERGY and in not

14

one of the Federal Registrations shown in exhibits 1-4 and 14 has a specimen been shown using said mark apart from the green trident (referred to herein as a GREEN MONSTER CLAW) that the public has become accustomed to be associated with Counterclaimant when used in connection with the words MONSTER ENERGY.  Because the mark used by Counterclaimant, as evidenced by the specimens filed in the aforementioned Federal Registrations, is a word-design composite mark consisting of the words "MONSTER ENERGY" and the "GREEN MONSTER CLAW" and that the "GREEN MONSTER CLAW" is a dominant portion of the mark without which the alleged mark that is the subject of the aforementioned trademark registrations have no commercial impression and furthermore that Counterclaimant has at least obtained undue advantage in advancing a monopoly in the use of the term "MONSTER ENERGY" to which it knew or should have known it has no rights.  Moreover, respect to the State Trademark Registration shown in Exhibit 15 OPS is informed and believes that it too suffers from the same deficiencies as the aforementioned Federal Registrations.  Even assuming that Counterclaimant at one time used the word mark MONSTER ENERGY apart from any other symbol or mark none of the specimens filed to maintain the Federally Registered marks demonstrate in the same and such a failure would constitute abandonment.   This coupled with the fact that a special verdict rendered in a 2018 in action number 5:17-CV-00548 from the Federal District Court for the Central District of California found that Counterclaimant had no common law rights in a mark consisting entirely of a single work MONSTER and that in each of the Federally Registered trademarks that are the subject of aforementioned Exhibits 1-4 Counterclaimant was required to disclaim any right to use energy apart from the mark as shown Counterclaimant has at least obtained undue advantage in advancing a monopoly in the use of the term MONSTER to which it knew or should have known it has no rights.

////

////

OUTDOOR PRO SHOP, INC.'S ANSWER TO MONSTER ENERGY COMPANY'S COUNTERCLAIMS

**SECOND AFFIRMATIVE DEFENSE**

**ALL COUNTERCLAIMS**

**MARKS DO NOT SERVE AS A SOURCE AND/OR QUALITY OF GOODS**

Upon information and belief OPS submits that the actions of Counterclaimant are such that the marks that are the subject of trademark registrations shown in paragraph 9 of Counterclaimant's Counterclaims and Exhibits 1-4 and 14 and 15 attached there are not an indication of the source and quality of the goods, because the marks used by Counterclaimant is materially different than the alleged mark that is the subject of the aforementioned registrations, as evidenced by the specimens filed in the federal registrations that show the mark used by Counterclaimant is a word-design composite mark consisting of the words "MONSTER ENERGY" and the "GREEN MONSTER CLAW" and that the "GREEN MONSTER CLAW" is a dominant portion of the mark without which the alleged mark that is the subject of the aforementioned trademark registrations have no commercial impression because the alleged marks that are the subject of the registrations shown in Exhibits 1-4, 14 and 15 have never been used by Counterclaimant.

**THIRD AFFIRMATIVE DEFENSE**

**ALL COUNTERCLAIMS**

**COUNTERCLAIMANT'S MARKS ARE NOT DISTINCTIVE**

Alternatively, any similarity between the OPS marks and Counterclaimants alleged trademarks that are the subject of the registrations identified in paragraph 9 of Counterclaimant's Counterclaims and Exhibits 1-15 attached thereto are restricted to that portion of the mark MONSTER which is not distinctive. As a result, under the anti-dissection rule any secondary meaning Counterclaimant may have in its alleged trademark "MONSTER" are narrowly circumscribed to the exact trademark alleged and does not extend to any other feature of a trademark beyond the words MONSTER.

**FOURTH AFFIRMATIVE DEFENSE**

**ALL COUNTERCLAIMS**

**LATCHES/ESTOPPEL/ACQUIESCENCE**

OPS has been using its marks and developing consumer recognition and goodwill for nearly two decades, such use being open, notorious and known to Counterclaimant and such knowledge being known, in turn, to OPS.  During this time Counterclaimant failed to take meaningful action to assert the claims on which it bases its Counterclaims, on which inaction OPS has relied to its detriment and said inaction amounts to undue delay that prejudiced to OPS. Counterclaimant counterclaims are consequently barred by the doctrine of laches, acquiescent and/or estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

**ALL COUNTERCLAIMS**

**ABANDONMENT DUE TO LACK OF USE**

Upon information and belief OPS submits that the actions of Counterclaimant are such that marks that are the subject of the trademark registrations shown in paragraph 9 of the Counterclaims and attached thereto as Exhibits 1-4, 14 and 15 have each been abandoned by the Counterclaimant through lack of use for more than three years and/or has been discontinued use with the intent not to continue use of the aforementioned the marks.

**SEVENTH AFFIRMATIVE DEFENSE**

**ALL COUNTERCLAIMS**

**NO LIKELIHOOD OF CONFUSION**

There is no likelihood of confusion, mistake or deception, because, *inter alia*, the alleged marks that are the subject of the registrations marks that are the subject of the trademark registration shown in paragraph 9 of the Counterclaims and attached thereto as Exhibits 1-4, 14 and 15 are weak due to third party uses of one or more of the alleged marks and/or the term

17

MONSTER.

## EIGHTH AFFIRMATIVE DEFENSE

## ALL COUNTERCLAIMS

## STATUE OF LIMITATIONS

Counterclaimants Counterclaims are barred in whole or in part by the applicable statute of limitations.  For example state and Federal Trademark infringement counterclaims are governed by California Code of Civil Procedure section 343 as is the counterclaim for California Common Law Unfair Competition; and the Unfair Competition under California Business and Professions Code sections 17200 et seq. is controlled by California Business and Professions Code section 17208.

## NINTH AFFIRMATIVE DEFENSE

## ALL COUNTERCLAIMS

## INNOCENT USER

OPS adopted its marks and continuously used of its marks on goods and services for which OPS had no knowledge that that Counterclaimant was selling and upon information and belief OPS does not intend to sale and as such OPS' adoption of its marks is innocent continuous and prior to any registration by Counterclaimant of an alleged mark used on goods/service identical to those upon which OPS uses its marks.

## TENTH AFFIRMATIVE DEFENSE

## ALL COUNTERCLAIMS

## NO LIKELIHOOD OF CONFUSION MARKS ARE NOT CONFUSINGLY SIMILAR

There is no likelihood of confusion, mistake or deception, because, *inter alia*, the marks that are the subject of the trademark registrations shown in paragraph 9 of the Counterclaims and attached thereto as Exhibits 1-15 are not confusingly similar to OPS' marks.

////

OUTDOOR PRO SHOP, INC.'S ANSWER TO MONSTER ENERGY COMPANY'S COUNTERCLAIMS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**ELEVENTH AFFIRMATIVE DEFENSE**

**ALL COUNTERCLAIMS**

**NO LIKELIHOOD OF CONFUSION GOODS ARE SUBSTANTIALLY DIFFERENT**

There is no likelihood of confusion, mistake or deception, because, *inter alia*, the goods/services to which the marks that are the subject of the trademark registrations shown in paragraph 9 of the Counterclaims and attached thereto as Exhibits 1-15 are applied are substantially different than the goods and/or services to which OPS' marks are applied.

AND NOW, HAVING FULLY ANSWERED THE COUNTERCLAIMS, OPS Plaintiff/Counter-Defendant, OUTDOOR PRO SHOP, INC. respectfully asks the Court to dismiss Counterclaimants Counterclaims and award Plaintiff/Counter-Defendant its costs in defending these Counterclaims.

Dated: August 10, 2021

/s/Kenneth C. Brooks
LAW OFFICES OF KENNETH C. BROOKS
KENNETH C. BROOKS
Attorney for Plaintiff/Counter-Defendant

OUTDOOR PRO SHOP, INC.'S ANSWER TO MONSTER ENERGY COMPANY'S COUNTERCLAIMS