Steven J. Nataupsky (155,913)
steven.nataupsky@knobbe.com
Lynda J. Zadra-Symes (156,511)
lynda.zadra-symes@knobbe.com
Matthew S. Bellinger (222,228)
matt.bellinger@knobbe.com
Sean M. Murray (213,655)
sean.murray@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Alexander Zeng (317,234)
alexander.zeng@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 551-3458

Attorneys for Defendant
MONSTER ENERGY COMPANY

Kenneth C. Brooks
kcb@brookspatents.com
Law Offices of Kenneth Brooks
5329 Thunder Ridge Circle
Rocklin, CA 95765
408-368-7997
Fax: 877-730-4315

Attorneys for Plaintiff
OUTDOOR PRO SHOP, INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| OUTDOOR PRO SHOP, INC., <br><br> Plaintiff, <br><br> v. <br><br> MONSTER ENERGY COMPANY, <br><br> Defendant. <br><br> AND RELATED COUNTERCLAIMS | No.  5:20-CV-05999-BLF <br><br> Hon. Beth Labson Freeman <br><br> **STIPULATED [PROPOSED] ORDER GOVERNING DISCOVERY OF ELECTRONICALLY STORED INFORMATION** |

## I.      PURPOSE

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Local Rules, this Court's Guidelines for the Discovery of ESI ("ESI Guidelines"), and any other applicable orders and rules. All disclosures and productions made pursuant to this Stipulated Order Governing Discovery of Electronically Stored Information ("ESI Protocol") are subject to any Protective Order or other Orders entered in this matter.

## II.     COOPERATION

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

## III.    LIAISON

The parties have identified their respective ESI Liaisons who are and will be knowledgeable about and responsible for discussing their respective ESI.  Each ESI Liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the ESI Liaison, as needed, to confer about ESI and to help resolve disputes without court intervention. Notwithstanding this provision, confidentiality designations and any court-ordered protections regarding outside counsel shall govern the exchange of ESI.

## IV.     PRESERVATION

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

A.      Only ESI created before the filing of the lawsuit will be preserved;

B.   The parties agree to preserve the following types of ESI: documents (including file extensions .doc, .docx, .xls, .xlsx, .ppt, .pptx, .pdf, .gif, .jpeg, .mov, .mp4, .wmv) and emails.  The parties agree to preserve ESI for all custodians likely to have relevant and responsive information, subject to the limitations contained in Paragraphs IV (A)-(E);

C.   Monster Energy Company agrees to preserve the ESI of the five (5) custodians most likely to possess information relevant to this case and Outdoor Pro Shop, Inc. agrees to preserve the ESI of all of its document custodians, up to a maximum of five (5) custodians;

D.   These data sources are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B) and ESI from these sources will be preserved to the extent possible but not searched, reviewed, or produced:

1.   backup tapes, systems and/or other long-term storage media that were created for use as data back-up or disaster recovery medium;

2.   systems, server and network logs; and

3.   systems no longer in use that cannot be accessed.

E.   Among the sources of data the parties agree are not reasonably accessible, the parties agree not to preserve the following:

1.   information from handsets, mobile devices, personal digital assistants, and tablets that is duplicative of information that resides in a reasonably accessible data source being searched;

2.   legacy data, i.e., information stored in an obsolete format;

3.   temporary data stored in a computer's random access memory (RAM) or other ephemeral data that are difficult to preserve without disabling the operating system and/or automatically stored and purged;

-3-

4.      residual, fragmented, or damaged data accessibly only by forensics;

5.      on-line access data such as temporary Internet files, history, cache, cookies, and the like;

6.      information stored in unallocated space in file systems on magnetic media;

7.      information created or copied during the routine, good-faith performance of processes for the deployment, maintenance, retirement, and disposition of computer equipment that was not used by identified custodians or preserved in another location;

8.      dynamic fields of databases or log files that are not retained in the usual course of business; and

9.      data in metadata fields that are frequently updated automatically, such as last opened dates.

F.      In addition to the above, the parties will continue to meet and confer to identify data sources that:

1.      are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B) where ESI from these sources will be preserved to the extent possible but not searched, reviewed, or produced; and

2.      could contain relevant information but under the proportionality factors set forth in Rule 26(b)(1) should not be preserved

## V.    SEARCH

The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

STIPULATED ORDER RE ESI                                      Case No.: 5:20-CV-05999-BLF

1    The parties agree that for collecting and producing documents in response to
2    a Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer as
3    necessary about methods to search ESI to identify ESI that is subject to production
4    in discovery and filter out ESI that is not subject to discovery.

5    Each party will use its best efforts to filter out common system files and
6    application executable files by using a commercially reasonable hash identification
7    process. Hash values that may be filtered out during this process are located in the
8    National Software Reference Library ("NSRL") NIST hash set list. Additional
9    culling of file types based on file header information may include: Application
10   Package File, Batch Files, Binary Disc Image, C++ File Formats, Configuration File,
11   Compiled Dynamic Link Library, Event Log Files, Compiled Executable Files,
12   Hypertext Cascading Stylesheet, Macintosh Resource Fork Files, Package Manager
13   Files, Program Installers, Python Script Files, Shell Script Files, System or
14   Temporary Files, Thumbnail Cache Files, Troff Files, TrueType Font Files,
15   Windows Cabinet File, Windows Command Files, Windows File Shortcut,
16   Windows Help Files, Windows Metafiles and Enhanced Metafiles, Windows Spool
17   Files, Windows System File as well as backup files containing only the file types
18   above specified.

19   The parties agree that they will discuss and strive to agree upon appropriate
20   data sources and custodians each party believes will possess responsive information,
21   and propose search terms (if appropriate). The parties agree that no more than five
22   (5) custodians per producing party shall be subject to ESI searching and collection.
23   The parties may jointly agree to modify this limit without the Court's leave.  In the
24   event the parties cannot agree to modify the limit, the Court shall consider contested
25   requests for up to three additional custodians per party, upon showing a distinct need
26   based on the size, complexity, and issues of this specific case.  In the event that the
27   producing party proposes to use search terms, it will identify the terms to be utilized;
28   those terms will be subject to negotiation.

-5-

A party shall make reasonable efforts to produce only a single copy of a responsive document, and a party may de-duplicate responsive ESI across Custodians through MD5 hash or SourceHash. However, if a document is de-duplicated, (1) all family relationships must be maintained, (2) families shall be de-duplicated only against families, (3) standalone documents shall not be de-duplicated against documents in families, and (4) the producing party must identify each custodian or source where the document was located, as well as the "All Custodians" field of the produced document.

To the extent that de-duplication is used, the parties expressly agree that a document produced from one custodian's file but not produced from another custodian's file as a result of deduplication will nonetheless be deemed as if produced from that other custodian's file for purposes of deposition, interrogatory, request to admit and/or trial

## VI. PRODUCTION FORMATS

The parties agree that documents may be produced in their native format with all metadata preserved.

Alternatively, the parties may produce documents in the format set forth in the Appendix to this Stipulated Order, which identifies standard production specifications for this case. Under this alternative, documents will be produced in searchable TIFF file format (300 x 300 dpi resolution and 8.5 x 11 inch page size), except for video files, audio files, and Excel/spreadsheet files (unless the Excel/spreadsheet file is redacted), which will be produced in their native format. The parties agree to produce documents containing color in color. Additional details regarding this alternative production format are set forth in the Appendix.

The parties agree to respond to reasonable and specific requests for the production of higher resolution or color images. Nothing in this Stipulation shall preclude a producing party from objecting to such requests as unreasonable in number, timing or scope, provided that a producing party shall not object if the

document as originally produced is illegible or difficult to read. The producing party shall have the option of responding by producing a native-file version of the document. If a dispute arises with regard to requests for higher resolution or color images, the parties will meet and confer in good faith to try to resolve it.

## VII. DOCUMENTS PROTECTED FROM DISCOVERY

A. Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding. Nothing contained herein, however, is intended to limit a party's right to conduct a review of ESI for relevance, responsiveness and/or privilege or other protection from discovery.

B. Communications need not be placed on a privilege log if they are: (i) subject to the attorney-client privilege and/ or work product doctrine (e.g., in light of the subject matter of the document and because no waiver occurred); (ii) exchanged between a party and its in-house counsel, or outside counsel; and (iii) dated on or after March 3, 2020. A producing party that withholds documents on the grounds of attorney-client privilege and/or work product protection shall provide a privilege log in Excel format.

C. Activities undertaken in compliance with the duty to preserve information and at the direction of counsel are protected from discovery pursuant to Fed. R. Civ. P. 26(b)(3)(A) and (B).

D. Nothing in this Order shall be interpreted to require disclosure of irrelevant information or relevant information protected by the

attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity. The parties do not waive any objections to the production, discoverability, admissibility, or confidentiality of documents and ESI.

## VIII.  MODIFICATION

This Stipulated Order may be modified by a Stipulated Order of the parties with or without good cause shown or by the Court for good cause shown.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: October 21. 2021   _/s/ Kenneth C Brooks_
                                          Counsel for Plaintiff

Dated: October 21. 2021   _/s/ Alexander Zeng_
                                          Counsel for Defendant

**PURSUANT TO STIPULATION, IT IS SO ORDERED**.

Dated:

BETH LABSON FREEMAN
UNITED STATES DISTRICT JUDGE

# **APPENDIX**

## **STANDARD PRODUCTION SPECIFICATIONS**

A.    Two load/unitization files shall be provided with all productions:

    1.    **Metadata Import File**:  DAT format, in ASCII format, using Concordance default delimiters to separate the fields and records. A path to the corresponding .TXT file and any documents produced in native format should each be included as a field in the metadata import file.

    2.    **Image Cross-Reference File**:   .OPT format, containing the corresponding image information and indicates page breaks.

B.    The Producing party should produce only one Metadata Import File and (if appropriate) one Image Cross-Reference File per production where feasible.

C.    The Metadata Import File should contain the metadata fields detailed and described in Schedule A and/or Schedule B to this Exhibit, as appropriate.  The Producing Party populate the CUSTODIAN fields for all produced ESI and paper documents.

STIPULATED ORDER RE ESI                                    Case No.: 5:20-CV-05999-BLF

1

**Schedule A**

2 **Metadata Fields for Production of Paper/Scanned/Hardcopy Documents**

3

4

| Field | Definition |
|---|---|
| CUSTODIAN | Name of person from whose files the document is produced |
| BEGBATES | Beginning Bates Number (production number) |
| ENDBATES | End Bates Number (production number) |
| BEGATTACH | First Bates number of family range (i.e., Bates number of the first page) |
| ENDATTACH | Last Bates number of family range (i.e., Bates number of the last page of the last attachment) |
| FOLDER | List any file folder information or other identifier associated with organization of the document by the custodian |
| BOX | If stored or collected in boxes, list Box number/ID |

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED ORDER RE ESI                    Case No.: 5:20-CV-05999-BLF

Schedule B

**Metadata Fields for Production of ESI**

Note: Metadata Field names may vary. The chart below describes the Metadata Fields to be produced in generic, commonly used terms which Producing Party should adapt to the specific types of documents it is producing.

| Field | Definition |
|---|---|
| CUSTODIAN | Name of person from whose files the document is produced |
| BEGBATES | Beginning Bates Number (production number) |
| ENDBATES | End Bates Number (production number) |
| BEG ATTACH | First Bates number of family range (i.e., Bates number of the first page) |
| END ATTACH | Last Bates number of family range (i.e., Bates number of the last page of the last attachment) |
| ATTACH COUNT | Number of attachments to an email |
| ATTACH NAME | Name of each individual attachment |
| FILE SIZE | File Size (bytes) |
| FILETYPE/APPLICATION | Application used to create document |
| FILE EXTENSION | File extension of the native file (e.g., XLS, DOC, PDF) |
| FILE PATH | File source path for all electronically collected documents, which includes location, folder name |
| FILE NAME | File name of the original electronically collected documents |

STIPULATED ORDER RE ESI                    Case No.: 5:20-CV-05999-BLF

| Field | Definition |
|-------|-----------|
| RECORD TYPE | Descriptive field created by the vendor processing software (e.g., email, edoc, image, attachment) |
| CONVERSATION_INDEX | Email thread identifier |
| FROM | Sender of email |
| TO | Recipient of email |
| CC | Additional Recipients of email |
| BCC | Blind Additional Recipients of email |
| SUBJECT | Subject line of email |
| SENSITIVITY | Sensitivity field extracted from native email message or other Outlook item |
| PARENT_DATE | Date of the document or, for attachments, its parent. (mm/dd/yyyy) |
| PARENT_TIME | Time of the document or, for attachments, its parent. |
| DATESENT | Date Sent (mm/dd/yyyy) |
| TIMESENT | Time Sent |
| DATERCVD | Date Received (mm/dd/yyyy) |
| TIMERCVD | Time Received |
| TITLE | Title field value extracted from the metadata of the native file |
| AUTHOR | Creator of document |
| DATECRTD | Creation Date (mm/dd/yyyy) |
| TIMECRTD | Creation Time |
| LASTAUTHOR | Last Saved field contained in the metadata of the native file |
| DATELASTMOD | Last Modified Date (mm/dd/yyyy) |

| Field | Definition |
|---|---|
| TIMELASTMOD | Last Modified Time |
| PROD_VOL | Name of the production volume that includes the parties Bates prefix and the production volume number ("ABC_PROD001", "XYZ_PROD001", etc.) |

STIPULATED ORDER RE ESI          Case No.: 5:20-CV-05999-BLF

1

**ATTESTATION OF E-FILED SIGNATURE**

2   I, Alexander D. Zeng attest that all signatories listed above have read and

3 approved this stipulation and consent to the filing of same in this action.

4          Respectfully submitted,

5          KNOBBE, MARTENS, OLSON & BEAR, LLP

6 Dated:  October 21, 2021   By: */s/  Alexander Zeng*

7           Steven J. Nataupsky
           Lynda J. Zadra-Symes

8           Matthew S. Bellinger
           Sean M. Murray

9           Alexander Zeng

10          Attorneys for Defendant
           MONSTER ENERGY COMP

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-14-

STIPULATED ORDER RE ESI         Case No.: 5:20-CV-05999-BLF