Steven J. Nataupsky (155,913)
steven.nataupsky@knobbe.com
Lynda J. Zadra-Symes (156,511)
lynda.zadra-symes@knobbe.com
Matthew S. Bellinger (222,228)
matt.bellinger@knobbe.com
Sean M. Murray (213,655)
sean.murray@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Alexander Zeng (317,234)
alexander.zeng@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 551-3458

Attorneys for Defendant/Counterclaimant
MONSTER ENERGY COMPANY

Kenneth C. Brooks
kcb@brookspatents.com
Law Offices of Kenneth Brooks
5329 Thunder Ridge Circle
Rocklin, CA 95765
408-368-7997
Fax: 877-730-4315

Attorneys for Plaintiff and
Counter-Defendant
OUTDOOR PRO SHOP, INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| OUTDOOR PRO SHOP, INC., | No. 5:20-CV-05999-BLF Hon. |
| Plaintiff, | Beth Labson Freeman |
| v. | **STIPULATED [PROPOSED] PROTECTIVE ORDER AS MODIFIED BY THE COURT** |
| MONSTER ENERGY COMPANY, | |
| Defendant. | |
| AND RELATED COUNTERCLAIMS | |

1. <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. <u>DEFINITIONS</u>

2.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including,

among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6   <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7   <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u> <u>Information or Items</u>: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8   <u>House Counsel</u>: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9   <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10   <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11   <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13   <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium)

-3-

and their employees and subcontractors.

2.14  <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.15  <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.  <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including

becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.  <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and

1   exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,
2   including the time limits for filing any motions or applications for extension of time
3   pursuant to applicable law.

4   5.   <u>DESIGNATING PROTECTED MATERIAL</u>

5       5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>.
6   Each Party or Non-Party that designates information or items for protection under
7   this Order must take care to limit any such designation to specific material that
8   qualifies under the appropriate standards. To the extent it is practical to do so, the
9   Designating Party must designate for protection only those parts of material,
10  documents, items, or oral or written communications that qualify – so that other
11  portions of the material, documents, items, or communications for which protection
12  is not warranted are not swept unjustifiably within the ambit of this Order.

13      Mass, indiscriminate, or routinized designations are prohibited. Designations
14  that are shown to be clearly unjustified or that have been made for an improper
15  purpose (e.g., to unnecessarily encumber or retard the case development process or
16  to impose unnecessary expenses and burdens on other parties) expose the
17  Designating Party to sanctions.

18      If it comes to a Designating Party's attention that information or items that it
19  designated for protection do not qualify for protection at all or do not qualify for the
20  level of protection initially asserted, that Designating Party must promptly notify all
21  other parties that it is withdrawing the mistaken designation.

22      5.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in
23  this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise
24  stipulated or ordered, Disclosure or Discovery

25      Material that qualifies for protection under this Order must be clearly so
26  designated before the material is disclosed or produced.

27      Designation in conformity with this Order requires:

28          (a)  <u>for information in documentary form</u> (e.g., paper or electronic

-5-

documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is

1    concluded) a right to have up to 21 days to identify the specific portions of the
2    testimony as to which protection is sought and to specify the level of protection being
3    asserted. Only those portions of the testimony that are appropriately designated for
4    protection within the 21 days shall be covered by the provisions of this Stipulated
5    Protective Order. Alternatively, a Designating Party may specify, at the deposition
6    or up to 21 days afterwards if that period is properly invoked, that the entire
7    transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
8    ATTORNEYS' EYES ONLY."

9         Parties shall give the other parties notice if they reasonably expect a
10   deposition, hearing or other proceeding to include Protected Material so that the
11   other parties can ensure that only authorized individuals who have signed the
12   "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those
13   proceedings. The use of a document as an exhibit at a deposition shall not in any
14   way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL
15   – ATTORNEYS' EYES ONLY."

16        Transcripts containing Protected Material shall have an obvious legend on the
17   title page that the transcript contains Protected Material, and the title page shall be
18   followed by a list of all pages (including line numbers as appropriate) that have been
19   designated as Protected Material and the level of protection being asserted by the
20   Designating Party. The Designating Party shall inform the court reporter of these
21   requirements. Any transcript that is prepared before the expiration of a 21-day period
22   for designation shall be treated during that period as if it had been designated
23   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless
24   otherwise agreed. After the expiration of that period, the transcript shall be treated
25   only as actually designated.

26          (c) for information produced in some form other than documentary and
27   for any other tangible items, that the Producing Party affix in a prominent place on
28   the exterior of the container or containers in which the information or item is stored

the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3   <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1   <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2   <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party

an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, *the parties must submit the dispute in accordance with Judge van Keulen's Civil and Discovery Referral Matters Standing Order* ~~the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7~~ (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such *submission must affirm that the parties have* ~~motion must be accompanied by a competent declaration affirming that the movant has~~ complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a *submission* ~~motion including the required declaration~~ within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may ^*initiate a submission in accordance with Judge van Keulen's standing order* ~~file a motion~~ challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any *submission* ~~motion brought~~ pursuant to this provision must ~~be accompanied by a~~ *affirm that the parties have* ~~competent declaration affirming that the movant has~~ complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to *initiate a joint submission* ~~file a motion~~ to retain confidentiality as described above, all parties shall continue to afford the material in question the level

-9-

of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) Counsel for the Receiving Party, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the court and its personnel;

(d) court reporters and their staff;

(e) professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3   <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) Counsel for the Receiving Party, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed];

(d) the court and its personnel;

(e) court reporters and their staff,

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED
        IN OTHER LITIGATION

        If a Party is served with a subpoena or a court order issued in other litigation
that compels disclosure of any information or items designated in this action as
"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
ONLY" that Party must:

        (a) promptly notify in writing the Designating Party. Such notification
shall include a copy of the subpoena or court order;

        (b) promptly notify in writing the party who caused the subpoena or
order to issue in the other litigation that some or all of the material covered by the
subpoena or order is subject to this Protective Order. Such notification shall include
a copy of this Stipulated Protective Order; and

        (c) cooperate with respect to all reasonable procedures sought to be
pursued by the Designating Party whose Protected Material may be affected.

        If the Designating Party timely seeks a protective order, the Party served with
the subpoena or court order shall not produce any information designated in this
action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'
EYES ONLY" before a determination by the court from which the subpoena or order
issued, unless the Party has obtained the Designating Party's permission. The
Designating Party shall bear the burden and expense of seeking protection in that
court of its confidential material – and nothing in these provisions should be
construed as authorizing or encouraging a Receiving Party in this action to disobey
a lawful directive from another court.

9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE
        PRODUCED IN THIS LITIGATION

        (a)      The terms of this Order are applicable to information produced
by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY
CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by

-12-

1    Non-Parties in connection with this litigation is protected by the remedies and relief

2    provided by this Order. Nothing in these provisions should be construed as

3    prohibiting a Non-Party from seeking additional protections.

4         (b)    In the event that a Party is required, by a valid discovery request,

5    to produce a Non-Party's confidential information in its possession, and the Party is

6    subject to an agreement with the Non-Party not to produce the Non-Party's

7    confidential information, then the Party shall:

8         1.   promptly notify in writing the Requesting Party and the Non-

9    Party that some or all of the information requested is subject to a confidentiality

10   agreement with a Non-Party;

11        2.   promptly provide the Non-Party with a copy of the Stipulated

12   Protective Order in this litigation, the relevant discovery request(s), and a reasonably

13   specific description of the information requested; and

14        3.   make the information requested available for inspection by the

15   Non-Party.

16        (c)    If the Non-Party fails to object or seek a protective order from

17   this court within 14 days of receiving the notice and accompanying information, the

18   Receiving Party may produce the Non-Party's confidential information responsive

19   to the discovery request. If the Non-Party timely seeks a protective order, the

20   Receiving Party shall not produce any information in its possession or control that

21   is subject to the confidentiality agreement with the Non-Party before a determination

22   by the court. Absent a court order to the contrary, the Non-Party shall bear the burden

23   and expense of seeking protection in this court of its Protected Material.

24   10.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

25        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

26   Protected Material to any person or in any circumstance not authorized under this

27   Stipulated Protective Order, the Receiving Party must immediately (a) notify in

28   writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

-13-

to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.  The Designating Party reserves all rights to pursue any legal claim and/or damages arising from the unauthorized disclosure of protected materials.

11.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

Pursuant to Federal Rules of Evidence 502(d) and 502(e), and Federal Rule of Civil Procedure 26(b)(5)(B):

The unintentional or inadvertent production of any privileged or work product protected document (including without limitation any Electronically Stored Information ("ESI")) in this Action shall not constitute a waiver in the pending case or in any other federal or state proceeding.

The Receiving Party shall not use documents that the Producing Party asserts is privileged or work product protected ("Privileged Information") to challenge the privilege or protection.

Upon written notice of an unintentional production of Privileged Information by the Producing Party, the Receiving Party must promptly return or destroy the specified materials and any copies thereof, and may not use or disclose the information.  The Producing Party need not prove the elements of any applicable rule in order to establish inadvertent production or disclosure, and the Receiving Party shall not argue that the Producing Party needs to establish inadvertent disclosure, that the Producing Party failed to take reasonable precautions to prevent disclosure, that the Producing Party failed to take reasonably prompt measures to rectify the error once the Producing Party knew or should have known of the disclosure, that the Producing Party failed to notify the Receiving Party of the claim of privilege or protection within a reasonable time; or otherwise argue that the

-14-

production or disclosure of Privileged Information as part of a production in this case had the effect of waiving any privilege or protection.

To the extent that the information contained in a document subject to a claim of inadvertent production has already been used in or described in other documents generated or maintained by the Receiving Party, then the Receiving Party will sequester such Privileged Information until the claim has been resolved.  If the Receiving Party discloses the specified Privileged Information before being notified of its inadvertent production, then the Receiving Party must take reasonable steps to retrieve the information until the claim is resolved.

If any Receiving Party is in receipt of a document or information from a Producing Party that the Receiving Party has reason to believe was Privileged Information unintentionally produced by the Producing Party, the Receiving Party shall take reasonable, good faith steps to sequester the Privileged Information and to notify the Producing Party of its production so the Producing Party can make a determination of whether such materials were unintentionally produced.

The Party returning or destroying any unintentionally produced documents or information may move for an order compelling production of some or all of the documents or information to be returned or destroyed, but the fact that the documents or information were produced inadvertently shall not be deemed to be a waiver of any privilege or protection, and shall not be a basis for compelling production.  In addition, any motion to compel production of documents or information to be returned or destroyed shall not include or reference the specific contents of the unintentionally produced documents.  Nevertheless, nothing in this Order precludes a Receiving Party from challenging the assertion of privilege by motion based on the same grounds that the Receiving Party could have raised if the documents had not been unintentionally produced and a privilege log had been provided instead.

The amount of time and scrutiny the Parties devote to searching for and excluding Privileged Information from their productions is within the sole discretion

of each of them.  Nothing in this Order will be construed or interpreted to limit or reduce or extend the amount of time or scrutiny that a Party should devote to the review of documents prior to their production to identify and prevent Privileged Information from being disclosed.

The mere production of documents (including without limitation ESI) in this Action as part of a mass production shall not itself constitute a waiver for any purpose.

The Producing Party shall provide a privilege log for any inadvertently produced Privileged Information within ten (10) business days of the written notice of its unintentional production.

13.   MISCELLANEOUS

13.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

13.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3   Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is

1  denied by the court, then the Receiving Party may file the Protected Material in the
2  public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by
3  the court.

4  14.    <u>FINAL DISPOSITION</u>

5          Within 60 days after the final disposition of this action, as defined in
6  paragraph 4, each Receiving Party must return all Protected Material to the
7  Producing Party or destroy such material. As used in this subdivision, "all Protected
8  Material" includes all copies, abstracts, compilations, summaries, and any other
9  format reproducing or capturing any of the Protected Material. Whether the
10 Protected Material is returned or destroyed, the Receiving Party must submit a
11 written certification to the Producing Party (and, if not the same person or entity, to
12 the Designating Party) by the 60-day deadline that (1) identifies (by category, where
13 appropriate) all the Protected Material that was returned or destroyed and (2) affirms
14 that the Receiving Party has not retained any copies, abstracts, compilations,
15 summaries or any other format reproducing or capturing any of the Protected
16 Material. Notwithstanding this provision, Counsel are entitled to retain an archival
17 copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal
18 memoranda, correspondence, deposition and trial exhibits, expert reports, attorney
19 work product, and consultant and expert work product, even if such materials contain
20 Protected Material. Any such archival copies that contain or constitute Protected
21 Material remain subject to this Protective Order as set forth in Section 4.

22
23
24
25
26
27
28

PROTECTIVE ORDER                                    Case No.: 5:20-CV-05999-BLF

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: October 21, 2021   */s/ Kenneth C. Brooks*
             Counsel for Plaintiff/Counterclaim Defendant

Dated: October 21, 2021   */s/ Alexander Zeng*
             Counsel for Defendant/Counterclaimant

**PURSUANT TO STIPULATION, IT IS SO ORDERED**.

Dated: November 8, 2021

SUSAN VAN KEULEN
UNITED STATES MAGISTRATE JUDGE

---

PROTECTIVE ORDER       -18-       Case No.: 5:20-CV-05999-BLF

1

## ATTESTATION OF E-FILED SIGNATURE

    I, Alexander D. Zeng attest that all signatories listed above have read and
approved this stipulation and consent to the filing of same in this action.


Dated: October 21, 2021          By: */s/  Alexander Zeng*
                                     Alexander Zeng

PROTECTIVE ORDER                                    Case No.: 5:20-CV-05999-BLF

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read

in its entirety and understand the Stipulated Protective Order that was issued by the United States

District Court for the Northern District of California on [date] in the case of *Outdoor Pro Shop,*

*Inc., v. Monster Energy Company*, No. 5:20-CV-05999-BLF (N.D. Cal.).  I agree to comply with

and to be bound by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment in the nature

of contempt. I solemnly promise that I will not disclose in any manner any information or item

that is subject to this Stipulated Protective Order to any person or entity except in strict compliance

with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for

the Northern District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number]

as my California agent for service of process in connection with this action or any proceedings

related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____
               [printed name]

Signature: _____
               [signature]