# EXHIBIT E

1   Kenneth C Brooks (SBN 167,792)
    Law Offices of Kenneth Brooks
2   5329 Thunder Ridge Circle
    Rocklin, California 95765
3   Tel: 408 368-7997
    Fax: 877 730-4315
4   Attorney for Plaintiff

5

6

7

8                     UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  OUTDOOR PRO SHOP, INC.,              )   Case No.: 5:20-cv-005999-BLF
              Plaintiff,                 )
12        vs.                            )   PLAINTIFF OUTDOOR PRO SHOP, INC.'S
                                         )   RESPONSES TO MONSTER ENERGY
13  MONSTER ENERGY COMPANY,              )   COMPANY'S REQUESTS FOR
                                         )   PRODUCTION OF DOCUMENTS
14        Defendant.                     )
                                         )   SET: ONE
15                                       )
                                         )
16                                       )

17  PROPOUNDING PARTY:   MONSTER ENERGY COMPANY

18  RESPONDING PARTY:    OUTDOOR PRO SHOP, INC.

19  SET NUMBER:          ONE

20        To MONSTER ENERGY COMPANY AND ITS ATTORNEYS OF RECORD:

21        Pursuant to Fed. R. Civ. P. 34(b), OUTDOOR PRO SHOP, INC. hereby responds and

22  object to MONSTER ENERGY COMPANY's SET NUMBER ONE request for production of

23  documents.

24        1. OUTDOOR PRO SHOP, INC. objects to the date on which MONSTER ENERGY

25  COMPANY demands production of responsive documents because it is less than the 30

                                         1

day period for serving a written response set forth in FRCP 34(b). Notwithstanding this objection, in the interest of ensuring that this case proceeds on an expedited basis, OUTDOOR PRO SHOP, INC. will attempt to produce its non-privileged, non objectionable responsive documents on a shortened time schedule. However, OUTDOOR PRO SHOP, INC. reserves its right to produce documents after the 30 day time period.

2. OUTDOOR PRO SHOP, INC. shall respond to the requests as if directed only at documents within its possession, custody or control.

3. This response is based upon documents presently available to and located by OUTDOOR PRO SHOP, INC. and is given without prejudice to OUTDOOR PRO SHOP, INC. right to produce additional documents at a later date should they become located and available as a result of subsequent review of its records or as a result of additional investigation or discovery.

4. By producing or failing to produce some or all of the requested documents, OUTDOOR PRO SHOP, INC. does not concede the relevance or materiality of any request or the subject to which it relates.

5. OUTDOOR PRO SHOP, INC. objects to all requests to the extent they seek documents protected by the attorney-client privilege, attorney work product doctrine or any other applicable privilege.

6. Inadvertent production of privileged information by OUTDOOR PRO SHOP, INC. shall not constitute waiver of any applicable privilege or doctrine, including, but not limited to, objections on the basis of competency, confidentiality, relevancy, materiality, privilege and/or admissibility as evidence as such objections may apply at trial or otherwise in this action.

8. OUTDOOR PRO SHOP, INC. objects to the requests to the extent they call for a duplicate production of documents previously produced to MONSTER ENERGY COMPANY.

2

9. OUTDOOR PRO SHOP, INC. objects to each and every request to the extent they call for information protected by the United States Constitution and any applicable statutes, including, but not limited to, the right of privacy.

10. OUTDOOR PRO SHOP, INC. objects to each and every request based upon the definition of OPS's marks as set forth in the request as no longer being relevant to the action due to its narrow definition in light of the First Amended Complaint on file in the instant action; rather, the definition of OPS's marks is interpreted for purposes of this response so as to include the following marks:

| Trademark | U.S. Trademark Application No. | Filing Date | Date of First Use | Internat'l Class |
|---|---|---|---|---|
| 1. MONSTERFISHINGT ACKLE.COM | 90325371 | Nov. 17, 2020 | at least by May 7, 2008 | 25 apparel namely hats and shirts |
| 2. | 90448706 | Jan. 5, 2021 | at least by Aug. 13, 2020 | 25 apparel namely hats |
| 3. MONSTERFISHINGT ACKLE.COM | 90325312 | Nov. 17, 2020 | at least by Apr. 1, 2008 | 35 |
| 4. MONSTER | 90360319 | Dec. 04, 2020 | at least by Oct. 1, 2008 | 25 apparel namely hats and shirts |
| 5. | 88568305 | Aug. 6, 2019 | at least by Oct. 1, 2008 | 35 Retail store services featuring products |

3

| | | | | |
|---|---|---|---|---|
| | | | | related to fishing, namely, rods, reels, tackle, bait, knives, books, clothing, footwear, camping equipment, watches, eye glasses, binoculars, and gift novelties; Retail store services featuring fishing-related products; On-line retail store services featuring products related to fishing, namely, rods, reels, tackle, bait, knives, books, clothing, footwear, camping equipment, watches, eye glasses, binoculars, and gift novelties; On-line retail store services |

4

| | | | | featuring fishing-related products. |
|---|---|---|---|---|
| 6.  MONSTER | unfiled | unfiled | at least by Apr 25, 2008 | 35 On-line retail store services featuring consumer goods for outdoor activities such as fishing tackle. . |
| 7.  MONSTER FISHING TACKLE | 88448889 | May 28, 2019 | at least by Dec 24, 2008 | 35 On-line retail store services featuring consumers goods for outdoor activities such as fishing tackle. |
| 8.   | unfiled | unfiled | at least by Dec. 24, 2008 | 35 On-line retail store services featuring consumer |

5

| | | | | goods for outdoor activities such as fishing tackle. |
|---|---|---|---|---|
| 9.  | unfiled | unfiled | at least by Dec. 15, 2008 | 35 On-line retail store services featuring consumer goods for outdoor activities such as fishing tackle. |

## SPECIFIC OBJECTIONS AND RESPONSES

REQUEST FOR PRODUCTION NO. 1:

All documents or things evidencing the first use in commerce of each OPS Mark in connection with fishing equipment.

RESPONSE TO NO. 1:

OUTDOOR PRO SHOP, INC. incorporates its General Objections in response to this request. OUTDOOR PRO SHOP, INC. also objects to the request as it seeks documents reciting confidential business information, such as the name and address of purchasers who have acquired goods used in connection with OPS marks. OUTDOOR PRO SHOP, INC. also object to the request as it seeks documents containing private information, including addresses and identities of, as well as amount spent on goods used in connection with OPS marks by, third

1   party non-litigants and may have a chilling effect on free-associational rights of said third party

2   non-litigants.  Without waiving the foregoing objections and in light of the foregoing

3   clarification, OUTDOOR PRO SHOP, INC. will produce documents, including advertisements,

4   redacted invoices/receipts, images of goods showing use of the OPS marks in its possession,

5   custody or control, if any, which are responsive to this request.

6        REQUEST FOR PRODUCTION NO. 2:

7        All documents or things evidencing the first use in commerce of each OPS Mark in

8   connection with sports equipment other than fishing equipment.

9        RESPONSE TO NO. 2:

10       OUTDOOR PRO SHOP, INC. incorporates its General Objections in response to this

11  request.  OUTDOOR PRO SHOP, INC. also objects to this request as being unintelligible

12  resulting from the definition, or lack thereof, provided by MONSTER ENERGY COMPANY for

13  the phrases "sports equipment" and "fishing equipment".  Firstly, it would be a reasonable

14  interpretation to advance "sports equipment" as the genus for the species "fishing equipment" so

15  that the latter is a subset of the former.  Thus, the two will be interpreted as being synonymous

16  for purposes of this request.  OUTDOOR PRO SHOP, INC. also objects to the request as it seeks

17  documents reciting confidential business information, such as the name and address of

18  purchasers who have acquired goods used in connection with OPS marks.  OUTDOOR PRO

19  SHOP, INC. also object to the request as it seeks documents containing private information,

20  including addresses and identities of, as well as amount spent on goods used in connection with

21  OPS marks by, third party non-litigants and may have a chilling effect on free-associational

22  rights of said third party non-litigants.  Without waiving the foregoing objections and in light of

23  the foregoing clarification, OUTDOOR PRO SHOP, INC. will produce documents, including

24  advertisements, redacted invoices/receipts, images of goods showing use of the OPS marks in its

25  possession, custody or control, if any, which are responsive to this request.

7

REQUEST FOR PRODUCTION NO. 3:

All documents or things evidencing the first use in commerce of each OPS Mark in connection with clothing.

RESPONSE TO NO. 3:

OUTDOOR PRO SHOP, INC. incorporates its General Objections in response to this request.  OUTDOOR PRO SHOP, INC. also objects to the request as it seeks documents reciting confidential business information, such as the name and address of purchasers who have acquired goods used in connection with OPS marks.  OUTDOOR PRO SHOP, INC. also object to the request as it seeks documents containing private information, including addresses and identities of, as well as amount spent on goods used in connection with OPS marks by, third party non-litigants and may have a chilling effect on free-associational rights of said third party non-litigants.  Without waiving the foregoing objections and in light of the foregoing clarification, OUTDOOR PRO SHOP, INC. will produce documents, including advertisements, redacted invoices/receipts, images of goods showing use of the OPS marks in its possession, custody or control, if any, which are responsive to this request.

REQUEST FOR PRODUCTION NO. 4:

All documents or things evidencing the first use in commerce of each OPS Marks in connection with hats or other headgear.

RESPONSE TO NO. 4:

OUTDOOR PRO SHOP, INC. incorporates its General Objections in response to this request.  OUTDOOR PRO SHOP, INC. also objects to this request as being unintelligible resulting from the definition, or lack thereof, provided by MONSTER ENERGY COMPANY for the phrase "other head gear".  This may include ear-muffs, head mounted speakers and the like, some of which are in different International Nice Classifications.  OUTDOOR PRO SHOP, INC. shall interpret "other head gear" as meaning visors worn about the head for purposes of this

8

1    request.  OUTDOOR PRO SHOP, INC. also objects to the request as it seeks documents reciting

2    confidential business information, such as the name and address of purchasers who have

3    acquired goods used in connection with OPS marks.  OUTDOOR PRO SHOP, INC. also object

4    to the request as it seeks documents containing private information, including addresses and

5    identities of, as well as amount spent on goods used in connection with OPS marks by, third

6    party non-litigants and may have a chilling effect on free-associational rights of said third party

7    non-litigants.  Without waiving the foregoing objections and in light of the foregoing

8    clarification, OUTDOOR PRO SHOP, INC. will produce documents, including advertisements,

9    redacted invoices/receipts, images of goods showing use of the OPS marks in its possession,

10   custody or control, if any, which are responsive to this request.

11          REQUEST FOR PRODUCTION NO. 5:

12          All documents or things evidencing the first use in commerce of each OPS Mark in

13   connection with footwear.

14          RESPONSE TO NO. 5:

15          OUTDOOR PRO SHOP, INC. incorporates its General Objections in response to this

16   request.  OUTDOOR PRO SHOP, INC. also objects to the request as it seeks documents reciting

17   confidential business information, such as the name and address of purchasers who have

18   acquired goods used in connection with OPS marks.  OUTDOOR PRO SHOP, INC. also object

19   to the request as it seeks documents containing private information, including addresses and

20   identities of, as well as amount spent on goods used in connection with OPS marks by, third

21   party non-litigants and may have a chilling effect on free-associational rights of said third party

22   non-litigants.  Without waiving the foregoing objections and in light of the foregoing

23   clarification, OUTDOOR PRO SHOP, INC. will produce documents, including advertisements,

24   redacted invoices/receipts, images of goods showing use of the OPS marks in its possession,

25   custody or control, if any, which are responsive to this request.

REQUEST FOR PRODUCTION NO. 6:

All documents or things evidencing the first use in commerce of each OPS Mark in connection with tents.

RESPONSE TO NO. 6:

OUTDOOR PRO SHOP, INC. incorporates its General Objections in response to this request and states that upon a reasonable and diligent search there are no documents in within the possession, custody or control of OUTDOOR PRO SHOP, INC. within this category.

REQUEST FOR PRODUCTION NO. 7:

All documents or things evidencing the first use in commerce of each OPS Mark in connection with camping equipment.

RESPONSE TO NO. 7:

OUTDOOR PRO SHOP, INC. incorporates its General Objections in response to this request.  OUTDOOR PRO SHOP, INC. also objects to this request as being unintelligible resulting from the definition, or lack thereof, provided by MONSTER ENERGY COMPANY for the phrase "camping equipment".  This may encompass thousands of items in a myriad of differing International Nice Classifications.  For purposes of this definition this phrase is interpreted as consisting essentially of tents, sleeping pads, sleeping bags, fire starters, portable stoves, pots, utensils, cups and plates.  OUTDOOR PRO SHOP, INC. also objects to the request as it seeks documents reciting confidential business information, such as the name and address of purchasers who have acquired goods used in connection with OPS marks.  OUTDOOR PRO SHOP, INC. also object to the request as it seeks documents containing private information, including addresses and identities of, as well as amount spent on goods used in connection with OPS marks by, third party non-litigants and may have a chilling effect on free-associational rights of said third party non-litigants.  Without waiving the foregoing objections and in light of the foregoing clarification, OUTDOOR PRO SHOP, INC. will produce documents, including

10

1  advertisements, redacted invoices/receipts, images of goods showing use of the OPS marks in its

2  possession, custody or control, if any, which are responsive to this request.

3      REQUEST FOR PRODUCTION NO. 8:

4      All documents or things evidencing the first use in commerce of each OPS Mark in

5  connection with eyewear (e.g., glasses, sunglasses and lanyards).

6      RESPONSE TO NO. 8:

7      OUTDOOR PRO SHOP, INC. incorporates its General Objections in response to this

8  request. Without waiving the foregoing objections and in light of the foregoing clarification,

9  OUTDOOR PRO SHOP, INC. will produce documents, including advertisements, redacted

10  invoices/receipts, images of goods showing use of the OPS marks in its possession, custody or

11  control, if any, which are responsive to this request. OUTDOOR PRO SHOP, INC. also objects

12  to this request as being unintelligible resulting from the definition, or lack thereof, provided by

13  MONSTER ENERGY COMPANY for the phrase "eyewear" coupled with its example "glasses,

14  sunglasses and lanyards"). Firstly, lanyards are not worn on the eye and serve no function with

15  respect to correcting visual acuity or eye health, i.e., they are not in superimposition with the

16  cornea. Secondly, might easily be said that contact lenses are included in eyewear. For purposes

17  of this request, the term "eyewear is interpreted in accordance with California Business and

18  Professions code section 9855(h) as optical products with the understand that eyewear is a device

19  that covers the cornea of the human eye. OUTDOOR PRO SHOP, INC. also objects to the

20  request as it seeks documents reciting confidential business information, such as the name and

21  address of purchasers who have acquired goods used in connection with OPS marks.

22  OUTDOOR PRO SHOP, INC. also object to the request as it seeks documents containing private

23  information, including addresses and identities of, as well as amount spent on goods used in

24  connection with OPS marks by, third party non-litigants and may have a chilling effect on free-

25  associational rights of said third party non-litigants. Without waiving the foregoing objections

11

and in light of the foregoing clarification, OUTDOOR PRO SHOP, INC. will produce documents, including advertisements, redacted invoices/receipts, images of goods showing use of the OPS marks in its possession, custody or control, if any, which are responsive to this request.

REQUEST FOR PRODUCTION NO. 9:

All documents or things evidencing the first use in commerce of each OPS Mark in connection with beverage wear (e.g., mugs, cups, thermoses and bottles).

RESPONSE TO NO. 9:

OUTDOOR PRO SHOP, INC. incorporates its General Objections in response to this request.  OUTDOOR PRO SHOP, INC. also objects to this request as being unintelligible resulting from the definition, or lack thereof, provided by MONSTER ENERGY COMPANY for the phrase "beverage ware" when coupled with the exemplary list "mugs, cups, thermoses and bottles" that are contained in differing Nice Classifications, for example some bottles are contained in Class 11 while other bottles are contained in Class 21.  Thus for purposes of the response to this request "beverage ware" in interpreted as meaning beverage containers that are found in Class 21.  OUTDOOR PRO SHOP, INC. also objects to the request as it seeks documents reciting confidential business information, such as the name and address of purchasers who have acquired goods used in connection with OPS marks.  OUTDOOR PRO SHOP, INC. also object to the request as it seeks documents containing private information, including addresses and identities of, as well as amount spent on goods used in connection with OPS marks by, third party non-litigants and may have a chilling effect on free-associational rights of said third party non-litigants.  Without waiving the foregoing objections and in light of the foregoing clarification, OUTDOOR PRO SHOP, INC. will produce documents, including advertisements, redacted invoices/receipts, images of goods showing use of the OPS marks in its possession, custody or control, if any, which are responsive to this request.

1  REQUEST FOR PRODUCTION NO. 10:

2  All documents or things evidencing the first use in commerce of each OPS Mark in

3  connection with novelty items other than beverage ware.

4  RESPONSE TO NO. 10:

5  OUTDOOR PRO SHOP, INC. objects to this request as being unintelligible resulting

6  from the definition, or lack thereof, provided by MONSTER ENERGY COMPANY for the

7  phrase "novelty items".  OUTDOOR PRO SHOP, INC. has no means by which to reasonably

8  interpret the meaning of this phrase and therefore cannot respond to this request.

9  REQUEST FOR PRODUCTION NO. 11:

10  All documents or things evidencing the first use in commerce of each OPS Mark in

11  connection with brick-and-mortar retail store services.

12  RESPONSE TO NO. 11:

13  OUTDOOR PRO SHOP, INC. incorporates its General Objections in response to this

14  request.  OUTDOOR PRO SHOP, INC. also objects to the request as it seeks documents reciting

15  confidential business information, such as the name and address of purchasers who have

16  acquired goods used in connection with OPS marks.  OUTDOOR PRO SHOP, INC. also object

17  to the request as it seeks documents containing private information, including addresses and

18  identities of, as well as amount spent on goods used in connection with OPS marks by, third

19  party non-litigants and may have a chilling effect on free-associational rights of said third party

20  non-litigants.  Without waiving the foregoing objections and in light of the foregoing

21  clarification, OUTDOOR PRO SHOP, INC. will produce advertisements, redacted invoices,

22  receipts, copies of goods showing use of the OPS marks in its possession, custody or control, if

23  any, which are responsive to this request.

24  ////

25  ////

13

REQUEST FOR PRODUCTION NO. 12:

All documents or things evidencing the first use in commerce of each OPS Mark used in connection with online retail store services.

RESPONSE TO NO. 12:

OUTDOOR PRO SHOP, INC. incorporates its General Objections in response to this request.  OUTDOOR PRO SHOP, INC. also objects to the request as it seeks documents reciting confidential business information, such as the name and address of purchasers who have acquired goods used in connection with OPS marks.  OUTDOOR PRO SHOP, INC. also object to the request as it seeks documents containing private information, including addresses and identities of, as well as amount spent on goods used in connection with OPS marks by, third party non-litigants and may have a chilling effect on free-associational rights of said third party non-litigants.  Without waiving the foregoing objections and in light of the foregoing clarification, OUTDOOR PRO SHOP, INC. will produce advertisements, redacted invoices, receipts, copies of goods showing use of the OPS marks in its possession, custody or control, if any, which are responsive to this request.

REQUEST FOR PRODUCTION NO. 13:

All documents or things evidencing any use of an OPS Mark in commerce on which You will rely to establish trademark rights or trademark priority.

RESPONSE TO NO. 13:

OUTDOOR PRO SHOP, INC. incorporates its General Objections in response to this request.  OUTDOOR PRO SHOP, INC. also objects to this request as being unintelligible because discovery is ongoing and such a decision has not been made, therefore OUTDOOR PRO SHOP, INC. is incapable of knowing what documents satisfy this request.  OUTDOOR PRO SHOP, INC. also objects to this request as violating the prohibition against discovery of attorney work product as a response will require disclosing the mental impressions of OUTDOOR PRO

14

SHOP, INC.'s attorney, as well as conclusions, opinions or legal opinions during the Court of the litigation.  Moreover, as discovery must be constantly updated this will require the attorney to alter the response over time revealing strengths and weakness of OUTDOOR PRO SHOP, INC.'s case.

REQUEST FOR PRODUCTION NO. 14:

All advertisements, catalogs, brochures, mailers, marketing emails, videos, fliers and other marketing materials that OPS purchased or disseminated since 2000.

RESPONSE TO NO. 14:

OUTDOOR PRO SHOP, INC. incorporates its General Objections in response to this request.  OUTDOOR PRO SHOP, INC. also objects to this request as being unintelligible resulting from the definition, or lack thereof, provided by MONSTER ENERGY COMPANY for the phrase "use in commerce".  OUTDOOR PRO SHOP, INC. also objects to this request as being overly broad and burdensome as it will require to reach out to third parties over which it has no control to acquire documents that are over twenty years old as many of the relevant documents are no longer in the possession custody or control of OUTDOOR PRO SHOP, INC. A list of third parties that may have records of the categories of documents that are sought are located at the following newspapers:  Sonoma County Press Democrat; San Francisco Chronicle; Oakland Tribune; Rohnert Park Community Voice; Sonoma Index Tribune; Napa Valley Register; Healdsburg Tribune; Ukiah Daily Journal; The Fish Sniffer; Western Outdoor News; California Sportsman; Salmon Trout Steelhead; Steelhead Journal; The East Bay News; Mercury Times; Marin Independent Journal; The Argus Courier; Alameda Times Star; Tri Valley Herald; Vallejo Times Herald; Fish Taco Chronicles; The Sacramento Bee; Point Reyes Light. OUTDOOR PRO SHOP, INC. also objects to this request as overly broad in that it is not narrowed to seeking information about OUTDOOR PRO SHOP, INC.'s use of OPS marks and rather appears to be an unduly oppressive vacuum of all documents related to OUTDOOR PRO

15

1   SHOP, INC.'s business activity in the last 21 years most of which contains information that is

2   neither relevant to the claims in this action nor reasonably calculated to lead to the discovery of

3   admissible evidence.  The request, on its face, does not distinguished between materials acquired

4   from third parties for purposes of marketing third party goods in marketing in a retail brick and

5   mortar retail establishment from those materials purchased containing OPS marks.  Finally, it is

6   impossible for OUTDOOR PRO SHOP, INC. to know the extent of the documents within this

7   category, because records of the same are not sufficiently maintained so as to know what

8   marketing materials were purchased given the broad scope of the request.  OUTDOOR PRO

9   SHOP, INC. also objects to this request as many of the documents within this category of

10  documents is equally available to MONSTER ENERGY COMPANY through publically

11  available sources, such as the wayback machine, which is located at

12  http://www.waybackmachine.com.  Without waiving the foregoing objections and in light of the

13  foregoing clarification, OUTDOOR PRO SHOP, INC. will produce documents, including

14  advertisements, redacted invoices/receipts, images of goods showing use of the OPS marks in its

15  possession, custody or control, if any, which are responsive to this request.

16

17

18

19

20  LAW OFFICES OF KENNETH C. BROOKS
    KENNETH C. BROOKS
21  Law Office of Kenneth C. Brooks
    5329 Thunder Ridge Circle
22  Rocklin, California 95765
    408 368-7997
23  Attorney for Plaintiff

24

25

16