# EXHIBIT G

1   Steven J. Nataupsky (155,913)
    steven.nataupsky@knobbe.com
2   Lynda J. Zadra-Symes (156,511)
    lynda.zadra-symes@knobbe.com
3   Matthew S. Bellinger (222,228)
    matt.bellinger@knobbe.com
4   Sean M. Murray (213655)
    sean.murray@knobbe.com
5   KNOBBE, MARTENS, OLSON & BEAR, LLP
    2040 Main Street, Fourteenth Floor
6   Irvine, CA  92614
    Telephone: (949) 760-0404
7   Facsimile: (949) 760-9502

8   Alexander Zeng (317,234)
    alexander.zeng@knobbe.com
9   KNOBBE, MARTENS, OLSON & BEAR, LLP
    1925 Century Park East, Suite 600
10  Los Angeles, CA 90067
    Telephone: (310) 551-3450
11  Facsimile: (310) 551-3458

12  *Attorneys for Defendant and Counterclaimant,*
    MONSTER ENERGY COMPANY

13

14          **IN THE UNITED STATES DISTRICT COURT**

15      **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

16                **SAN JOSE DIVISION**

17

18  OUTDOOR PRO SHOP, INC.,          ) No.  5:20-CV-05999-BLF
                                     )
19          Plaintiff,               ) Hon. Beth Labson Freeman
                                     )
20      v.                           )
                                     ) **MONSTER ENERGY**
21  MONSTER ENERGY COMPANY,          ) **COMPANY'S SECOND SET OF**
                                     ) **REQUESTS FOR PRODUCTION**
22          Defendant.               ) **OF DOCUMENTS AND THINGS**
                                     ) **TO PLAINTIFF (NOS. 15-87)**
23  AND ALL COUNTERCLAIMS            )
                                     )
24

25

26

27

28

---

PLAINTIFF'S REQUEST FOR PRODUCTION          Case No.: 5:20-CV-05999-BLF

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Monster Energy Company ("Monster") hereby requests that Plaintiff Outdoor Pro Shop, Inc. ("OPS") respond in writing to the following requests for production of documents and things, separately and fully, and produce the documents and things identified below within thirty (30) days of the date these requests are served.  OPS's responses and production may be made at the offices of Knobbe, Martens, Olson & Bear LLP, located at 1925 Century Park East, Suite 600, Los Angeles, CA 90067.

## **DEFINITIONS**

1.      The terms "OPS," "You," or "Your" mean Plaintiff Outdoor Pro Shop, Inc. and any principal, officer, director, employee, former employee, servant, agent, attorney or other representative acting on its behalf, and shall include any parent, subsidiary, division, predecessor, successor, or affiliate.

2.      The term "Monster" means Monster Energy Company and any principal, officer, director, employee, former employee, servant, agent, attorney or other representative acting on behalf of Monster.

3.       "OPS Marks" means the marks MONSTER FISHING, MONSTER FISHING TACKLE, MONSTERFISHING.COM and any variations thereof.

4.      "Monster Marks" means Monster's marks discussed in paragraph 9 of OPS's First Amended Complaint and Monster's marks discussed in paragraph 9 of Monster's Counterclaims.

5.      "Monster Goods and Services" means Monster's goods and services sold under the Monster Marks.

6.      The term "document" means all original documents or electronically stored information, and all copies or versions thereof (including versions that differ from the original because of notes or translations added to certain copies), encompassed by Rule 1001 of the Federal Rules of Evidence or Rule 34(a) of the

Federal Rules of Civil Procedure, including (without limitation) e-mail, drawings, videos, images and data compilations stored in any medium whatsoever.

7.     "Thing" shall include all tangible objects of any type, composition, construction or nature.

8.     "Use in commerce" is defined in 15 U.S.C. § 1127.

9.     The terms "person," "individual," and "entity" shall include both natural persons and corporate or other business entities, and the acts and knowledge of a person are defined to include the acts and knowledge of that person's directors, officers, members, employees, representatives, agents and attorneys.

10.     The terms "trademark" or "mark" shall include trademarks, service marks, certification marks and trade names as defined in 15 U.S.C. § 1127.

11.     The terms "relating to" or "relate to" shall encompass all express and implied references to the specified person, subject, event or thing and means evidencing, comprising, constituting, reflecting, respecting, concerning, referring, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating, supporting, or tending to negate.

12.     The plural of any term shall be construed as the singular, and vice versa, as necessary and in order to bring within the scope of these requests any information that might otherwise be construed to be outside their scope.

13.     The term "and" or "or" shall be construed both conjunctively and disjunctively, and the plural shall be construed as the singular and vice versa, as necessary to bring within the scope of these Interrogatories all information that otherwise could be deemed outside their scope.

/ / /

/ / /

/ / /

PLAINTIFF'S REQUEST FOR PRODUCTION          Case No.: 5:20-CV-05999-BLF

## REQUESTS FOR PRODUCTION

### First Use of the OPS Marks

**REQUEST FOR PRODUCTION NO. 15:**

All documents or things evidencing the first use in commerce of each OPS Mark in connection with bags.

**REQUEST FOR PRODUCTION NO. 16:**

All documents or things evidencing the first use in commerce of each OPS Mark in connection with stickers.

**REQUEST FOR PRODUCTION NO. 17:**

All documents and things relating to the first use of each OPS Mark anywhere, regardless of whether that use was in commerce.

### The OPS Marks Generally

**REQUEST FOR PRODUCTION NO. 18:**

All documents that mention or refer to an OPS Mark, including documents that mention product names that include an OPS Mark (e.g., "MonsterFishingTackle.com Die-Cut Vinyl Sticker 9"x 3" – White").

**REQUEST FOR PRODUCTION NO. 19:**

All documents relating to the origin, conception, or adoption of the OPS Marks, including, but not limited to, documents relating to how You created, conceived, selected or acquired the OPS Marks.

**REQUEST FOR PRODUCTION NO. 20:**

Documents sufficient to identify all individuals who assisted with or were otherwise involved in the conception, creation, development, derivation, selection, or adoption of the OPS Marks.

PLAINTIFF'S REQUEST FOR PRODUCTION                Case No.: 5:20-CV-05999-BLF

**REQUEST FOR PRODUCTION NO. 21:**

Any physical or electronic files for an OPS Mark, including any design or development files.

**REQUEST FOR PRODUCTION NO. 22:**

All documents relating to any trademark clearance for the OPS marks, or any efforts to determine whether adopting an OPS Mark would conflict with another party's trademark rights, including without limitation any trademark searches regarding the OPS Marks.

**REQUEST FOR PRODUCTION NO. 23:**

All documents relating to OPS's applications to register the OPS Marks or any other trademark containing the word "Monster," including all communications and other documents relating to the decision to seek to register any such trademark.

**REQUEST FOR PRODUCTION NO. 24:**

All documents relating to any objection made by You to a third party's use of a mark containing a variation on the word "Monster," or any objection made by a third party to Your use of an OPS mark.

**REQUEST FOR PRODUCTION NO. 25:**

All documents showing any purported consumer recognition of an OPS Mark as an indication of source for the goods and services sold under that mark.

**REQUEST FOR PRODUCTION NO. 26:**

All documents showing any purported acquired distinctiveness of an OPS Mark.

**REQUEST FOR PRODUCTION NO. 27:**

All documents showing any purported inherent distinctiveness of an OPS Mark.

**REQUEST FOR PRODUCTION NO. 28:**

All documents that relate to branding, brands or trademarks, including any correspondence discussing branding, brands, or trademarks.

**Products and Services Sold Under the OPS Marks**

**REQUEST FOR PRODUCTION NO. 29:**

Documents sufficient to identify all goods or services that have been or will be sold or offered in connection with each OPS Mark.

**REQUEST FOR PRODUCTION NO. 30:**

All documents relating to the launch of any product sold under an OPS Mark, including any email or correspondence relating to such new products.

**REQUEST FOR PRODUCTION NO. 31:**

For each product sold under an OPS Mark, any physical or electronic file that You maintain for the product.

**REQUEST FOR PRODUCTION NO. 32:**

All documents relating to plans to expand the types of goods in connection with which the OPS Marks will be used, including documents relating to a possible expansion that was proposed or under consideration.

**REQUEST FOR PRODUCTION NO. 33:**

All correspondence, agreements, layouts, mock-ups, invoices and other documents exchanged with the manufacturer of each product branded with an OPS Mark.

**REQUEST FOR PRODUCTION NO. 34:**

Documents sufficient to show each city (or alternatively, each zip code) in which a product or service has been sold under an OPS Mark.

**OPS's Advertising and Promotion of Its Products**

**REQUEST FOR PRODUCTION NO. 35:**

Documents sufficient to show each city (or alternatively, each zip code) in which you have advertised or promoted an OPS Mark or a product or service sold under an OPS Mark.

**REQUEST FOR PRODUCTION NO. 36:**

All catalogs, print advertisements and television/radio spots that OPS has distributed or placed since 2000, whether or not they relate to the OPS Marks, and all banners, website ads, social media ads/posts or other promotional items that You have used to promote the OPS Marks since 2000.

**REQUEST FOR PRODUCTION NO. 37:**

All documents and things relating to the marketing, advertising or promotion of the OPS Marks, including marketing plans, marketing budgets, correspondence with ad designers, correspondence with publications and websites, and any physical or electronic marketing files.

**REQUEST FOR PRODUCTION NO. 38:**

Documents sufficient to show OPS's total expenditures since 2000 on advertising, marketing and promotion on an annual basis.

**REQUEST FOR PRODUCTION NO. 39:**

Documents sufficient to show OPS's expenditures since 2000 in each city (or alternatively, each zip code) on advertising, marketing and promotion of the OPS Marks or products or services sold under an OPS Mark.

**REQUEST FOR PRODUCTION NO. 40:**

Documents sufficient to show OPS's expenditures, on an annual basis since 2000, on advertising, marketing and promotion of the OPS Marks or products or services sold under an OPS Mark.

**REQUEST FOR PRODUCTION NO. 41:**

Documents sufficient to identify any trade shows, industry shows, conventions, fishing or boating competitions, other sporting events, or other events in which You displayed or promoted an OPS Mark or sold goods or services under an OPS Mark.

**REQUEST FOR PRODUCTION NO. 42:**

Documents sufficient to show all items bearing an OPS mark that You displayed or sold at a trade show, industry show, convention, fishing or boating competition, other sporting event, or other event.

### **The Marketplace**

**REQUEST FOR PRODUCTION NO. 43:**

All documents relating to the target consumers or intended market(s) for the goods and services that OPS sells under the OPS Marks.

**REQUEST FOR PRODUCTION NO. 44:**

All documents relating to the demographics or classes of persons who purchase (or use) the goods or services that OPS sells under the OPS Marks.

**REQUEST FOR PRODUCTION NO. 45:**

All documents relating to the characteristics of the persons who purchase for the goods and services that OPS sells under the OPS Marks, including documents referring to their gender, education level, or level of sophistication (i.e., understanding or familiarity) with respect to such goods and services.

**REQUEST FOR PRODUCTION NO. 46:**

All documents referring or relating to the degree of care consumers use when purchasing the goods and services that OPS sells under the OPS Marks.

**REQUEST FOR PRODUCTION NO. 47:**

All documents referring or relating to plans to expand the customer base for the goods and services sold under the OPS Marks.

**REQUEST FOR PRODUCTION NO. 48:**

All documents relating to market research performed by or for OPS or otherwise in OPS's possession.

1    **REQUEST FOR PRODUCTION NO. 49:**

2        Documents sufficient to identify every specific channel through which OPS
3    provides goods or services under the OPS Marks, including the name and the address
4    (physical or internet) of that channel.

5    **REQUEST FOR PRODUCTION NO. 50:**

6        Documents sufficient to identify any third-party outlet – including any third-
7    party store, stand, kiosk, website or social-media account – through which you have
8    provided goods or services under an OPS Mark.

9    **REQUEST FOR PRODUCTION NO. 51:**

10        Documents sufficient to identify OPS's competitors with respect to the goods
11    or services that OPS sells under the OPS Marks.

12    **REQUEST FOR PRODUCTION NO. 52:**

13        All correspondence, planning documents, documents discussing the market,
14    reports and comparisons that refer to a specific OPS competitor (with respect to the
15    goods or services that OPS sells under the OPS Marks) or that refer to the
16    competition generally.

17    **REQUEST FOR PRODUCTION NO. 53:**

18        All documents relating to third-party uses of "Monster" on products in any of
19    the product categories listed in Request for Production Nos 1-16.

20
21    **Financial Information Relating to the OPS Marks**

22    **REQUEST FOR PRODUCTION NO. 54:**

23        Documents sufficient to show the wholesale and retail prices, on an annual
24    basis, for each product or service sold under an OPS Mark.

25    **REQUEST FOR PRODUCTION NO. 55:**

26        Documents sufficient to show Your sales in units and dollars, by month, for
27    each product or service sold under an OPS Mark.

28

PLAINTIFF'S REQUEST FOR PRODUCTION    Case No.: 5:20-CV-05999-BLF

**REQUEST FOR PRODUCTION NO. 56:**

Documents sufficient to show Your gross profits, costs and net profits, on an annual basis and before taxes, for each good or service sold under an OPS Mark.

**REQUEST FOR PRODUCTION NO. 57:**

For each product or service sold under an OPS Mark, documents sufficient to show Your total cost associated with that product or service, excluding overhead, as well as the individual components of that cost, including but not limited to manufacturing costs, shipping costs, advertising costs and sales costs.

**REQUEST FOR PRODUCTION NO. 58:**

Your monthly and annual profit and loss statements and income statements since 2000.

**REQUEST FOR PRODUCTION NO. 59:**

Documents and things sufficient to show Your accounting methods for sales, cost allocation, and profits.

**REQUEST FOR PRODUCTION NO. 60:**

All correspondence, reports, planning documents and other documents that refer to the price, cost, profit margin, or sales volume of any product or service sold under an OPS Mark.

**OPS**

**REQUEST FOR PRODUCTION NO. 61:**

Documents sufficient to show OPS's secretary of state filings in each state where it has made such filings.

**REQUEST FOR PRODUCTION NO. 62:**

Documents sufficient to show the corporate structure of OPS.

**REQUEST FOR PRODUCTION NO. 63:**

Documents sufficient to show the nominal and beneficial ownership of OPS, including the portion of OPS owned by each person and entity.

**REQUEST FOR PRODUCTION NO. 64:**

All documents that state or discuss Your policies regarding retention, storage, filing, and destruction of documents.

**REQUEST FOR PRODUCTION NO. 65:**

All documents that relate to any valuation of OPS.

**REQUEST FOR PRODUCTION NO. 66:**

All documents that relate to any offer to invest in OPS.

**REQUEST FOR PRODUCTION NO. 67:**

All documents that relate to any offer to sell or purchase OPS, a part of OPS, or an OPS trademark.

## **Monster and the Monster Marks**

**REQUEST FOR PRODUCTION NO. 68:**

All documents, including email and other correspondence, referring or relating to Monster or Monster's Marks.

**REQUEST FOR PRODUCTION NO. 69:**

All documents and things relating to any Monster Good or Service, including any purchase orders or invoices for a Monster Good or Service.

**REQUEST FOR PRODUCTION NO. 70:**

All documents relating to any communications between You and a consumer relating to Monster, the Monster Marks, or Monster's Goods and Services.

**REQUEST FOR PRODUCTION NO. 71:**

All documents relating to any searches (including trademark searches), research, inquiries or investigations conducted by You or on Your behalf relating to a Monster Mark.

**REQUEST FOR PRODUCTION NO. 72:**

All documents and things relating to any opinions, written or oral, relating to the OPS Marks, Monster, Monster's Marks, and/or Monster's Goods and Services.

PLAINTIFF'S REQUEST FOR PRODUCTION                    Case No.: 5:20-CV-05999-BLF

**REQUEST FOR PRODUCTION NO. 73:**

Any documents concerning misdirected mail, telephone calls, orders, inquiries, social-media posts, or complaints that were directed to You (or anyone distributing Your products) but may have been intended for Monster.

**REQUEST FOR PRODUCTION NO. 74:**

All documents concerning any alleged instance of confusion, mistake, deception, and/or association of any kind between OPS, Monster, OPS's goods and services and/or Monster's Goods and Services.

**REQUEST FOR PRODUCTION NO. 75:**

All documents evidencing or relating to Monster's knowledge of OPS.

**OPS's Allegations in This Case**

**REQUEST FOR PRODUCTION NO. 76:**

All documents that relate to sales or customers you claim to have lost due to the actions of Monster Energy Company.

**REQUEST FOR PRODUCTION NO. 77:**

All documents and things that support or undermine Your allegation that "OUTDOOR PRO SHOP, INC. uses the MONSTER FISHING marks in channels of commerce in several countries around the world making the MONSTER FISHING marks well known trademarks" in paragraph 6 of the First Amended Complaint.

**REQUEST FOR PRODUCTION NO. 78:**

All documents and things that support or undermine the following allegation in paragraph 6 of the First Amended Complaint: "For many years before the events giving rise to this Complaint and continuing to the present, OUTDOOR PRO SHOP, INC. has spent great amounts of time, money, and effort advertising and promoting its goods and services in connection with its MONSTER FISHING marks and has sold and advertises products in connection with MONSTER FISHING marks all

over the world, including throughout the United States and in California. Through this investment and large sales, OUTDOOR PRO SHOP, INC. has created considerable goodwill and a reputation for quality goods and services used in connection with MONSTER FISHING marks."

**REQUEST FOR PRODUCTION NO. 79:**

All documents and things that support or undermine Your allegation that "OUTDOOR PRO SHOP, INC. is informed and believes that the MONSTER FISHING marks 1, 3 and 7 shown in TABLE 1 have acquired distinctiveness" in paragraph 6 of the First Amended Complaint.

**REQUEST FOR PRODUCTION NO. 80:**

All documents and things that support or undermine Your allegation that "Upon information and believe, OUTDOOR PRO SHOP, INC. contends that the MONSTER FISHING marks show in TABLE 1 as 2, 4, 5, 6, 8 and 9 are inherently distinctive" in paragraph 6 of the First Amended Complaint.

**REQUEST FOR PRODUCTION NO. 81:**

All documents and things that support or undermine Your allegation that the "goods of OUTDOOR PRO SHOP, INC. and MONSTER ENERGY COMPANY are through the same channels of trade and offered and sold to the same class of purchasers" as stated in paragraph 9 of the First Amended Complaint and paragraph 9 of the Complaint.

**REQUEST FOR PRODUCTION NO. 82:**

All documents and things that support or undermine Your allegation that "OUTDOOR PRO SHOP, INC.'s use of its MONSTER FISHING marks in the United States pre-dates MONSTER ENERGY COMPANY's use of the M MONSTER ENERGY trademark on many if not all of the goods at issue herein, namely hats and shirts…" as stated in paragraph 11 of the First Amended Complaint.

**REQUEST FOR PRODUCTION NO. 83:**

All documents and things that support or undermine Your allegation that "OUTDOOR PRO SHOP, INC.'s use of its MONSTER FISHING marks in the United States with respect to the other services [other than hats and shirts] used in connection with the MONSTER FISHING marks, e.g., on-line retail store services featuring consumer goods for outdoor activities such as fishing tackle., do not cause confusion with the same class of purchasers and/or do not upon traverse the same channel of trade" as stated in paragraph 11 of the First Amended Complaint.

**REQUEST FOR PRODUCTION NO. 84:**

All documents and things that support or undermine Your allegation that "MONSTER ENERGY COMPANY's use of the term M MONSTER ENERGY will cause a likelihood of confusion as to the source and quality of goods with those provided by OUTDOOR PRO SHOP, INC. under its MONSTER FISHING marks with respect to hats, cups and clothing" as stated in paragraph 11 of the Complaint.

**REQUEST FOR PRODUCTION NO. 85:**

All documents and things that support or undermine Your allegation that "MONSTER ENERGY COMPANY's use of the term M MONSTER ENERGY will cause a likelihood of confusion as to the source and quality of goods with those provided by OUTDOOR PRO SHOP, INC. under its MONSTER FISHING marks with respect to hats and shirts" as stated in paragraph 11 of the First Amended Complaint.

**REQUEST FOR PRODUCTION NO. 86:**

All documents and things that support or undermine Your allegation that, as "a direct and proximate result of MONSTER ENERGY COMPANY's infringing activities, OUTDOOR PRO SHOP, INC. has suffered substantial damage" as stated in paragraph 14 of the First Amended Complaint.

**REQUEST FOR PRODUCTION NO. 87:**

All documents and things that support or undermine Your allegation that "OUTDOOR PRO SHOP, INC. is entitled to injunctive relief and an order that MONSTER ENERGY COMPANY disgorge all profits on the manufacture, use, display or sale of infringing goods" as stated in paragraph 21 of the First Amended Complaint.

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:  August 10, 2021     By:/s/ Alexander Zeng
                                         Steven J. Nataupsky
                                         Lynda J. Zadra-Symes
                                         Matthew S. Bellinger
                                         Sean M. Murray
                                         Alexander Zeng

*Attorneys for Defendant and Counterclaimant,*
MONSTER ENERGY COMPANY

## CERTIFICATE OF SERVICE

I am a citizen of the United States of America and I am employed in Irvine, California.  I am over the age of 18 and not a party to the within action.  My business address is 2040 Main Street, Fourteenth Floor, Irvine, California.

On August 10, 2021, I served the foregoing **MONSTER ENERGY COMPANY'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFF (NOS. 15-87)** on counsel shown below via **EMAIL**:

> **Kenneth C. Brooks**
> Law Offices of Kenneth Brooks
> 5329 Thunder Ridge Circle
> Rocklin, CA 95765
> 408-368-7997
> Fax: 877-730-4315
> Email: kcb@brookspatents.com
>
> *Attorneys for Plaintiff and Counter-Defendant,*
> Outdoor Pro Shop, Inc.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 10, 2021, at Orange County, California.

<u>          */s/ Scott Hobin*          </u>
Scott Hobin