# EXHIBIT H

Kenneth C Brooks (SBN 167,792)
Law Offices of Kenneth Brooks
5329 Thunder Ridge Circle
Rocklin, California 95765
Tel: 408 368-7997
Fax: 877 730-4315
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OUTDOOR PRO SHOP, INC., <br>         Plaintiff, <br>   vs. <br> MONSTER ENERGY COMPANY, <br>         Defendant. | Case No.: 5:20-cv-005999-BLF <br><br> PLAINTIFF OUTDOOR PRO SHOP, INC.'S RESPONSES TO MONSTER ENERGY COMPANY'S INTERROGATORIES <br><br> SET: TWO |

PROPOUNDING PARTY:     MONSTER ENERGY COMPANY

RESPONDING PARTY:     OUTDOOR PRO SHOP, INC.

SET NUMBER:     TWO

    To MONSTER ENERGY COMPANY AND ITS ATTORNEYS OF RECORD:

    Pursuant to Fed. R. Civ. P. 33, OUTDOOR PRO SHOP, INC. hereby responds and object to MONSTER ENERGY COMPANY's SET NUMBER TWO of interrogatories.

    1.   OUTDOOR PRO SHOP, INC. objects to MONSTER ENERGY COMPANY instructions and definitions to the extent they seek disclosure of information protected by the attorney client privilege and/or the attorney work product doctrine. Furthermore, OUTDOOR PRO SHOP, INC. objects to the interrogatories to the extent that they seek information from any

1

and all agents, attorneys, investigators, consultants, experts, and other representatives OUTDOOR PRO SHOP, INC. has retained.

2. OUTDOOR PRO SHOP, INC. objects to each and every interrogatory to the extent that they call for information to which MONSTER ENERGY COMPANY has equal or greater access than OUTDOOR PRO SHOP, INC.

3. OUTDOOR PRO SHOP, INC. objects to each and every interrogatory to the extent that they require OUTDOOR PRO SHOP, INC. to obtain and compile information from third parties.

4. OUTDOOR PRO SHOP, INC objects to MONSTER ENERGY COMPANY's definition of "you" and "your" to the extent that MONSTER ENERGY COMPANY seeks to obtain information outside OUTDOOR PRO SHOP, INC.'s personal knowledge and/or seeks information protected by the attorney client privilege and/or work product doctrine.

6. OUTDOOR PRO SHOP, INC. objects to these interrogatories to the extent that they purport to impose duties and obligations which exceed or are different than those imposed by the Federal Rules of Civil Procedure or Court orders in this action.

7. OUTDOOR PRO SHOP, INC. objects to the interrogatories to the extent they call for a duplicate production of documents previously produced to MONSTER ENERGY COMPANY.

8. OUTDOOR PRO SHOP, INC. objects to each and every interrogatory to the extent they call for information protected by the United States Constitution and any applicable statutes, including, but not limited to, the right of privacy.

9. OUTDOOR PRO SHOP, INC. objects to each and every interrogatory based upon the definition of OPS's marks as set forth in the interrogatories as being too narrow in light of the First Amended Complaint on file in the instant action; rather, the definition of OPS's marks is interpreted for purposes of this response so as to include the following marks as well as the definition set forth in the Interrogatories:

| Trademark | U.S. Trademark Application No. | Filing Date | Date of First Use | Internat'l Class |
|---|---|---|---|---|
| 1. | 90325371 | Nov. 17, 2 | at least by | 25 |

| # | Mark | Serial No. | Filing Date | First Use | Class/Goods |
|---|---|---|---|---|---|
| 1. | MONSTERFISHINGTACKLE.COM | | 2020 | May 7, 2008 | apparel namely hats and shirts |
| 2. | [logo] | 90448706 | Jan. 5, 2021 | at least by Aug. 13, 2020 | 25 apparel namely hats |
| 3. | MONSTERFISHINGTACKLE.COM | 90325312 | Nov. 17, 2020 | at least by Apr. 1, 2008 | 35 |
| 4. | MONSTER | 90360319 | Dec. 04, 2020 | at least by Oct. 1, 2008 | 25 apparel namely hats and shirts |
| 5. | [MONSTER logo] | 88568305 | Aug. 6, 2019 | at least by Oct. 1, 2008 | 35 Retail store services featuring products related to fishing, namely, rods, reels, tackle, bait, knives, books, clothing, footwear, camping equipment, watches, eye glasses, binoculars, and gift novelties; Retail store services |

3

OUTDOOR PRO SHOP, INC.'S RESPONSES TO MONSTER ENERGY COMPANY'S INTERROGATORIES, SET TWO

| | | | | |
|---|---|---|---|---|
| | | | | featuring fishing-related products; On-line retail store services featuring products related to fishing, namely, rods, reels, tackle, bait, knives, books, clothing, footwear, camping equipment, watches, eye glasses, binoculars, and gift novelties; On-line retail store services featuring fishing-related products. |
| 6. MONSTER | unfiled | unfiled | at least by Apr 25, 2008 | 35 On-line retail store services featuring consumer goods for outdoor activities such as fishing |

| | | | | |
|---|---|---|---|---|
| | | | | tackle. . |
| 7. MONSTER FISHING TACKLE | 88448889 | May 28, 2019 | at least by Dec 24, 2008 | 35 On-line retail store services featuring consumers goods for outdoor activities such as fishing tackle. |
| 8. | unfiled | unfiled | at least by Dec. 24, 2008 | 35 On-line retail store services featuring consumer goods for outdoor activities such as fishing tackle. |
| 9. | unfiled | unfiled | at least by Dec. 15, 2008 | 35 On-line retail store services featuring consumer goods for outdoor |

| | | | | activities such as fishing tackle. |
|---|---|---|---|---|

## SPECIFIC OBJECTIONS AND RESPONSES

INTERROGATORY NO. 3:

Describe the facts surrounding Your adoption of the OPS Marks, including, but not limited to, how You conceived, created, selected, cleared, and/or acquired the OPS Marks, whether You conducted a clearance search, the individuals involved and their respective roles, and the production numbers of any documents that corroborate the information provided in Your response.

RESPONSE TO INTERROGATORY NO. 3:

During the life of Kenneth Elie, President and founder of OUTDOOR PRO SHOP, INC. he has witnessed numerous fish catches in a myriad of situations and when a very large or perceived to be large fish was caught the phrase that would be heard or come to mind was "that's a monster fish".  Additionally, over the decades there are countless mentions of monster fish in various fishing journals and write-ups on fishing.  When Mr. Elie decided to establish a business in the fishing industry, in part, due to his love of fishing, and for economic reasons, Mr. Elie settled on fishing related products that he would retail through a retail outlet.  Mr. Elie wanted a suggestive mark that would place in the mind of the average angler that use of the goods sold by OUTDOOR PRO SHOP, INC. would enable one to catch the "MONSTER FISH", while concurrently placing in the mind of the ordinary angler what OUTDOOR PRO SHOP, INC. was selling :fishing tackle; hence, the name monster fishing tackle.

INTERROGATORY NO. 4:

1  Describe the target market(s) and desired customer base(s) for the goods and services
2  sold under the OPS Marks, including by describing the demographic characteristics of the typical
3  person who purchases the product (e.g., gender, age, socioeconomic status, geographic location,
4  education level) and, if different, the demographic characteristics of the typical person who uses
5  the product. If the target market differs depending on the category of good or service, then
6  describe each target market separately.

7  RESPONSE TO INTERROGATORY NO. 4:

8  Any angler of any age of any gender any socio-economic status, geographic location,
9  educational background.  There is no differentiation between any of these categories depending
10 on the category of good or service.

11 INTERROGATORY NO. 5:

12 Describe in detail the manner in which You have advertised, marketed, or promoted the
13 OPS Marks, including by identifying (by name, date and location) the specific events, trade
14 shows, publications, websites or social-media sites where You advertised, marketed, or promoted
15 an OPS Mark (or product/service sold under an OPS Mark), and by providing the production
16 numbers of any documents that evidence the nature of the advertisement or promotion.

17 RESPONSE TO INTERROGATORY NO. 5:

18 OUTDOOR PRO SHOP, INC. objects to this request pursuant to Fed R. Civ. P. 26(b)(1)
19 as being unduly burdensome in that over the last 13 to 14 years OUTDOOR PRO SHOP, INC.
20 has implemented Guerilla Marketing Tactics (GMT) in which representatives thereof would
21 learn about a fishing event, such as the Snag Proof Frog Tournament where it was a co-sponsor
22 from 2000-2006 and was present with booth and banners or show-up on a street corner and
23 handout flyers concerning its goods and services, as well as passing out bumper stickers from the
24 store, as well as and send them to fish clubs as well and there is virtually no written record of the
25 same and having OUTDOOR PRO SHOP, INC.  locate and attempt to ascertain every venue in

which the GMT were implemented is simply unfeasible and without waiving the foregoing objections OUTDOOR PRO SHOP, INC. states there never were any television of radio marketing undertaken by OUTDOOR PRO SHOP, INC. rather, in the early days reliance was placed upon written periodicals and the Internet, with the url for the websites through which OUTDOOR PRO SHOP, INC. marketed being monsterfishingtackle.com and outdoorproshop.com.  In addition the following periodicals published advertisements of OUTDOOR PRO SHOP, INC.:

Sonoma County Press Democrat 1993-to about 2012 every Thursday proximate to the fishing report recited therein.

San Francisco Chronicle 1993-to about 2012 6 to 8 times a year.

Oakland Tribune 2001-2011 about weekly

Rohnert Park Community Voice-1993-to about 2012 once a month.

Sonoma Index Tribune-1993-to about 2012 approximately 6 times annually.

Napa Valley Register-1993-to about 2012 approximately 6 times annually

Healdsburg Tribune-1993-to about 2012 once a month near the fishing column written Hunt Conrad.

Ukiah Daily Journal-1993-to about 2012 a few times a year.

The Fish Sniffer-1993-to about 2012 a few times a year.

Western Outdoor News-1993-to about 2012 a few times a year

California Sportsman-2010- one time

Salmon Trout Steelhead-1993-to about 2012 October, November and December annually

Steelhead Journal-2003-2012 one time a year

The East Bay News-2001-2011

San Jose Mercury Times-2001-to about 2012-monthly advertisement

Marin Independent Journal-1993-to about 2012 quarterly

The Petaluma Argus Courier-1993-to about 2012-monthly

Alameda Times Star-2001-2011 bi-annually

Tri Valley Herald-1993-to about 2012 bi-annually

Vallejo Times Herald-1993-to about 2012 bi-annually

Fish Taco Chronicles-2020 three months

The Sacramento Bee-2003-2012 bi-annually

Point Reyes Light-1993-to about 2012 bi-annually

May have others and will think of them later Ukiah to Sacramento, entire east bay to the entire southbay.

OUTDOOR PRO SHOP, INC. elects to respond to this interrogatory by specifying the following records from which the answer may be derived or ascertained by reference to bates numbers: P000269.

INTERROGATORY NO. 6:

Describe in detail Your expenditures on advertising, marketing and promoting the OPS Marks since 2000, including by identifying, on an annual basis, the total amount You spent and the amount You paid to each third party, and by providing the production numbers of any documents showing that you made a payment to advertise, market or promote the OPS Marks.

RESPONSE TO INTERROGATORY NO. 6:

OUTDOOR PRO SHOP, INC. also objects to the request as it seeks documents reciting confidential business information, such as the name and address of purchasers who have acquired goods used in connection with OPS marks.  OUTDOOR PRO SHOP, INC. elects to respond to this interrogatory by specifying the following records from which the answer may be derived or ascertained by reference to bates numbers: P000221-P000268 and will provide said documents once a confidential agreement is executed between MONSTER ENERGY COMPANY and OUTDOOR PRO SHOP, INC.

INTERROGATORY NO. 7:

Describe all channels of trade through which You have provided goods or services in the United States under the OPS Marks, including by identifying each brick-and-mortar store, website, event or other channel through which such products have been sold, and by identifying documents sufficient to corroborate the information provided in Your response.

RESPONSE TO INTERROGATORY NO. 7:

OUTDOOR PRO SHOP, INC. objects to the request as being unintelligible in view of the phrase "channels of trade " and the dearth of information on the definition provided by MONSTER ENERGY COMPANY so as to make responding to the request unreasonably difficult. Nonetheless, in the spirit of making a meaningful response OUTDOOR PRO SHOP, INC. interprets the phrase "channels of trade" to advertisements and documentation showing sales of goods/services used in connection with OPS Marks.  With that interpretation OUTDOOR PRO SHOP, INC. objects to the request as being duplicative as documents demonstrating the first use of the marks up to today have been previous provided in response to the earlier set of request for production numbers 1-14 propounded by Requesting Party upon OUTDOOR PRO SHOP, INC. OUTDOOR PRO SHOP, INC. also objects to this request pursuant to Fed R. Civ. P. 26(b)(1) as being unduly burdensome in that it would require days of work compiling information from various sources, more particularly the Waybackmachine available at the URL http://web.archive.org/ that is equally available to Requesting Party, which are publically available and supports OUTDOOR PRO SHOP, INC.'s objection that this interrogatory seeks public information that is readily available to MONSTER ENERGY COMPANY.  Without waiving the foregoing objections OUTDOOR PRO SHOP, INC. states that is sells its goods and services through as many channels of trade as possible as it seeks as an ordinary purchaser any angler of any age of any gender any socio-economic status, geographic location, educational background and without differentiation.  To that end, OUTDOOR PRO SHOP, INC.  has

advertised in periodicals and the Internet, with the url for the websites through which OUTDOOR PRO SHOP, INC. marketed being monsterfishingtackle.com and outdoorproshop.com. The following periodicals published advertisements of OUTDOOR PRO SHOP, INC.:

Sonoma County Press Democrat 1993-to about 2012 every Thursday proximate to the fishing report recited therein.

San Francisco Chronicle 1993-to about 2012 6 to 8 times a year.

Oakland Tribune 2001-2011 about weekly

Rohnert Park Community Voice-1993-to about 2012 once a month.

Sonoma Index Tribune-1993-to about 2012 approximately 6 times annually.

Napa Valley Register-1993-to about 2012 approximately 6 times annually

Healdsburg Tribune-1993-to about 2012 once a month near the fishing column written Hunt Conrad.

Ukiah Daily Journal-1993-to about 2012 a few times a year.

The Fish Sniffer-1993-to about 2012 a few times a year.

Western Outdoor News-1993-to about 2012 a few times a year

California Sportsman-2010- one time

Salmon Trout Steelhead-1993-to about 2012 October, November and December annually

Steelhead Journal-2003-2012 one time a year

The East Bay News-2001-2011

San Jose Mercury Times-2001-to about 2012-monthly advertisement

Marin Independent Journal-1993-to about 2012 quarterly

The Petaluma Argus Courier-1993-to about 2012-monthly

Alameda Times Star-2001-2011 bi-annually

Tri Valley Herald-1993-to about 2012 bi-annually

OUTDOOR PRO SHOP, INC.'S RESPONSES TO MONSTER ENERGY COMPANY'S INTERROGATORIES, SET TWO

Vallejo Times Herald-1993-to about 2012 bi-annually

Fish Taco Chronicles-2020 three months

The Sacramento Bee-2003-2012 bi-annually

Point Reyes Light-1993-to about 2012 bi-annually

May have others and will think of them later Ukiah to Sacramento, entire east bay to the entire southbay.

OUTDOOR PRO SHOP, INC. elects to respond to this interrogatory by specifying the following records from which the answer may be derived or ascertained by reference to bates numbers: P000270.

INTERROGATORY NO. 8:

State Your gross profits, costs and net profits, on an annual basis since 2000 and before taxes, for each product (good or service) sold under an OPS Mark (identified by product name and catalog/model number).

RESPONSE TO INTERROGATORY NO. 8:

OUTDOOR PRO SHOP, INC. object to this interrogatory based upon the irrelevance of any information before the creation of the OPS Marks that occurred in 2008 and as a result will not provide information in response to this interrogatory concerning any matters before 2008. OUTDOOR PRO SHOP, INC. also objects to the request as it seeks documents reciting confidential business information, such as the name and address of purchasers who have acquired goods used in connection with OPS marks. OUTDOOR PRO SHOP, INC. elects to respond to this interrogatory by specifying the following records from which the answer may be derived or ascertained by reference to bates numbers: P000221-P000268 and will provide said documents once a confidential agreement is executed between MONSTER ENERGY COMPANY and OUTDOOR PRO SHOP, INC.

INTERROGATORY NO. 9:

Identify OPS's primary competitors with respect to the goods and services sold under the OPS Marks, as well as each competitor's competitive goods and services. If OPS's primary competitors differ depending on the category of good or service, then separately describe OPS's primary competitors in each category.

RESPONSE TO INTERROGATORY NO. 9:

Every single fishing tackle seller including, but not limited to Bass Pro Shop, Tackle Wharehouse, Sportsman Wharehouse, Walmart, Amazon.com.

INTERROGATORY NO. 10:

Describe in detail the factual bases for Your claim that Monster has infringed Your alleged rights in the OPS Marks, including by identifying (by product name or product category) the Monster goods and services that You contend infringe, the specific marks that are allegedly infringed by each Monster product or product category, any facts that support Your view that there is a likelihood of consumer confusion, and any documents that evidence the facts identified in Your response.

RESPONSE TO INTERROGATORY NO. 10:

OUTDOOR PRO SHOP, INC. elects to respond to this interrogatory by specifying the following records from which the answer may be derived or ascertained by reference to bates numbers: P000115-P000220.

INTERROGATORY NO. 11:

Describe in detail any discussions of Monster or its trademarks, whether internal to OPS or with third parties, including any discussions during the creation, design, selection, development, adoption, clearance or approval of the OPS Marks.

RESPONSE TO INTERROGATORY NO. 11:

Apart from Attorney-Client communications resulting from the instant lawsuit and the Opposition filed by MONSTER ENERGY COMPANY to which OUTDOOR PRO SHOP, INC.

objects to providing information thereupon based upon Attorney-Client privilege there has been no discussions of Monster or its trademarks, whether internal to OPS or with third parties, including any discussions during the creation, design, selection, development, adoption, clearance or approval of the OPS Marks, with the exception of discussions with an attorney representing MONSTER ENERGY COMPANY, Clayton Henson, who was handling an opposition filed on behalf of MONSTER ENERGY COMPANY opposing the registration of several marks which did not appear to be in good faith.   OUTDOOR PRO SHOP, INC. also elects to respond to this interrogatory by specifying the following records from which the answer may be derived or ascertained by reference to bates numbers: P000115-P000220.

INTERROGATORY NO. 12:

Describe any instances of actual confusion between (1) You, any OPS Mark, or any good or service sold under an OPS Mark, and (2) Monster, a Monster Mark, or any Monster Good or Service. Your description should include an identification of all persons with knowledge of the alleged incidents and the production numbers all documents relating to the alleged incidents.

RESPONSE TO INTERROGATORY NO. 12:

OUTDOOR PRO SHOP, INC. elects to respond to this interrogatory by specifying the following records from which the answer may be derived or ascertained by reference to bates numbers: P000115-P000220.

INTERROGATORY NO. 13:

For each OPS Mark that You contend has acquired secondary meaning, describe in detail the factual basis for Your contention, including by identifying the date by which you contend the mark acquired secondary meaning and all documents that support Your contention.

RESPONSE TO INTERROGATORY NO. 13:

OUTDOOR PRO SHOP, INC. elects to respond to this interrogatory by specifying the following records from which the answer may be derived or ascertained by reference to bates numbers: P000115-P000220.

INTERROGATORY NO. 14:

Describe in detail the basis for Your claim for damages in this lawsuit, including the form(s) of damages (e.g., lost profits) You are claiming, the method and the basis for computing those damages, the time period for which You are claiming each form of damages, any documents that You contend support Your claim for damages, the identity of any persons with knowledge that supports Your damages claim, and the type of information that each such person possesses.

RESPONSE TO INTERROGATORY NO. 14:

While discovery is continuing and OUTDOOR PRO SHOP, INC. will update its answer to this interrogatory at present the allegations concerning damages are in good faith reliance upon the allegations set forth in its Notice of Opposition filed in Opposition number 91255229 and, at a minimum, the damages will be measured based he Lanham Act provides trademark owners five different types of monetary relief as compensation for infringement: an accounting of an MONSTER ENERGY COMPANY's profits made from infringing OUTDOOR PRO SHOP, INC.'s marks, as well as the damage for the loss of goodwill resulting from the activities of MONSTER ENERGY COMPANY's use of trademarks/service marks that that are substantially similar to OUTDOOR PRO SHOP, INC.s marks and constitutes infringement of the same.  The manner in which the damages will be ascertained will be based upon standard accounting practices and the process and procedures of the Federal Rules of Evidence and Federal Rules of Civil Procedure.

INTERROGATORY NO. 15:

Identify (by name, company, title, address and telephone number) all persons likely to have discoverable information – along with the subjects of that information that supports or refutes the claims or defenses of either party in this action.

RESPONSE TO INTERROGATORY NO. 15:

OUTDOOR PRO SHOP, INC. objects to this interrogatory based upon the same seeking attorney work product, such as information concerning OUTDOOR PRO SHOP, INC. attorney's mental impressions and strategy of the case in so much as it requires a detailed description of the subjects of that information that supports or refutes the claims or defenses of either party in this action.  Without waiving the foregoing objection OUTDOOR PRO SHOP, INC. states:

Bobby Ghajar, Esq., Partner, Cooley LLP, 1333 2nd Street, Ste. 400, Santa Monica, CA 90401, 310 883 6404, bghajar@cooley.com who will possess information concerning the acquisition of the State Trademark Registration to the term Monster and its ownership transfer.

Kenneth Elie the President of the Plaintiff in the instant matter who is available through counsel Kenneth C. Brooks 5329 Thunder Ridge Circle, Rocklin, California 95765: Telephone 408 368-7997. Mr. Kenneth Elie will have discoverable information concerning the matters raised in the complaint.

Patrick Elie the Vice President of the Plaintiff in the instant matter who is available through counsel Kenneth C. Brooks 5329 Thunder Ridge Circle, Rocklin, California 95765: Telephone 408 368-7997.  Mr. Patrick Elie will have discoverable information concerning the matters raised in the complaint.

Timothy Elie Vice President of the Plaintiff who is available through counsel Kenneth C. Brooks 5329 Thunder Ridge Circle, Rocklin, California 95765: Telephone 408 368-7997.  Mr. Timothy Elie will have discoverable information concerning the matters raised in the complaint.

OUTDOOR PRO SHOP, INC.'S RESPONSES TO MONSTER ENERGY COMPANY'S INTERROGATORIES, SET TWO

September 23, 2021

*[signature: Kenneth C. Brooks]*

LAW OFFICES OF KENNETH C. BROOKS
KENNETH C. BROOKS
Law Office of Kenneth C. Brooks
5329 Thunder Ridge Circle
Rocklin, California 95765
408 368-7997
Attorney for Plaintiff

**VERIFICATION**

I declare under penalty of perjury that these responses are true and correct.

Dated: 9-23-2021   Signed: *[signature]*

Kenneth S. Elie
President
OUTDOOR PRO SHOP, INC.

CERTIFICATE OF SERVICE

I am an attorney who is a member of the State Bar of California and of the bar of the Federal Court for the Northern District of California having a place of business at 5329 Thunder Ridge Circle Rocklin, California 95765

On September 23, 2021, I served the PLAINTIFF OUTDOOR PRO SHOP, INC.'S RESPONSES TO MONSTER ENERGY COMPANY'S INTERROGATORIES SET: TWO on counsel shown to the address indicated below:

Alexander Zeng
KNOBBE, MARTENS, OLSON & BEAR, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Email: alexander.zeng@knobbe.com

Attorneys for Defendant/ Counterclaimant, Monster Energy Company

Executed on September 23, 2021, at Placer County, California.

/s/ Kenneth C. Brooks
Kenneth C. Brooks SBN 167,792