# EXHIBIT I

Kenneth C Brooks (SBN 167,792)
Law Offices of Kenneth Brooks
5329 Thunder Ridge Circle
Rocklin, California 95765
Tel: 408 368-7997
Fax: 877 730-4315
Attorney for Plaintiff/Counter-Defendant

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OUTDOOR PRO SHOP, INC., <br>               Plaintiff, <br>     vs. <br><br> MONSTER ENERGY COMPANY, <br><br>        Defendant. | Case No.:  5:20-cv-005999-BLF <br><br> PLAINTIFF OUTDOOR PRO SHOP, INC.'S RESPONSES TO MONSTER ENERGY COMPANY'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 15-87) |

PROPOUNDING PARTY:    MONSTER ENERGY COMPANY

RESPONDING PARTY:      OUTDOOR PRO SHOP, INC.

SET NUMBER:                 TWO

To MONSTER ENERGY COMPANY AND ITS ATTORNEYS OF RECORD:

Pursuant to Fed. R. Civ. P. 34(b), OUTDOOR PRO SHOP, INC. hereby responds and object to MONSTER ENERGY COMPANY's SET NUMBER ONE request for production of documents.

1.  OUTDOOR PRO SHOP, INC. objects to the date on which MONSTER ENERGY COMPANY demands production of responsive documents because it is less than the 30

1

day period for serving a written response set forth in FRCP 34(b).   Notwithstanding this objection, in the interest of ensuring that this case proceeds on an expedited basis, OUTDOOR PRO SHOP, INC. will attempt to produce its non-privileged, non objectionable responsive documents on a shortened time schedule.   However, OUTDOOR PRO SHOP, INC. reserves its right to produce documents after the 30 day time period.

2.   OUTDOOR PRO SHOP, INC. shall respond to the requests as if directed only at documents within its possession, custody or control.

3.   This response is based upon documents presently available to and located by OUTDOOR PRO SHOP, INC. and is given without prejudice to OUTDOOR PRO SHOP, INC. right to produce additional documents at a later date should they become located and available as a result of subsequent review of its records or as a result of additional investigation or discovery.

4.   By producing or failing to produce some or all of the requested documents, OUTDOOR PRO SHOP, INC. does not concede the relevance or materiality of any request or the subject to which it relates.

5.   OUTDOOR PRO SHOP, INC. objects to all requests to the extent they seek documents protected by the attorney-client privilege, attorney work product doctrine or any other applicable privilege.

6.   Inadvertent production of privileged information by OUTDOOR PRO SHOP, INC. shall not constitute waiver of any applicable privilege or doctrine, including, but not limited to, objections on the basis of competency, confidentiality, relevancy, materiality, privilege and/or admissibility as evidence as such objections may apply at trial or otherwise in this action.

8.   OUTDOOR PRO SHOP, INC. objects to the requests to the extent they call for a duplicate production of documents previously produced to MONSTER ENERGY COMPANY.

9.  OUTDOOR PRO SHOP, INC. objects to each and every request to the extent they call for information protected by the United States Constitution and any applicable statutes, including, but not limited to, the right of privacy.

10.  OUTDOOR PRO SHOP, INC. objects to each and every request based upon the definition of OPS's marks as set forth in the request having too narrow of a definition in light of the First Amended Complaint on file in the instant action; rather, the definition of OPS's marks is interpreted for purposes of this response so as to include the following marks, as well as the marks as defined in the requests:

| Trademark | U.S. Trademark Application No. | Filing Date | Date of First Use | Internat'l Class |
|---|---|---|---|---|
| 1. MONSTERFISHINGTACKLE.COM | 90325371 | Nov. 17, 2020 | at least by May 7, 2008 | 25 apparel namely hats and shirts |
| 2. | 90448706 | Jan. 5, 2021 | at least by Aug. 13, 2020 | 25 apparel namely hats |
| 3. MONSTERFISHINGTACKLE.COM | 90325312 | Nov. 17, 2020 | at least by Apr. 1, 2008 | 35 |
| 4. MONSTER | 90360319 | Dec. 04, 2020 | at least by Oct. 1, 2008 | 25 apparel namely hats and shirts |
| 5. | 88568305 | Aug. 6, 2019 | at least by Oct. 1, 2008 | 35 Retail store services featuring products |

3

| | | | | related to fishing, namely, rods, reels, tackle, bait, knives, books, clothing, footwear, camping equipment, watches, eye glasses, binoculars, and gift novelties; Retail store services featuring fishing-related products; On-line retail store services featuring products related to fishing, namely, rods, reels, tackle, bait, knives, books, clothing, footwear, camping equipment, watches, eye glasses, binoculars, and gift novelties; On-line retail store services |
|---|---|---|---|---|

4

| | | | | featuring fishing-related products. |
|---|---|---|---|---|
| 6. MONSTER | unfiled | unfiled | at least by Apr 25, 2008 | 35 On-line retail store services featuring consumer goods for outdoor activities such as fishing tackle. . |
| 7. MONSTER FISHING TACKLE | 88448889 | May 28, 2019 | at least by Dec 24, 2008 | 35 On-line retail store services featuring consumers goods for outdoor activities such as fishing tackle. |
| 8. | unfiled | unfiled | at least by Dec. 24, 2008 | 35 On-line retail store services featuring consumer |

5

| | | | | goods for outdoor activities such as fishing tackle. |
|---|---|---|---|---|
| 9. | unfiled | unfiled | at least by Dec. 15, 2008 | 35 On-line retail store services featuring consumer goods for outdoor activities such as fishing tackle. |

**SPECIFIC OBJECTIONS AND RESPONSES**

REQUEST FOR PRODUCTION NO. 15:

All documents or things evidencing the first use in commerce of each OPS Mark in connection with bags.

RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

OUTDOOR PRO SHOP, INC. incorporates its General Objections in response to this request.  OUTDOOR PRO SHOP, INC. also objects to this request as being unintelligible, because the term "evidencing" is not defined and it is unknown what is meant by this term.  In furtherance of providing a good faith response to this request OUTDOOR PRO SHOP, INC. interprets the term "evidencing" as "showing".  OUTDOOR PRO SHOP, INC. also objects to this request as being unintelligible, because the term "bags" is not defined and it is unknown

6

what Requesting Party means by this term as the definition of bags can mean anything from a paper bag to a back pack.  Additionally, OUTDOOR PRO SHOP, INC. objects to this request as calling for a duplicate production of documents already provided in response to Request for Production number 7.  Without waiving the foregoing objections and in light of the foregoing clarification, OUTDOOR PRO SHOP, INC. will produce documents, including copies of pending trademark/ service mark applications and associated documents in its possession, custody or control, which are responsive to this request.

REQUEST FOR PRODUCTION NO. 16:

All documents or things evidencing the first use in commerce of each OPS Mark in connection with stickers.

RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

OUTDOOR PRO SHOP, INC. incorporates its General Objections in response to this request.  OUTDOOR PRO SHOP, INC. also objects to this request as being unintelligible, because the term "evidencing" is not defined and it is unknown what is meant by this term.  In furtherance of providing a good faith response to this request OUTDOOR PRO SHOP, INC. interprets the term "evidencing" as "showing".  In addition, several of documents that satisfies this request are no longer in existence, because they were of a limited run and early on in the existence of OUTDOOR PRO SHOP, INC. fliers and stickers and other promotional materials were delivered by hand and much of the record concerning the same are no longer in existence or within the custody, possession or control of OUTDOOR PRO SHOP, INC.  With respect to documents and things within possession custody or control of OUTDOOR PRO SHOP, INC. and without waiving the foregoing objections and in light of the foregoing clarification, OUTDOOR PRO SHOP, INC. will produce documents, copies of exemplar stickers showing the OPS Marks, as well as copies of trademark applications, in its possession, custody or control that are responsive to this request.

1

2

3

REQUEST FOR PRODUCTION NO. 17:

All documents and things relating to the first use of each OPS Mark anywhere, regardless of whether that use was in commerce.

4

RESPONSE TO REQUEST FOR PRODUCTION NO. 17:

5

OUTDOOR PRO SHOP, INC. incorporates its General Objections in response to this request and more specifically, Attorney-Client communications, such as communications between OUTDOOR PRO SHOP, INC. and its attorneys with respect to the preparation and filing of United States Trademark Applications for said marks and related to the instant action, as well as attorney work product, such as notes and mental impressions of the attorney with respect to the attorney's representation of OUTDOOR PRO SHOP, INC. in the instant matter and before the United States Trademark Office, none of which will be produced.  OUTDOOR PRO SHOP, INC. also objects to this request as being unintelligible, because the term "evidencing" is not defined and it is unknown what is meant by this term.  In furtherance of providing a good faith response to this request OUTDOOR PRO SHOP, INC. interprets the term "evidencing" as "showing".  In addition, upon a reasonable and diligent search there are some of the that would satisfy request are not within the possession, custody or control of OUTDOOR PRO SHOP, INC. as the same are no longer in existence, because they were of a limited run and early on in the existence of OUTDOOR PRO SHOP, INC. fliers and stickers and other promotional materials were delivered by hand and much of the record concerning the same are no longer in existence.  With respect to documents and things with possession custody or control of OUTDOOR PRO SHOP, INC. and without waiving the foregoing objections and in light of the foregoing clarification, OUTDOOR PRO SHOP, INC. will produce documents, copies of exemplar stickers showing the OPS Marks, as well as copies of trademark applications.

REQUEST FOR PRODUCTION NO. 18:

8

All documents that mention or refer to an OPS Mark, including documents that mention product names that include an OPS Mark (e.g., "MonsterFishingTackle.com Die-Cut Vinyl Sticker 9"x 3" – White").

RESPONSE TO REQUEST FOR PRODUCTION NO. 18:

OUTDOOR PRO SHOP, INC. incorporates its General Objections in response to this request and more specifically, Attorney-Client communications, such as communications between OUTDOOR PRO SHOP, INC. and its attorneys with respect to the preparation and filing of United States Trademark Applications for said marks and related to the instant action, as well as attorney work product, such as notes and mental impressions of the attorney with respect to the attorney's representation of OUTDOOR PRO SHOP, INC. in the instant matter and before the United States Trademark Office, none of which will be produced.  In addition, upon a reasonable and diligent search there are some of the that would satisfy request are not within the possession, custody or control of OUTDOOR PRO SHOP, INC. as the same are no longer in existence, because they were of a limited run and early on in the existence of OUTDOOR PRO SHOP, INC. fliers and stickers and other promotional materials were delivered by hand and much of the record concerning the same are no longer in existence.  OUTDOOR PRO SHOP, INC. also objects to this request pursuant to Fed. R. Civ. P. 26(b)(1) as being unduly burdensome in that it would require several days of work compiling information from various sources, more particularly the Waybackmachine available at the URL http://web.archive.org/ that is equally available to requesting party and will not be produced therefor..  With respect to documents and things within the possession custody or control of OUTDOOR PRO SHOP, INC. and without waiving the foregoing objections and in light of the foregoing clarification, OUTDOOR PRO SHOP, INC. will produce documents, such as pending trademark/ service mark applications and associated documents.  Additionally, OUTDOOR PRO SHOP, INC. will produce a compilation set forth in an Excel spreadsheet including 163,151 entries showing products sold on the website

of OUTDOOR PRO SHOP, INC. once a confidentiality agreement is set forth as disclosure of this material is objected to as contained highly confidential and proprietary business information of OUTDOOR PRO SHOP, INC.

REQUEST FOR PRODUCTION NO. 19:

All documents relating to the origin, conception, or adoption of the OPS Marks, including, but not limited to, documents relating to how You created, conceived, selected or acquired the OPS Marks.

RESPONSE TO REQUEST FOR PRODUCTION NO. 19:

OUTDOOR PRO SHOP, INC. incorporates its General Objections in response to this request and more specifically, Attorney-Client communications, such as communications between OUTDOOR PRO SHOP, INC. and its attorneys with respect to the preparation and filing of United States Trademark Applications for said marks and related to the instant action, as well as attorney work product, such as notes and mental impressions of the attorney with respect to the attorney's representation of OUTDOOR PRO SHOP, INC. in the instant matter and before the United States Trademark Office, none of which will be produced.  In addition, upon a reasonable and diligent search there are some of the that would satisfy request are not within the possession, custody or control of OUTDOOR PRO SHOP, INC. as the same are no longer in existence, because the concept resulted from decades of familiarity of the fishing trade, including magazines, newspaper reports and other documentation ordinarily perceived at fishing activities which were not collected or stored.   OUTDOOR PRO SHOP, INC. also objects to this request pursuant to Fed R. Civ. P. 26(b)(1) as being unduly burdensome in that it would require days of work compiling information from various sources, more particularly the Waybackmachine available at the URL http://web.archive.org/ that is equally available to requesting party and will not be produced therefor..  With respect to documents and things with possession custody or control of OUTDOOR PRO SHOP, INC. and without waiving the foregoing objections and in

10

light of the foregoing clarification, OUTDOOR PRO SHOP, INC. will produce documents, such as pending trademark/ service mark applications and associated documents.  Additionally, OUTDOOR PRO SHOP, INC. will produce a compilation set forth in an Excel spreadsheet including 163,151 entries showing products sold on the website of OUTDOOR PRO SHOP, INC. once a confidentiality agreement is set forth as disclosure of this material is objected to as contained highly confidential and proprietary business information of OUTDOOR PRO SHOP, INC.

REQUEST FOR PRODUCTION NO. 20:

Documents sufficient to identify all individuals who assisted with or were otherwise involved in the conception, creation, development, derivation, selection, or adoption of the OPS Marks.

RESPONSE TO REQUEST FOR PRODUCTION NO. 20:

OUTDOOR PRO SHOP, INC. objects to this request as being unintelligible, because it is uncertain if it seeks to have OUTDOOR PRO SHOP, INC. name individuals who were part of said request or produce documents showing how/that individuals assisted with or were otherwise involved in the conception, creation, development, derivation, selection or adoption of the OPS Marks.  If the request is directed to the former upon a reasonable and diligent search there are no documents in the possession, custody or control of OUTDOOR PRO SHOP, INC. as the same never existed.  If reference is to the latter, OUTDOOR PRO SHOP, INC. objects to this request as being improper as it does not seek documents; rather, it seeks facts and should be the subject of an interrogatory, because the same would require fabrication of a document that OUTDOOR PRO SHOP, INC. does not generate or maintain in the normal course of business.

REQUEST FOR PRODUCTION NO. 21:

Any physical or electronic files for an OPS Mark, including any design or development files.

RESPONSE TO REQUEST FOR PRODUCTION NO. 21

OUTDOOR PRO SHOP, INC. incorporates its General Objections in response to this request and more specifically, Attorney-Client communications, such as communications between OUTDOOR PRO SHOP, INC. and its attorneys with respect to the preparation and filing of United States Trademark Applications for said marks and related to the instant action, as well as attorney work product, such as notes and mental impressions of the attorney with respect to the attorney's representation of OUTDOOR PRO SHOP, INC. in the instant matter and before the United States Trademark Office, none of which will be produced.  Additionally, OUTDOOR PRO SHOP, INC. also objects to this request as being unintelligible resulting from the definition, or lack thereof, provided by MONSTER ENERGY COMPANY for the phrases "design or development files".  OUTDOOR PRO SHOP, INC. interprets this phrase a meaning copies of the evolution of the OPS Marks from inception to present day.  In light of the foregoing interpretation of the phrase "design or development files" OUTDOOR PRO SHOP, INC. objects to the request as being duplicative as documents demonstrating the first use of the marks up to today have been previous provided in response to the earlier set of request for production numbers 1-14 propounded by Requesting Party upon OUTDOOR PRO SHOP, INC. OUTDOOR PRO SHOP, INC. also objects to this request pursuant to Fed R. Civ. P. 26(b)(1) as being unduly burdensome in that it would require days of work compiling information from various sources, more particularly the Waybackmachine available at the URL http://web.archive.org/ that is equally available to requesting party and will not be produced therefor..  With respect to documents and things within possession custody or control of OUTDOOR PRO SHOP, INC. and without waiving the foregoing objections and in light of the foregoing clarification, OUTDOOR PRO SHOP, INC. will produce documents, such as pending trademark/ service mark applications and associated documents.

REQUEST FOR PRODUCTION NO. 22:

All documents relating to any trademark clearance for the OPS marks, or any efforts to determine whether adopting an OPS Mark would conflict with another party's trademark rights, including without limitation any trademark searches regarding the OPS Marks.

RESPONSE TO REQUEST FOR PRODUCTION NO. 22:

OUTDOOR PRO SHOP, INC. also objects to this request as being unintelligible due to its vagueness as to time particularly with respect to trademark searches, because trademark searches have been undertaken by Trademark Examiners of the United States patent and trademark office. However, OUTDOOR PRO SHOP, INC. interprets the request a seeking documents related to pre-adoption of the OPS Marks by OUTDOOR PRO SHOP, INC. and not trademark searches that occurred after adoption of the OPS Marks.  In light of the foregoing interpretation OUTDOOR PRO SHOP, INC. states that upon a reasonable and diligent search there are no documents in the possession, custody or control of OUTDOOR PRO SHOP, INC. as the same never existed.

REQUEST FOR PRODUCTION NO. 23:

All documents relating to OPS's applications to register the OPS Marks or any other trademark containing the word "Monster," including all communications and other documents relating to the decision to seek to register any such trademark.

RESPONSE TO REQUEST FOR PRODUCTION NO. 23:

OUTDOOR PRO SHOP, INC. incorporates its General Objections in response to this request.  OUTDOOR PRO SHOP, INC. also objects to this request as being unintelligible resulting from the definition, or lack thereof, provided by MONSTER ENERGY COMPANY for the phrase "applications to register ".  OUTDOOR PRO SHOP, INC. interpret this phrase as meaning trademark applications filed with the United States Trademark Office in furtherance of registering a mark on the Principle Register thereof.  Additionally, OUTDOOR PRO SHOP, INC. objects based upon this request seeking documents containing Attorney-Client

13

communications, such as communications between OUTDOOR PRO SHOP, INC. and its

attorneys with respect to the preparation and filing of United States Trademark Applications for

said marks and related to the instant action, as well as attorney work product, such as notes and

mental impressions of the attorney with respect to the attorney's representation of OUTDOOR

PRO SHOP, INC. in the instant matter and before the United States Trademark Office, none of

which will be produced.  Without waiving the foregoing objections and in light of the foregoing

clarification, OUTDOOR PRO SHOP, INC. will produce documents within its possession,

custody or control that satisfy this request.

REQUEST FOR PRODUCTION NO. 24:

All documents relating to any objection made by You to a third party's use of a mark

containing a variation on the word "Monster," or any objection made by a third party to Your use

of an OPS mark.

RESPONSE TO REQUEST FOR PRODUCTION NO. 24:

OUTDOOR PRO SHOP, INC. incorporates its General Objections in response to this

request.  OUTDOOR PRO SHOP, INC. also objects to this request as being unintelligible

resulting from the definition, or lack thereof, provided by MONSTER ENERGY COMPANY for

the phrase ".  OUTDOOR PRO SHOP, INC. is left to guess as to the meaning of of this phrase,

because variation of a mark could mean anything.  As a result the phase will be interpreted as

any mark using the term MONSTER.  Additionally, OUTDOOR PRO SHOP, INC. objects

based upon this request seeking documents containing Attorney-Client communications, such as

communications between OUTDOOR PRO SHOP, INC. and its attorneys with respect to the

preparation and filing of United States Trademark Applications for said marks and related to the

instant action, as well as attorney work product, such as notes and mental impressions of the

attorney with respect to the attorney's representation of OUTDOOR PRO SHOP, INC. in the

instant matter and before the United States Trademark Office, none of which will be produced.

14

Without waiving the foregoing objections and in light of the foregoing clarification, OUTDOOR PRO SHOP, INC. will produce documents within its possession, custody or control that satisfy this request.

REQUEST FOR PRODUCTION NO. 25:

All documents showing any purported consumer recognition of an OPS Mark as an indication of source for the goods and services sold under that mark.

RESPONSE TO REQUEST FOR PRODUCTION NO. 25:

OUTDOOR PRO SHOP, INC. incorporates its General Objections in response to this request and more particularly based upon this request seeking documents containing Attorney-Client communications, such as communications between OUTDOOR PRO SHOP, INC. and its attorneys with respect to the preparation and filing of United States Trademark Applications for said marks and related to the instant action, as well as attorney work product, such as notes and mental impressions of the attorney with respect to the attorney's representation of OUTDOOR PRO SHOP, INC. in the instant matter and before the United States Trademark Office, none of which will be produced.  OUTDOOR PRO SHOP, INC. also objects to this request as being duplicative as many of the documents that satisfy this request have already been provided to Requesting Party in response to its request for production numbers 1-14.  OUTDOOR PRO SHOP, INC. also objects to this request pursuant to Fed R. Civ. P. 26(b)(1) as being unduly burdensome in that it would require days of work compiling information from various sources, more particularly the Waybackmachine available at the URL http://web.archive.org/ that is equally available to requesting party and will not be produced therefor..  Without waiving the foregoing objections and in light of the foregoing clarification, OUTDOOR PRO SHOP, INC. will produce documents within its possession, custody or control that satisfy this request.

REQUEST FOR PRODUCTION NO. 26:

All documents showing any purported acquired distinctiveness of an OPS Mark.

RESPONSE TO REQUEST FOR PRODUCTION NO. 26:

OUTDOOR PRO SHOP, INC. incorporates its General Objections in response to this request and more particularly based upon this request seeking documents containing Attorney-Client communications, such as communications between OUTDOOR PRO SHOP, INC. and its attorneys with respect to the preparation and filing of United States Trademark Applications for said marks and related to the instant action, as well as attorney work product, such as notes and mental impressions of the attorney with respect to the attorney's representation of OUTDOOR PRO SHOP, INC. in the instant matter and before the United States Trademark Office, none of which will be produced.  OUTDOOR PRO SHOP, INC. also objects to this request as being duplicative as many of the documents that satisfy this request have already been provided to Requesting Party in response to its request for production numbers 1-14.  OUTDOOR PRO SHOP, INC. also objects to this request pursuant to Fed R. Civ. P. 26(b)(1) as being unduly burdensome in that it would require days of work compiling information from various sources, more particularly the Waybackmachine available at the URL http://web.archive.org/ that is equally available to requesting party and will not be produced therefor..  Without waiving the foregoing objections and in light of the foregoing clarification, OUTDOOR PRO SHOP, INC. will produce documents within its possession, custody or control that satisfy this request.

REQUEST FOR PRODUCTION NO. 27:

All documents showing any purported inherent distinctiveness of an OPS Mark.

RESPONSE TO REQUEST FOR PRODUCTION NO. 27:

OUTDOOR PRO SHOP, INC. incorporates its General Objections in response to this request and more particularly based upon this request seeking documents containing Attorney-Client communications, such as communications between OUTDOOR PRO SHOP, INC. and its attorneys with respect to the preparation and filing of United States Trademark Applications for

said marks and related to the instant action, as well as attorney work product, such as notes and mental impressions of the attorney with respect to the attorney's representation of OUTDOOR PRO SHOP, INC. in the instant matter and before the United States Trademark Office, none of which will be produced.  OUTDOOR PRO SHOP, INC. also objects to this request as being duplicative as many of the documents that satisfy this request have already been provided to Requesting Party in response to its request for production numbers 1-14.  OUTDOOR PRO SHOP, INC. also objects to this request pursuant to Fed R. Civ. P. 26(b)(1) as being unduly burdensome in that it would require days of work compiling information from various sources, more particularly the Waybackmachine available at the URL http://web.archive.org/ that is equally available to requesting party and will not be produced therefor..  Without waiving the foregoing objections and in light of the foregoing clarification, OUTDOOR PRO SHOP, INC. will produce documents within its possession, custody or control that satisfy this request.

REQUEST FOR PRODUCTION NO. 28:

All documents that relate to branding, brands or trademarks, including any correspondence discussing branding, brands, or trademarks.

RESPONSE TO REQUEST FOR PRODUCTION NO. 28:

OUTDOOR PRO SHOP, INC. incorporates its General Objections in response to this request and more particularly based upon this request seeking documents containing Attorney-Client communications, such as communications between OUTDOOR PRO SHOP, INC. and its attorneys with respect to the preparation and filing of United States Trademark Applications for said marks and related to the instant action, as well as attorney work product, such as notes and mental impressions of the attorney with respect to the attorney's representation of OUTDOOR PRO SHOP, INC. in the instant matter and before the United States Trademark Office, none of which will be produced.  OUTDOOR PRO SHOP, INC. also objects to this request as being duplicative as many of the documents that satisfy this request have already been provided to

17

Requesting Party in response to its request for production numbers 1-14.  OUTDOOR PRO

SHOP also objects to this request as being unintelligible because the meaning of the terms

"brands" and "branding" are not defined by MONSTER ENERGY COMPANY.  OUTDOOR

PRO SHOP, INC. interprets the terms "brands" and "branding" as being synonymous with

OUTDOOR PRO SHOP, INC. also objects to this request pursuant to Fed. R. Civ. P. 26(b)(1) as

being unduly burdensome in that it would require days of work compiling information from

various sources, more particularly the Waybackmachine available at the URL

http://web.archive.org/ that is equally available to requesting party and will not be produced

therefor..  Finally, OUTDOOR PRO SHOP, INC. objects to this request as seeking documents

that are not likely to lead to the introduction of admissible evidence at trial and are, therefore,

irrelevant as the same would encompass trademarks wholly irrelevant to the instant proceeding,

e.g., pitbull, outdoor pro shop and the special form of wire cutters and any other

trademark/service mark not within the definition of OPS Marks for which no documents will be

produced.  Without waiving the foregoing objections and in light of the foregoing clarification,

OUTDOOR PRO SHOP, INC. will produce documents within its possession, custody or control

that satisfy this request.

REQUEST FOR PRODUCTION NO. 29:

Documents sufficient to identify all goods or services that have been or will be sold or

offered in connection with each OPS Mark.

RESPONSE TO REQUEST FOR PRODUCTION NO. 29:

OUTDOOR PRO SHOP, INC. incorporates its General Objections in response to this request

and more particularly based upon this request seeking documents containing Attorney-Client

communications, such as communications between OUTDOOR PRO SHOP, INC. and its

attorneys with respect to the preparation and filing of United States Trademark Applications for

said marks and related to the instant action, as well as attorney work product, such as notes and

mental impressions of the attorney with respect to the attorney's representation of OUTDOOR PRO SHOP, INC. in the instant matter and before the United States Trademark Office, none of which will be produced.  OUTDOOR PRO SHOP, INC. also objects to this request as being duplicative as many of the documents that satisfy this request have already been provided to Requesting Party in response to its request for production numbers 1-14.  OUTDOOR PRO SHOP also objects to this request as being unintelligible because the meaning of the terms "brands" and "branding" are not defined by MONSTER ENERGY COMPANY.  OUTDOOR PRO SHOP, INC. interprets the terms "brands" and "branding" as being synonymous with trademarks and trademarking, respectively.  OUTDOOR PRO SHOP, INC. also objects to this request pursuant to Fed R. Civ. P. 26(b)(1) as being unduly burdensome in that it would require days of work compiling information from various sources, more particularly the Waybackmachine available at the URL http://web.archive.org/ that is equally available to requesting party and will not be produced therefor..  With respect to goods or services that will be sold or offered in connection with each OPS Mark OUTDOOR PRO SHOP, INC. states that upon a reasonable and diligent search there are no documents in within the possession, custody or control of OUTDOOR PRO SHOP, INC. within this category.  Without waiving the foregoing objections and in light of the foregoing clarification, OUTDOOR PRO SHOP, INC. will produce documents within its possession, custody or control that satisfy this request.

REQUEST FOR PRODUCTION NO. 30:

All documents relating to the launch of any product sold under an OPS Mark, including any email or correspondence relating to such new products.

RESPONSE TO REQUEST FOR PRODUCTION NO. 30:

OUTDOOR PRO SHOP, INC. incorporates its General Objections in response to this request and more particularly based upon this request seeking documents containing Attorney-Client communications, such as communications between OUTDOOR PRO SHOP, INC. and its

19

attorneys with respect to the preparation and filing of United States Trademark Applications for said marks and related to the instant action, as well as attorney work product, such as notes and mental impressions of the attorney with respect to the attorney's representation of OUTDOOR PRO SHOP, INC. in the instant matter and before the United States Trademark Office, none of which will be produced.  OUTDOOR PRO SHOP, INC. also objects to this request as being duplicative as many of the documents that satisfy this request have already been provided to Requesting Party in response to its request for production numbers 1-14.  OUTDOOR PRO SHOP also objects to this request as being unintelligible because the meaning of the term "launch" is not defined by MONSTER ENERGY COMPANY.  OUTDOOR PRO SHOP, INC. interprets the term "offers for sale" with OUTDOOR PRO SHOP, INC. also objecting to this request pursuant to Fed R. Civ. P. 26(b)(1) as being unduly burdensome in that it would require days of work compiling information from various sources, more particularly the Waybackmachine available at the URL http://web.archive.org/ that is equally available to requesting party and will not be produced therefor..  With respect to goods or services that will be sold or offered in connection with each OPS Mark OUTDOOR PRO SHOP, INC. states that upon a reasonable and diligent search there are no documents in within the possession, custody or control of OUTDOOR PRO SHOP, INC. within this category.  Without waiving the foregoing objections and in light of the foregoing clarification, OUTDOOR PRO SHOP, INC. will produce documents within its possession, custody or control that satisfy this request.

REQUEST FOR PRODUCTION NO. 31:

For each product sold under an OPS Mark, any physical or electronic file that You maintain for the product.

RESPONSE TO REQUEST FOR PRODUCTION NO. 31:

OUTDOOR PRO SHOP, INC. incorporates its General Objections in response to this request and more particularly based upon this request seeking documents containing Attorney-Client

20

communications, such as communications between OUTDOOR PRO SHOP, INC. and its attorneys with respect to the preparation and filing of United States Trademark Applications for said marks and related to the instant action, as well as attorney work product, such as notes and mental impressions of the attorney with respect to the attorney's representation of OUTDOOR PRO SHOP, INC. in the instant matter and before the United States Trademark Office, none of which will be produced.  OUTDOOR PRO SHOP, INC. also objects to this request as being duplicative as many of the documents that satisfy this request have already been provided to Requesting Party in response to its request for production numbers 1-14.  With respect to goods or services that will be sold or offered in connection with each OPS Mark OUTDOOR PRO SHOP, INC. states that upon a reasonable and diligent search there are no documents in within the possession, custody or control of OUTDOOR PRO SHOP, INC. within this category. Without waiving the foregoing objections and in light of the foregoing clarification, OUTDOOR PRO SHOP, INC. will produce documents within its possession, custody or control that satisfy this request.

REQUEST FOR PRODUCTION NO. 32:

All documents relating to plans to expand the types of goods in connection with which the OPS Marks will be used, including documents relating to a possible expansion that was proposed or under consideration.

RESPONSE TO REQUEST FOR PRODUCTION NO. 32:

OUTDOOR PRO SHOP, INC. made a diligent search and reasonable inquiry to locate the requested items and is unable to comply because the documents never existed.

REQUEST FOR PRODUCTION NO. 33:

All correspondence, agreements, layouts, mock-ups, invoices and other documents exchanged with the manufacturer of each product branded with an OPS Mark.

RESPONSE TO REQUEST FOR PRODUCTION NO. 33:

21

OUTDOOR PRO SHOP, INC. made a diligent search and reasonable inquiry to locate the requested items and is unable to comply because the documents never existed.

REQUEST FOR PRODUCTION NO. 34:

Documents sufficient to show each city (or alternatively, each zip code) in which a product or service has been sold under an OPS Mark.

RESPONSE TO REQUEST FOR PRODUCTION NO. 34:

OUTDOOR PRO SHOP, INC. objects to this request as being duplicative as many of the documents that satisfy this request have already been provided to Requesting Party in response to its request for production numbers 1-14.  OUTDOOR PRO SHOP, INC. also objects to this request pursuant to Fed R. Civ. P. 26(b)(1) as being unduly burdensome in that it would require days of work compiling information from various sources, more particularly the Waybackmachine available at the URL http://web.archive.org/ that is equally available to requesting party and will not be produced therefor..  Without waiving the foregoing objections, OUTDOOR PRO SHOP, INC. will produce documents within its possession, custody or control that satisfy this request, with the understanding that a diligent search and reasonable inquiry to locate the certain documents and is unable to comply because said certain the documents were lost or destroyed some year back.

REQUEST FOR PRODUCTION NO. 35:

Documents sufficient to show each city (or alternatively, each zip code) in which you have advertised or promoted an OPS Mark or a product or service sold under an OPS Mark.

RESPONSE TO REQUEST FOR PRODUCTION NO. 35:

OUTDOOR PRO SHOP, INC. objects to this request as being duplicative as many of the documents that satisfy this request have already been provided to Requesting Party in response to its request for production numbers 1-14.  OUTDOOR PRO SHOP, INC. also objects to this request pursuant to Fed R. Civ. P. 26(b)(1) as being unduly burdensome in that it would require

days of work compiling information from various sources, more particularly the Waybackmachine available at the URL http://web.archive.org/ that is equally available to requesting party and will not be produced therefor..  Without waiving the foregoing objections, OUTDOOR PRO SHOP, INC. will produce documents within its possession, custody or control that satisfy this request, with the understanding that a diligent search and reasonable inquiry to locate the certain documents and is unable to comply because said certain the documents were lost or destroyed some year back.

REQUEST FOR PRODUCTION NO. 36:

All catalogs, print advertisements and television/radio spots that OPS has distributed or placed since 2000, whether or not they relate to the OPS Marks, and all banners, website ads, social media ads/posts or other promotional items that You have used to promote the OPS Marks since 2000.

RESPONSE TO REQUEST FOR PRODUCTION NO. 37:

OUTDOOR PRO SHOP, INC. objects to this request as seeking documents contain information not likely to lead to the discovery of admissible evidence at trial and are irrelevant therefore, such as documents concerning no OPS Marks and documents concerning the categories of documents identified that occurred before 2007, said documents will not be produced.  OUTDOOR PRO SHOP, INC. objects to this request as being duplicative as many of the documents that satisfy this request have already been provided to Requesting Party in response to its request for production numbers 1-14.  OUTDOOR PRO SHOP, INC. also objects to this request pursuant to Fed R. Civ. P. 26(b)(1) as being unduly burdensome in that it would require days of work compiling information from various sources, more particularly the Waybackmachine available at the URL http://web.archive.org/ that is equally available to requesting party and will not be produced therefor..  Without waiving the foregoing objections, OUTDOOR PRO SHOP, INC. will produce documents within its possession, custody or control

23

that satisfy this request, with the understanding that a diligent search and reasonable inquiry to

locate the certain documents and is unable to comply because said certain the documents were

lost or destroyed some year back.  Without waiving the foregoing objections OUTDOOR PRO

SHOP, Inc. states that a diligent search and reasonable inquiry to locate the certain documents in

the category of television/radio spots and is unable to comply because said documents never

existed.

REQUEST FOR PRODUCTION NO. 37:

All documents and things relating to the marketing, advertising or promotion of the OPS

Marks, including marketing plans, marketing budgets, correspondence with ad designers,

correspondence with publications and websites, and any physical or electronic marketing files.

RESPONSE TO REQUEST FOR PRODUCTION NO. 37:

OUTDOOR PRO SHOP, INC. objects to this request as being duplicative as many of the

documents that satisfy this request have already been provided to Requesting Party in response to

its request for production numbers 1-14.  OUTDOOR PRO SHOP, INC. also objects to this

request pursuant to Fed R. Civ. P. 26(b)(1) as being unduly burdensome in that it would require

days of work compiling information from various sources, more particularly the

Waybackmachine available at the URL http://web.archive.org/ that is equally available to

requesting party and will not be produced therefor..  Without waiving the foregoing objections,

OUTDOOR PRO SHOP, INC. will produce documents within its possession, custody or control

that satisfy this request, with the understanding that a diligent search and reasonable inquiry to

locate the certain documents and is unable to comply because said certain the documents were

lost or destroyed some year back.

REQUEST FOR PRODUCTION NO. 38:

Documents sufficient to show OPS's total expenditures since 2000 on advertising, marketing

and promotion on an annual basis.

RESPONSE TO REQUEST FOR PRODUCTION NO. 38:

OUTDOOR PRO SHOP, INC. objects to this request as seeking documents contain information not likely to lead to the discovery of admissible evidence at trial and are irrelevant therefore, such as documents concerning the categories of documents identified that occurred before 2007, said documents will not be produced.  Without waiving the foregoing objections OUTDOOR PRO SHOP, Inc. will produce documents within its possession, custody or control that satisfy this request.

REQUEST FOR PRODUCTION NO. 39:

Documents sufficient to show OPS's expenditures since 2000 in each city (or alternatively, each zip code) on advertising, marketing and promotion of the OPS Marks or products or services sold under an OPS Mark.

RESPONSE TO REQUEST FOR PRODUCTION NO. 39:

OUTDOOR PRO SHOP, Inc. states that a diligent search and reasonable inquiry to locate the documents responsive to this request because said documents never existed.

REQUEST FOR PRODUCTION NO. 40:

Documents sufficient to show OPS's expenditures, on an annual basis since 2000, on advertising, marketing and promotion of the OPS Marks or products or services sold under an OPS Mark.

RESPONSE TO REQUEST FOR PRODUCTION NO. 40:

OUTDOOR PRO SHOP, Inc. states that a diligent search and reasonable inquiry to locate the documents responsive to this request because said documents never existed.

REQUEST FOR PRODUCTION NO. 41:

Documents sufficient to identify any trade shows, industry shows, conventions, fishing or boating competitions, other sporting events, or other events in which You displayed or promoted an OPS Mark or sold goods or services under an OPS Mark.

**RESPONSE FOR REQUEST FOR PRODUCTION NO. 41:**

OUTDOOR PRO SHOP, INC. states that it has undertaken a diligent search and reasonable inquiry to locate the documents responsive to this request and is unable to comply because said documents never existed.

**REQUEST FOR PRODUCTION NO. 42:**

Documents sufficient to show all items bearing an OPS mark that You displayed or sold at a trade show, industry show, convention, fishing or boating competition, other sporting event, or other event.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

OUTDOOR PRO SHOP, INC. objects to this request as being duplicative as many of the documents that satisfy this request have already been provided to Requesting Party in response to its request for production numbers 1-14.  OUTDOOR PRO SHOP, INC. also objects to this request pursuant to Fed R. Civ. P. 26(b)(1) as being unduly burdensome in that it would require days of work compiling information from various sources, more particularly the Waybackmachine available at the URL http://web.archive.org/ that is equally available to requesting party and will not be produced therefor..  Without waiving the foregoing objections, OUTDOOR PRO SHOP, INC. will produce documents within its possession, custody or control that satisfy this request.

**REQUEST FOR PRODUCTION NO. 43:**

All documents relating to the target consumers or intended market(s) for the goods and services that OPS sells under the OPS Marks.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

OUTDOOR PRO SHOP, INC. incorporates its General Objections in response to this request and more particularly based upon this request seeking documents containing Attorney-Client communications, such as communications between OUTDOOR PRO SHOP, INC. and its

attorneys with respect to the preparation and filing of United States Trademark Applications for said marks and related to the instant action, as well as attorney work product, such as notes and mental impressions of the attorney with respect to the attorney's representation of OUTDOOR PRO SHOP, INC. in the instant matter and before the United States Trademark Office, none of which will be produced.  OUTDOOR PRO SHOP, INC. also objects to this request as being duplicative as many of the documents that satisfy this request have already been provided to Requesting Party in response to its request for production numbers 1-14.  OUTDOOR PRO SHOP, INC. also objects to this request pursuant to Fed R. Civ. P. 26(b)(1) as being unduly burdensome in that it would require days of work compiling information from various sources, more particularly the Waybackmachine available at the URL http://web.archive.org/ that is equally available to requesting party and will not be produced therefor..  With respect to goods or services that will be sold or offered in connection with each OPS Mark OUTDOOR PRO SHOP, INC. states that upon a reasonable and diligent search there are no documents in within the possession, custody or control of OUTDOOR PRO SHOP, INC. within this category.  Without waiving the foregoing objections and in light of the foregoing clarification, OUTDOOR PRO SHOP, INC. will produce documents within its possession, custody or control that satisfy this request.

REQUEST FOR PRODUCTION NO. 44:

All documents relating to the demographics or classes of persons who purchase (or use) the goods or services that OPS sells under the OPS Marks.

RESPONSE TO REQUEST FOR PRODUCTION NO. 44:

OUTDOOR PRO SHOP, INC. incorporates its General Objections in response to this request and more particularly based upon this request seeking documents containing Attorney-Client communications, such as communications between OUTDOOR PRO SHOP, INC. and its attorneys with respect to the preparation and filing of United States Trademark Applications for

said marks and related to the instant action, as well as attorney work product, such as notes and mental impressions of the attorney with respect to the attorney's representation of OUTDOOR PRO SHOP, INC. in the instant matter and before the United States Trademark Office, none of which will be produced.  OUTDOOR PRO SHOP, INC. also objects to this request as being duplicative as many of the documents that satisfy this request have already been provided to Requesting Party in response to its request for production numbers 1-14.  OUTDOOR PRO SHOP, INC. also objects to this request pursuant to Fed R. Civ. P. 26(b)(1) as being unduly burdensome in that it would require days of work compiling information from various sources, more particularly the Waybackmachine available at the URL http://web.archive.org/ that is equally available to requesting party and will not be produced therefor..  With respect to goods or services that will be sold or offered in connection with each OPS Mark OUTDOOR PRO SHOP, INC. states that upon a reasonable and diligent search there are no documents in within the possession, custody or control of OUTDOOR PRO SHOP, INC. within this category.  Without waiving the foregoing objections and in light of the foregoing clarification, OUTDOOR PRO SHOP, INC. will produce documents within its possession, custody or control that satisfy this request.

REQUEST FOR PRODUCTION NO. 45:

All documents relating to the characteristics of the persons who purchase for the goods and services that OPS sells under the OPS Marks, including documents referring to their gender, education level, or level of sophistication (i.e., understanding or familiarity) with respect to such goods and services.

RESPONSE TO REQUEST FOR PRODUCTION NO. 45:

OUTDOOR PRO SHOP, INC. incorporates its General Objections in response to this request and more particularly based upon this request seeking documents containing Attorney-Client communications, such as communications between OUTDOOR PRO SHOP, INC. and its

attorneys with respect to the preparation and filing of United States Trademark Applications for said marks and related to the instant action, as well as attorney work product, such as notes and mental impressions of the attorney with respect to the attorney's representation of OUTDOOR PRO SHOP, INC. in the instant matter and before the United States Trademark Office, none of which will be produced.  OUTDOOR PRO SHOP, INC. also objects to this request as being duplicative as many of the documents that satisfy this request have already been provided to Requesting Party in response to its request for production numbers 1-14.  OUTDOOR PRO SHOP, INC. also objects to this request pursuant to Fed R. Civ. P. 26(b)(1) as being unduly burdensome in that it would require days of work compiling information from various sources, more particularly the Waybackmachine available at the URL http://web.archive.org/ that is equally available to requesting party and will not be produced therefor..  With respect to goods or services that will be sold or offered in connection with each OPS Mark OUTDOOR PRO SHOP, INC. states that upon a reasonable and diligent search there are no documents in within the possession, custody or control of OUTDOOR PRO SHOP, INC. within this category.  Without waiving the foregoing objections and in light of the foregoing clarification, OUTDOOR PRO SHOP, INC. will produce documents within its possession, custody or control that satisfy this request with the understanding that a diligent search and reasonable inquiry to locate the certain documents and is unable to comply with respect to documents containing information about their gender, education level, or level of sophistication (i.e., understanding or familiarity) with respect to such goods and services, because said documents never existed.

REQUEST FOR PRODUCTION NO. 46:

All documents referring or relating to the degree of care consumers use when purchasing the goods and services that OPS sells under the OPS Marks.

RESPONSE TO REQUEST FOR PRODUCTION NO. 46:

OUTDOOR PRO SHOP, INC. incorporates its General Objections in response to this request and more particularly based upon this request seeking documents containing Attorney-Client communications, such as communications between OUTDOOR PRO SHOP, INC. and its attorneys with respect to the preparation and filing of United States Trademark Applications for said marks and related to the instant action, as well as attorney work product, such as notes and mental impressions of the attorney with respect to the attorney's representation of OUTDOOR PRO SHOP, INC. in the instant matter and before the United States Trademark Office, none of which will be produced.  OUTDOOR PRO SHOP, INC. also objects to this request as being duplicative as many of the documents that satisfy this request have already been provided to Requesting Party in response to its request for production numbers 1-14.  OUTDOOR PRO SHOP, INC. also objects to this request pursuant to Fed R. Civ. P. 26(b)(1) as being unduly burdensome in that it would require days of work compiling information from various sources, more particularly the Waybackmachine available at the URL http://web.archive.org/ that is equally available to requesting party and will not be produced therefor..  With respect to goods or services that will be sold or offered in connection with each OPS Mark OUTDOOR PRO SHOP, INC. states that upon a reasonable and diligent search there are no documents in within the possession, custody or control of OUTDOOR PRO SHOP, INC. within this category.  Without waiving the foregoing objections and in light of the foregoing clarification, OUTDOOR PRO SHOP, INC. will produce documents within its possession, custody or control that satisfy this request (trademark applications).

REQUEST FOR PRODUCTION NO. 47:

All documents referring or relating to plans to expand the customer base for the goods and services sold under the OPS Marks.

RESPONSE TO REQUEST FOR PRODUCTION NO. 47:

30

OUTDOOR PRO SHOP, INC. states that it has undertaken a diligent search and reasonable inquiry to locate the documents responsive to this request and is unable to comply because said documents never existed.

REQUEST FOR PRODUCTION NO. 48:

All documents relating to market research performed by or for OPS or otherwise in OPS's possession.

RESPONSE TO REQUEST FOR PRODUCTION NO. 48:

OUTDOOR PRO SHOP, INC. objects to the request as being unintelligible in view of the phrase "market research" and the dearth of information on the definition provided by MONSTER ENERGY COMPANY so as to make responding to the request unreasonably difficult as market research may include watching television commercials, reading books, talking to customers and the like the same unreasonably.  Moreover, given the uncertainty of the definition of "marekt research" OUTDOOR PRO SHOP, INC. also objects to this request pursuant to Fed R. Civ. P. 26(b)(1) as being unduly burdensome in that it would require recalling virtually every periodical, publication and/or conversation that any agent of OUTDOOR PRO SHOP, INC. has perceived and given the unlimited timespan would require recalling said information over a period of nearly 30 years.  A task that would be impossible.  OUTDOOR PRO SHOP, INC. also objects to this request as seeking documents that are not likely to lead to the introduction of admissible evidence at trial and are, therefore, irrelevant as the same would encompass market research for goods/services wholly sold in connection with no OPS Marks, that are wholly irrelevant to the instant proceeding and the issues presented, thereby.  Nonetheless, in the spirit of making a meaningful response OUTDOOR PRO SHOP, INC. interprets the phrase "market research" to mean a formalized analysis of the markets in which OUTDOOR PRO SHOP, INC. offers its goods and services.  Without waiving the foregoing objections and in light of the foregoing clarification, OUTDOOR PRO SHOP, INC. states that it has undertaken a diligent search and

reasonable inquiry to locate the documents responsive to this request and is unable to comply because said documents never existed.

REQUEST FOR PRODUCTION NO. 49:

Documents sufficient to identify every specific channel through which OPS provides goods or services under the OPS Marks, including the name and the address (physical or internet) of that channel.

RESPONSE TO REQUEST FOR PRODUCTION NO. 49:

OUTDOOR PRO SHOP, INC. objects to the request as being unintelligible in view of the phrase "specific channel" and the dearth of information on the definition provided by MONSTER ENERGY COMPANY so as to make responding to the request unreasonably difficult.  Nonetheless, in the spirit of making a meaningful response OUTDOOR PRO SHOP, INC. interprets the phrase "specific channel" to advertisements and documentation showing sales of goods/services used in connection with OPS Marks.  With that interpretation OUTDOOR PRO SHOP, INC. objects to the request as being duplicative as documents demonstrating the first use of the marks up to today have been previous provided in response to the earlier set of request for production numbers 1-14 propounded by Requesting Party upon OUTDOOR PRO SHOP, INC.  OUTDOOR PRO SHOP, INC. also objects to this request pursuant to Fed R. Civ. P. 26(b)(1) as being unduly burdensome in that it would require days of work compiling information from various sources, more particularly the Waybackmachine available at the URL http://web.archive.org/ that is equally available to requesting party and will not be produced therefor..  With respect to documents and things within possession custody or control of OUTDOOR PRO SHOP, INC. and without waiving the foregoing objections and in light of the foregoing clarification, OUTDOOR PRO SHOP, INC. will produce documents, such as pending trademark/ service mark applications and associated documents.

REQUEST FOR PRODUCTION NO. 50:

Documents sufficient to identify any third-party outlet – including any third party store, stand, kiosk, website or social-media account – through which you have provided goods or services under an OPS Mark.

RESPONSE TO REQUEST FOR PRODUCTION NO. 50:

OUTDOOR PRO SHOP, INC. states that it has undertaken a diligent search and reasonable inquiry to locate the documents responsive to this request and is unable to comply because said documents never existed.

REQUEST FOR PRODUCTION NO. 51:

Documents sufficient to identify OPS's competitors with respect to the goods or services that OPS sells under the OPS Marks.

RESPONSE TO REQUEST FRO PRODUCTION NO. 51:

OUTDOOR PRO SHOP, INC. objects to this request as being unintelligible, because it is uncertain if it seeks to have OUTDOOR PRO SHOP, INC. name individuals who were part of said request or produce documents showing how/that individuals assisted with or were otherwise involved in the conception, creation, development, derivation, selection or adoption of the OPS Marks.  If the request is directed to the former upon a reasonable and diligent search there are no documents in the possession, custody or control of OUTDOOR PRO SHOP, INC. as the same never existed.  If reference is to the latter, OUTDOOR PRO SHOP, INC. objects to this request as being improper as it does not seek documents; rather, it seeks facts and should be the subject of an interrogatory, because the same would require fabrication of a document that OUTDOOR PRO SHOP, INC. does not generate or maintain in the normal course of business.

REQUEST FOR PRODUCTION NO. 52:

All correspondence, planning documents, documents discussing the market, reports and comparisons that refer to a specific OPS competitor (with respect to the goods or services that OPS sells under the OPS Marks) or that refer to the competition generally.

33

RESPONSE TO REQUEST FOR PRODUCTION NO. 52:

OUTDOOR PRO SHOP, INC. states that it has undertaken a diligent search and reasonable inquiry to locate the documents responsive to this request and is unable to comply because said documents never existed.

REQUEST FOR PRODUCTION NO. 53:

All documents relating to third-party uses of "Monster" on products in any of the product categories listed in Request for Production Nos 1-16

RESPONSE TO REQUEST FOR PRODUCTION NO. 53:

OUTDOOR PRO SHOP, INC. incorporates its General Objections in response to this request and more particularly based upon this request seeking documents containing Attorney-Client communications, such as communications between OUTDOOR PRO SHOP, INC. and its attorneys with respect to the preparation and filing of United States Trademark Applications for said marks and related to the instant action, as well as attorney work product, such as notes and mental impressions of the attorney with respect to the attorney's representation of OUTDOOR PRO SHOP, INC. in the instant matter and before the United States Trademark Office, none of which will be produced.  OUTDOOR PRO SHOP, INC. also objects to this request as being duplicative as many of the documents that satisfy this request have already been provided to Requesting Party in response to its request for production numbers 1-14.  OUTDOOR PRO SHOP, INC. also objects to this request a seeking public records that are readily available to the MONSTER ENERGY COMPANY, such as a search of the Internet and the Trademark Electronic Search System (TESS) and the Waybackmachine available at the URL http://web.archive.org/ that gives rise to OUTDOOR PRO SHOP, INC.'s objection pursuant to Fed R. Civ. P. 26(b)(1) as being unduly burdensome in that it would require days of work compiling information from various sources that MONSTER ENERGY COMPANY could just as easily undertake.  Without waiving the foregoing objections and in light of the foregoing

clarification, OUTDOOR PRO SHOP, INC. will produce documents within its possession,

custody or control that satisfy this request.

REQUEST FOR PRODUCTION NO. 54:

Documents sufficient to show the wholesale and retail prices, on an annual basis, for each

product or service sold under an OPS Mark.

RESPONSE TO REQUEST FOR PRODUCTION NO. 54:

OUTDOOR PRO SHOP, INC. objects to the request as it seeks documents reciting

confidential business sales information along with the pricing information.  Without waiving the

foreoing objection OUTDOOR PRO SHOP, INC. will produce documents within its possession,

custody or control that satisfy this request with respect once a confidential agreement is executed

between MONSTER ENERGY COMPANY and OUTDOOR PRO SHOP, INC.

REQUEST FOR PRODUCTION NO. 55:

Documents sufficient to show Your sales in units and dollars, by month, for each product or

service sold under an OPS Mark.

RESPONSE TO REQUEST FOR PRODUCTION NO. 55:

OUTDOOR PRO SHOP, INC. objects to the request as it seeks documents reciting

confidential business sales information along with the pricing information.  OUTDOOR PRO

SHOP, INC. also objects to this request pursuant to Fed R. Civ. P. 26(b)(1) as being unduly

burdensome because in order to determine net profits OUTDOOR PRO SHOP, INC. would have

to change accounting and system and re-introduce data into the same. OUTDOOR PRO SHOP,

INC. states that it has undertaken a diligent search and reasonable inquiry to locate the

documents responsive to this request and is unable to comply because said documents never

existed.  However, OUTDOOR PRO SHOP, INC. has data associated with a point of sale system

that it has attempted to provide in the categories a request, but is not able to do so.

REQUEST FOR PRODUCTION NO. 56:

35

Documents sufficient to show Your gross profits, costs and net profits, on an annual basis and before taxes, for each good or service sold under an OPS Mark.

RESPONSE TO REQUEST FOR PRODUCTION NO. 56:

OUTDOOR PRO SHOP, INC. objects to the request as it seeks documents reciting confidential business sales information along with the pricing information.  OUTDOOR PRO SHOP, INC. also objects to this request pursuant to Fed R. Civ. P. 26(b)(1) as being unduly burdensome because in order to determine net profits OUTDOOR PRO SHOP, INC. would have to change accounting and system and re-introduce data into the same. OUTDOOR PRO SHOP, INC. states that it has undertaken a diligent search and reasonable inquiry to locate the documents responsive to this request and is unable to comply because said documents never existed.  However, OUTDOOR PRO SHOP, INC. has data associated with a point of sale system that it has attempted to provide in the categories a request, but is not able to do so.

REQUEST FOR PRODUCTION NO. 57:

For each product or service sold under an OPS Mark, documents sufficient to show Your total cost associated with that product or service, excluding overhead, as well as the individual components of that cost, including but not limited to manufacturing costs, shipping costs, advertising costs and sales costs.

RESPONSE TO REQUEST FOR PRODUCTION NO. 57:

OUTDOOR PRO SHOP, INC. objects to the request as it seeks documents reciting confidential business sales information along with the pricing information.  OUTDOOR PRO SHOP, INC. also objects to this request pursuant to Fed R. Civ. P. 26(b)(1) as being unduly burdensome because in order to determine net profits OUTDOOR PRO SHOP, INC. would have to change accounting and system and re-introduce data into the same. OUTDOOR PRO SHOP, INC. states that it has undertaken a diligent search and reasonable inquiry to locate the documents responsive to this request and is unable to comply because said documents never

existed.  However, OUTDOOR PRO SHOP, INC. has data associated with a point of sale system that it has attempted to provide in the categories a request, but is not able to do so.

REQUEST FOR PRODUCTION NO. 58:

Your monthly and annual profit and loss statements and income statements since 2000.

RESPONSE TO REQUEST FOR PRODUCTION NO. 58:

OUTDOOR PRO SHOP, INC. objects to this request as seeking documents that are not likely to lead to the introduction of admissible evidence at trial and are, therefore, irrelevant as the same would encompass financial information about OUTDOOR PRO SHOP, INC. before the adoption of any of the OPS Marks, as a result no financial information will be provided before the year 2008.  OUTDOOR PRO SHOP, INC. also objects to the request as it seeks documents reciting confidential business information, such as financial statements and other business proprietary information such as product sources and price paid for the same that could place OUTDOOR PRO SHOP, INC. at a competitive disadvantage and MONSTER ENERGY COMPANY could use the same as it intends to compete with OUTDOOR PRO SHOP, INC. in the same markets and with the same goods, as such documents containing annual profit and loss statements and income statements between 2000 and 2007, inclusive will not be produced. Without waiving the foregoing objections and in light of the foregoing clarification, OUTDOOR PRO SHOP, INC. will produce documents within its possession, custody or control that satisfy this request with respect to documents containing annual profit and loss statements and income statements between 2008 and and present once a confidential agreement is executed between MONSTER ENERGY COMPANY and OUTDOOR PRO SHOP, INC.

REQUEST FOR PRODUCTION NO. 59:

Documents and things sufficient to show Your accounting methods for sales, cost allocation, and profits.

RESPONSE TO REQUEST FOR PRODUCTION NO. 59:

37

OUTDOOR PRO SHOP, INC. objects to this request as seeking documents that are not likely to lead to the introduction of admissible evidence at trial and are, therefore, irrelevant as the same would encompass financial information about OUTDOOR PRO SHOP, INC. before the adoption of any of the OPS Marks, as a result no documents will be provided containing information concerning accounting methods for sales, cost allocation, and profits before the year 2006.  OUTDOOR PRO SHOP, INC. also objects to the request as it seeks documents reciting confidential business information, such as financial statements and other business proprietary information such as product sources and price paid for the same that could place OUTDOOR PRO SHOP, INC. at a competitive disadvantage and MONSTER ENERGY COMPANY could use the same as it intends to compete with OUTDOOR PRO SHOP, INC. in the same markets and with the same goods, as such documents containing annual profit and loss statements and income statements between 2000 and 2007, inclusive will not be produced.  Without waiving the foregoing objections and in light of the foregoing clarification, OUTDOOR PRO SHOP, INC. will produce documents within its possession, custody or control that satisfy this request with respect to documents containing information about accounting methods for sales, cost allocation, and profits for years 2008 to present once a confidential agreement is executed between MONSTER ENERGY COMPANY and OUTDOOR PRO SHOP, INC.

REQUEST FOR PRODUCTION NO. 60:

All correspondence, reports, planning documents and other documents that refer to the price, cost, profit margin, or sales volume of any product or service sold under an OPS Mark.

RESPONSE TO REQUEST FOR PRODUCTION NO. 60:

OUTDOOR PRO SHOP, INC. states that it has undertaken a diligent search and reasonable inquiry to locate correspondence, reports, planning documents and other documents that refer to the price, cost, profit margin, or sales volume of any product or service sold under an OPS Mark and is unable to comply because said documents never existed.

REQUEST FOR PRODUCTION NO. 61:

Documents sufficient to show OPS's secretary of state filings in each state where it has made such filings.

RESPONSE TO REQUEST FOR PRODUCTION NO. 61:

OUTDOOR PRO SHOP, INC. objects to this request as seeking public records that are readily available to MONSTER ENERGY COMPANY.  Without waiving the foregoing objections and in light of the foregoing clarification, OUTDOOR PRO SHOP, INC. will produce documents within its possession, custody or control that satisfy this request.

REQUEST FOR PRODUCTION NO. 62:

Documents sufficient to show the corporate structure of OPS.

RESPONSE TO REQUEST FOR PRODUCTION NO. 62:

OUTDOOR PRO SHOP, INC. objects to this request as being unintelligible, because it is uncertain if it seeks to have OUTDOOR PRO SHOP, INC. name individuals who are part of OUTDOOR PRO SHOP, INC. requiring fabrication of documents not existing in the ordinary course of business or requesting documents showing the corporate structure of OUTDOOR PRO SHOP, INC.  If the request is directed to the latter upon a reasonable and diligent search there are no documents in the possession, custody or control of OUTDOOR PRO SHOP, INC. as the same never existed.  If reference is to the former, OUTDOOR PRO SHOP, INC. objects to this request as being improper as it does not seek documents; rather, it seeks facts and should be the subject of an interrogatory, because the same would require fabrication of a document that OUTDOOR PRO SHOP, INC. does not generate or maintain in the normal course of business.

REQUEST FOR PRODUCTION NO. 63:

Documents sufficient to show the nominal and beneficial ownership of OPS, including the portion of OPS owned by each person and entity.

RESPONSE TO REQUEST FOR PRODUCTION NO. 63:

39

OUTDOOR PRO SHOP, INC. objects to this request as being unintelligible, because the meaning of "nominal and beneficial ownership" is unknown and MONSTER ENERGY COMPANY has provided a dearth of information concerning its meaning.  Moreover, OUTDOOR PRO SHOP, INC. is left to guess the distinction between nominal and beneficial. Considering that OUTDOOR PRO SHOP, INC. is a corporation organized and existing under California law and ownership under California law is determined by stock ownership the phrase "nominal and beneficial ownership" is interpreted as meaning current stock ownership.  In light of the foregoing interpretation OUTDOOR PRO SHOP, INC. also objects to the request as it seeks documents reciting confidential business information, such as the name and address of purchasers who have acquired goods used in connection with OPS marks.  Without waiving the foregoing objections and in light of the foregoing clarification, OUTDOOR PRO SHOP, INC. will produce documents within its possession, custody or control that satisfy this request once a confidential agreement is executed between MONSTER ENERGY COMPANY and OUTDOOR PRO SHOP, INC.

REQUEST FOR PRODUCTION NO. 64:

All documents that state or discuss Your policies regarding retention, storage, filing, and destruction of documents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 64:

OUTDOOR PRO SHOP, INC. objects based upon this request seeking documents containing Attorney-Client communications, such as communications between OUTDOOR PRO SHOP, INC. and its attorneys related to the instant action, none of which will be produced.  Without waiving the foregoing objections and in light of the foregoing clarification, OUTDOOR PRO SHOP, INC. states that it has undertaken a diligent search and reasonable inquiry to locate the documents responsive to this request and is unable to comply because said documents never existed.

REQUEST FOR PRODUCTION NO. 65:

All documents that relate to any valuation of OPS.

RESPONSE TO REQUEST FOR PRODUCTION NO. 65:

OUTDOOR PRO SHOP, INC. objects to this request as seeking documents that are not likely to lead to the introduction of admissible evidence at trial and are, therefore, irrelevant as the same would due to there being no time constraint on valuation sought, which could be each and every valuation of OUTDOOR PRO SHOP, INC. from its inception until present day, with only the most recent valuation of OUTDOOR PRO SHOP, INC. in 2020 being relevant ad a result no documents will be produced related to the valuation of OUTDOOR PRO SHOP, INC. before 2020 will be produced.  OUTDOOR PRO SHOP, INC. also objects to the request as it seeks documents reciting confidential business financial information.  Without waiving the foregoing objections and in light of the foregoing clarification, OUTDOOR PRO SHOP, INC. will produce documents within its possession, custody or control that satisfy this request with respect to documents related to the valuation of OUTDOOR PRO SHOP, INC. for 2020, once a confidential agreement is executed between MONSTER ENERGY COMPANY and OUTDOOR PRO SHOP, INC.

REQUEST FOR PRODUCTION NO. 66:

All documents that relate to any offer to invest in OPS.

RESPONSE TO REQUEST FOR PRODUCTION NO. 66:

OUTDOOR PRO SHOP, INC. states that it has undertaken a diligent search and reasonable inquiry to locate the documents responsive to this request and is unable to comply because said documents never existed.

REQUEST FOR PRODUCTION NO. 67:

All documents that relate to any offer to sell or purchase OPS, a part of OPS, or an OPS trademark.

41

1    RESPONSE TO REQUEST FOR PRODUCTION NO. 67:

2    OUTDOOR PRO SHOP, INC. states that it has undertaken a diligent search and reasonable

3    inquiry to locate the documents responsive to this request and is unable to comply because said

4    documents never existed.

5    REQUEST FOR PRODUCTION NO. 68:

6    All documents, including email and other correspondence, referring or relating to Monster or

7    Monster's Marks.

8    RESPONSE TO REQUEST FOR PRODUCTION NO. 68:

9    OUTDOOR PRO SHOP, INC. incorporates its General Objections in response to this request

10   and more specifically, Attorney-Client communications, such as communications between

11   OUTDOOR PRO SHOP, INC. and its attorneys with respect to the preparation and filing of

12   United States Trademark Applications for said marks and related to the instant action, as well as

13   attorney work product, such as notes and mental impressions of the attorney with respect to the

14   attorney's representation of OUTDOOR PRO SHOP, INC. in the instant matter and before the

15   United States Trademark Office, none of which will be produced.  OUTDOOR PRO SHOP,

16   INC. also objects to this request as seeking public records that are readily available to

17   MONSTER ENERGY COMPANY, such as trademark registrations, trademark applications

18   documents in Court records and the like that are equally available to MONSTER ENERGY

19   COMPANY and will not be produced therefor..  OUTDOOR PRO SHOP, INC. also objects to

20   the request as being duplicative as documents demonstrating the first use of the marks up to

21   today have been previous provided in response to the earlier set of request for production

22   numbers 1-14 propounded by Requesting Party upon OUTDOOR PRO SHOP, INC.

23   OUTDOOR PRO SHOP, INC. also objects to this request pursuant to Fed R. Civ. P. 26(b)(1) as

24   being unduly burdensome in that it would require days of work compiling information from

25   various sources, more particularly the Waybackmachine available at the URL

http://web.archive.org/ and court websites and the database of the United States Trademark Office that is equally available to MONSTER ENERGY COMPANY and will not be produced therefor..  With respect to documents and things within possession custody or control of OUTDOOR PRO SHOP, INC. and without waiving the foregoing objections OUTDOOR PRO SHOP, INC. will produce documents that satisfy this request.

REQUEST FOR PRODUCTION NO. 69:

All documents and things relating to any Monster Good or Service, including any purchase orders or invoices for a Monster Good or Service.

RESPONSE TO REQUEST FOR PRODUCTION NO. 69:

OUTDOOR PRO SHOP, INC. incorporates its General Objections in response to this request and also objects to this request as being overbroad and not limited in time, or scope or party.  For example, this request would require production of virtually every document from every individual with whom OUTDOOR PRO SHOP, INC. has come into contact, because said individuals may have at one time purchased a Monster product and disposed of the same in a waste-basket of OUTDOOR PRO SHOP, INC. making this request asinine.  For the same reasoning OUTDOOR PRO SHOP, INC. objects to the request as being unintelligible and not calling for production of documents containing information not likely to lead to the discovery of admissible evidence giving rise to OUTDOOR PRO SHOP, INC.'s objection based upon relevance.  And based upon the foregoing OUTDOOR PRO SHOP, INC. also objects to this request Fed R. Civ. P. 26(b)(1) as being unduly burdensome in that it would require years of analysis and study and attempt to acquire information long lost for which there can be no manner of ensuring an accurate production.  In furtherance of advancing the litigation and providing some reasonableness to the request OUTDOOR PRO SHOP, INC. interprets the same as requesting documents related to Monster Good or Service that were purchased by, or on behalf of OUTDOOR PRO SHOP, INC..  With respect to documents and things within possession

43

1  custody or control of OUTDOOR PRO SHOP, INC. and without waiving the foregoing

2  objections OUTDOOR PRO SHOP, INC. will produce documents that satisfy this request.

3

4  REQUEST FOR PRODUCTION NO. 70:

5  All documents relating to any communications between You and a consumer relating to

6  Monster, the Monster Marks, or Monster's Goods and Services.

7  RESPONSE TO REQUEST FOR PRODUCTION NO. 70:

8  OUTDOOR PRO SHOP, INC. states that it has undertaken a diligent search and reasonable

9  inquiry to locate the documents responsive to this request and is unable to comply because said

10 documents never existed.

11 REQUEST FOR PRODUCTION NO. 71:

12 All documents relating to any searches (including trademark searches), research, inquiries or

13 investigations conducted by You or on Your behalf relating to a Monster Mark.

14 RESPONSE TO REQUEST FOR PRODUCTION NO. 71:

15 OUTDOOR PRO SHOP, INC. incorporates its General Objections in response to this request

16 and more specifically, Attorney-Client communications, such as communications between

17 OUTDOOR PRO SHOP, INC. and its attorneys with respect to the preparation and filing of

18 United States Trademark Applications for said marks and related to the instant action, as well as

19 attorney work product, such as notes and mental impressions of the attorney with respect to the

20 attorney's representation of OUTDOOR PRO SHOP, INC. in the instant matter and before the

21 United States Trademark Office, none of which will be produced.  OUTDOOR PRO SHOP,

22 INC. also objects to this request as seeking public records that are readily available to

23 MONSTER ENERGY COMPANY, such as trademark registrations, trademark applications

24 documents in Court records and the like that are equally available to MONSTER ENERGY

25 COMPANY and will not be produced therefor..  OUTDOOR PRO SHOP, INC. also objects to

44

the request as being duplicative as documents demonstrating the first use of the marks up to

today have been previous provided in response to the earlier set of request for production

numbers 1-14 propounded by Requesting Party upon OUTDOOR PRO SHOP, INC.

OUTDOOR PRO SHOP, INC. also objects to this request pursuant to Fed R. Civ. P. 26(b)(1) as

being unduly burdensome in that it would require days of work compiling information from

various sources, more particularly the Waybackmachine available at the URL

http://web.archive.org/ and court websites and the database of the United States Trademark

Office that is equally available to MONSTER ENERGY COMPANY and will not be produced

therefor..  With respect to documents and things within possession custody or control of

OUTDOOR PRO SHOP, INC. and without waiving the foregoing objections OUTDOOR PRO

SHOP, INC. will produce documents that satisfy this request.


REQUEST FOR PRODUCTION NO. 72:

All documents and things relating to any opinions, written or oral, relating to the OPS Marks,

Monster, Monster's Marks, and/or Monster's Goods and Services.

RESPONSE TO REQUEST FOR PRODUCTION NO. 72:

OUTDOOR PRO SHOP, INC. objects to this request as seeking public records that are

readily available to MONSTER ENERGY COMPANY, such as documents on file in this action,

as well as other civil action in which MONSTER ENERGY COMPANY is a party, as well as the

the Trademark Trial and Appeals Board, none of which will be produced.  Additionally,

OUTDOOR PRO SHOP, INC. objects based upon this request seeking documents containing

Attorney-Client communications, such as communications between OUTDOOR PRO SHOP,

INC. and its attorneys with respect to the preparation and filing of United States Trademark

Applications for said marks and related to the instant action, as well as attorney work product,

such as notes and mental impressions of the attorney with respect to the attorney's representation

of OUTDOOR PRO SHOP, INC. in the instant matter and before the United States Trademark Office, none of which will be produced.  Without waiving the foregoing objections and in light of the foregoing clarification, OUTDOOR PRO SHOP, INC. will produce documents within its possession, custody or control that satisfy this request.

REQUEST FOR PRODUCTION NO. 73:

Any documents concerning misdirected mail, telephone calls, orders, inquiries, social-media posts, or complaints that were directed to You (or anyone distributing Your products) but may have been intended for Monster.

RESPONSE TO REQUEST FOR PRODUCTION NO. 73:

OUTDOOR PRO SHOP, INC. states that it has undertaken a diligent search and reasonable inquiry to locate the documents responsive to this request and is unable to comply because said documents never existed.

REQUEST FOR PRODUCTION NO. 74:

All documents concerning any alleged instance of confusion, mistake, deception, and/or association of any kind between OPS, Monster, OPS's goods and services and/or Monster's Goods and Services.

RESPONSE TO REQUEST FOR PRODUCTION NO. 74:

Additionally, OUTDOOR PRO SHOP, INC. objects based upon this request seeking documents containing Attorney-Client communications, such as communications between OUTDOOR PRO SHOP, INC. and its attorneys with respect to the preparation and filing of United States Trademark Applications for said marks and related to the instant action, as well as attorney work product, such as notes and mental impressions of the attorney with respect to the attorney's representation of OUTDOOR PRO SHOP, INC. in the instant matter and before the United States Trademark Office, none of which will be produced.  Without waiving the

OUTDOOR PRO SHOP, INC.'S RESPONSES TO MONSTER ENERGY COMPANY'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

foregoing objections and in light of the foregoing clarification, OUTDOOR PRO SHOP, INC. will produce documents within its possession, custody or control that satisfy this request.

REQUEST FOR PRODUCTION NO. 75:

All documents evidencing or relating to Monster's knowledge of OPS.

RESPONSE TO REQUEST FOR PRODUCTION NO. 75:

OUTDOOR PRO SHOP, INC. objects to this request as seeking public records that are readily available to MONSTER ENERGY COMPANY, such as documents on file in this action and with the Trademark Trial and Appeals Board.  Additionally, OUTDOOR PRO SHOP, INC. objects based upon this request seeking documents containing Attorney-Client communications, such as communications between OUTDOOR PRO SHOP, INC. and its attorneys with respect to the preparation and filing of United States Trademark Applications for said marks and related to the instant action, as well as attorney work product, such as notes and mental impressions of the attorney with respect to the attorney's representation of OUTDOOR PRO SHOP, INC. in the instant matter and before the United States Trademark Office, none of which will be produced. Without waiving the foregoing objections and in light of the foregoing clarification, OUTDOOR PRO SHOP, INC. will produce documents within its possession, custody or control that satisfy this request.

REQUEST FOR PRODUCTION NO. 76:

All documents that relate to sales or customers you claim to have lost due to the actions of Monster Energy Company.

RESPONSE TO REQUEST FOR PRODUCTION NO. 76:

OUTDOOR PRO SHOP, INC. states that it has undertaken a diligent search and reasonable inquiry to locate the documents responsive to this request and is unable to comply because said documents never existed.

REQUEST FOR PRODUCTION NO. 77:

47

All documents and things that support or undermine Your allegation that "OUTDOOR PRO SHOP, INC. uses the MONSTER FISHING marks in channels of commerce in several countries around the world making the MONSTER FISHING marks well known trademarks" in paragraph 6 of the First Amended

RESPONSE TO REQUEST FOR PRODUCTION NO. 77:

OUTDOOR PRO SHOP, INC. objects to the request as being duplicative as documents demonstrating the first use of the marks up to today have been previous provided in response to the earlier set of request for production numbers 1-14 propounded by Requesting Party upon OUTDOOR PRO SHOP, INC.  OUTDOOR PRO SHOP, INC. also objects to this request pursuant to Fed R. Civ. P. 26(b)(1) as being unduly burdensome in that it would require days of work compiling information from various sources, more particularly the Waybackmachine available at the URL http://web.archive.org/ that is equally available to requesting party and will not be produced therefor..  With respect to documents and things within possession custody or control of OUTDOOR PRO SHOP, INC. and without waiving the foregoing objections OUTDOOR PRO SHOP, INC. will produce documents that satisfy this request.

REQUEST FOR PRODUCTION NO. 78:

All documents and things that support or undermine the following allegation in paragraph 6 of the First Amended Complaint: "For many years before the events giving rise to this Complaint and continuing to the present, OUTDOOR PRO SHOP, INC. has spent great amounts of time, money, and effort advertising and promoting its goods and services in connection with its MONSTER FISHING marks and has sold and advertises products in connection with MONSTER FISHING marks all over the world, including throughout the United States and in California. Through this investment and large sales, OUTDOOR PRO SHOP, INC. has created considerable goodwill and a reputation for quality goods and services used in connection with MONSTER FISHING marks."

OUTDOOR PRO SHOP, INC.'S RESPONSES TO MONSTER ENERGY COMPANY'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

1

RESPONSE TO REQUEST FOR PRODUCTION NO. 78:

2

OUTDOOR PRO SHOP, INC. objects to the request as being duplicative as documents

3

demonstrating the first use of the marks up to today have been previous provided in response to

4

the earlier set of request for production numbers 1-14 propounded by Requesting Party upon

5

OUTDOOR PRO SHOP, INC.  OUTDOOR PRO SHOP, INC. also objects to this request

6

pursuant to Fed R. Civ. P. 26(b)(1) as being unduly burdensome in that it would require days of

7

work compiling information from various sources, more particularly the Waybackmachine

8

available at the URL http://web.archive.org/ that is equally available to requesting party and will

9

not be produced therefor..  With respect to documents and things within possession custody or

10

control of OUTDOOR PRO SHOP, INC. and without waiving the foregoing objections

11

OUTDOOR PRO SHOP, INC. will produce documents that satisfy this request.

12

REQUEST FOR PRODUCTION NO. 79:

13

All documents and things that support or undermine Your allegation that

14

"OUTDOOR PRO SHOP, INC. is informed and believes that the MONSTER FISHING

15

marks 1, 3 and 7 shown in TABLE 1 have acquired distinctiveness" in paragraph 6 of the First

16

Amended Complaint.

17

RESPONSE TO REQUEST FOR PRODUCTION NO. 79:

18

OUTDOOR PRO SHOP, INC. objects to the request as being duplicative as documents

19

demonstrating the first use of the marks up to today have been previous provided in response to

20

the earlier set of request for production numbers 1-14 propounded by Requesting Party upon

21

OUTDOOR PRO SHOP, INC.  OUTDOOR PRO SHOP, INC. also objects to this request

22

pursuant to Fed R. Civ. P. 26(b)(1) as being unduly burdensome in that it would require days of

23

work compiling information from various sources, more particularly the Waybackmachine

24

available at the URL http://web.archive.org/ that is equally available to requesting party and will

25

not be produced therefor..  With respect to documents and things within possession custody or

control of OUTDOOR PRO SHOP, INC. and without waiving the foregoing objections

OUTDOOR PRO SHOP, INC. will produce documents that satisfy this request.

REQUEST FOR PRODUCTION NO. 80:

All documents and things that support or undermine Your allegation that "Upon information and believe, OUTDOOR PRO SHOP, INC. contends that the MONSTER FISHING marks show in TABLE 1 as 2, 4, 5, 6, 8 and 9 are inherently distinctive" in paragraph 6 of the First Amended Complaint.

RESPONSE TO REQUEST FOR PRODUCTION NO. 80:

OUTDOOR PRO SHOP, INC. objects to the request as being duplicative as documents demonstrating the first use of the marks up to today have been previous provided in response to the earlier set of request for production numbers 1-14 propounded by Requesting Party upon OUTDOOR PRO SHOP, INC.  OUTDOOR PRO SHOP, INC. also objects to this request pursuant to Fed R. Civ. P. 26(b)(1) as being unduly burdensome in that it would require days of work compiling information from various sources, more particularly the Waybackmachine available at the URL http://web.archive.org/ that is equally available to requesting party and will not be produced therefor..  With respect to documents and things within possession custody or control of OUTDOOR PRO SHOP, INC. and without waiving the foregoing objections OUTDOOR PRO SHOP, INC. will produce documents that satisfy this request.

REQUEST FOR PRODUCTION NO. 81:

All documents and things that support or undermine Your allegation that the "goods of OUTDOOR PRO SHOP, INC. and MONSTER ENERGY COMPANY are through the same channels of trade and offered and sold to the same class of purchasers" as stated in paragraph 9 of the First Amended Complaint and paragraph 9 of the Complaint.

RESPONSE TO REQUEST FOR PRODUCTION NO. 81:

OUTDOOR PRO SHOP, INC. objects to the request as being duplicative as documents demonstrating the first use of the marks up to today have been previous provided in response to the earlier set of request for production numbers 1-14 propounded by Requesting Party upon OUTDOOR PRO SHOP, INC.  OUTDOOR PRO SHOP, INC. also objects to this request pursuant to Fed R. Civ. P. 26(b)(1) as being unduly burdensome in that it would require days of work compiling information from various sources, more particularly the Waybackmachine available at the URL http://web.archive.org/ that is equally available to requesting party and will not be produced therefor..  With respect to documents and things within possession custody or control of OUTDOOR PRO SHOP, INC. and without waiving the foregoing objections OUTDOOR PRO SHOP, INC. will produce documents that satisfy this request.

REQUEST FOR PRODUCTION NO. 82:

All documents and things that support or undermine Your allegation that "OUTDOOR PRO SHOP, INC.'s use of its MONSTER FISHING marks in the United States pre-dates MONSTER ENERGY COMPANY's use of the M MONSTER ENERGY trademark on many if not all of the goods at issue herein, namely hats and shirts…" as stated in paragraph 11 of the First Amended Complaint.

RESPONSE TO REQUEST FOR PRODUCTION NO. 82:

OUTDOOR PRO SHOP, INC. objects to the request as being duplicative as documents demonstrating the first use of the marks up to today have been previous provided in response to the earlier set of request for production numbers 1-14 propounded by Requesting Party upon OUTDOOR PRO SHOP, INC.  OUTDOOR PRO SHOP, INC. also objects to this request pursuant to Fed R. Civ. P. 26(b)(1) as being unduly burdensome in that it would require days of work compiling information from various sources, more particularly the Waybackmachine available at the URL http://web.archive.org/ that is equally available to requesting party and will not be produced therefor..  With respect to documents and things within possession custody or

control of OUTDOOR PRO SHOP, INC. and without waiving the foregoing objections

OUTDOOR PRO SHOP, INC. will produce documents that satisfy this request.

REQUEST FOR PRODUCTION NO. 83:

All documents and things that support or undermine Your allegation that "OUTDOOR PRO

SHOP, INC.'s use of its MONSTER FISHING marks in the United States with respect to the

other services [other than hats and shirts] used in connection with the MONSTER FISHING

marks, e.g., on-line retail store services featuring consumer goods for outdoor activities such as

fishing tackle., do not cause confusion with the same class of purchasers and/or do not upon

traverse the same channel of trade" as stated in paragraph 11 of the First Amended Complaint.

RESPONSE TO REQUEST FOR PRODUCTION NO. 83:

OUTDOOR PRO SHOP, INC. objects to the request as being duplicative as documents

demonstrating the first use of the marks up to today have been previous provided in response to

the earlier set of request for production numbers 1-14 propounded by Requesting Party upon

OUTDOOR PRO SHOP, INC.  OUTDOOR PRO SHOP, INC. also objects to this request

pursuant to Fed R. Civ. P. 26(b)(1) as being unduly burdensome in that it would require days of

work compiling information from various sources, more particularly the Waybackmachine

available at the URL http://web.archive.org/ that is equally available to requesting party and will

not be produced therefor..  With respect to documents and things within possession custody or

control of OUTDOOR PRO SHOP, INC. and without waiving the foregoing objections

OUTDOOR PRO SHOP, INC. will produce documents that satisfy this request.

REQUEST FOR PRODUCTION NO. 84:

All documents and things that support or undermine Your allegation that "MONSTER

ENERGY COMPANY's use of the term M MONSTER ENERGY will cause a likelihood of

confusion as to the source and quality of goods with those provided by OUTDOOR PRO SHOP,

INC. under its MONSTER FISHING marks with respect to hats, cups and clothing" as stated in paragraph 11 of the Complaint.

RESPONSE TO REQUEST FOR PRODUCTION NO. 84:

OUTDOOR PRO SHOP, INC. objects to the request as being duplicative as documents demonstrating the first use of the marks up to today have been previous provided in response to the earlier set of request for production numbers 1-14 propounded by Requesting Party upon OUTDOOR PRO SHOP, INC.  OUTDOOR PRO SHOP, INC. also objects to this request pursuant to Fed R. Civ. P. 26(b)(1) as being unduly burdensome in that it would require days of work compiling information from various sources, more particularly the Waybackmachine available at the URL http://web.archive.org/ that is equally available to requesting party and will not be produced therefor..  With respect to documents and things within possession custody or control of OUTDOOR PRO SHOP, INC. and without waiving the foregoing objections OUTDOOR PRO SHOP, INC. will produce documents that satisfy this request.

REQUEST FOR PRODUCTION NO. 85:

All documents and things that support or undermine Your allegation that "MONSTER ENERGY COMPANY's use of the term M MONSTER ENERGY will cause a likelihood of confusion as to the source and quality of goods with those provided by OUTDOOR PRO SHOP, INC. under its MONSTER FISHING marks with respect to hats and shirts" as stated in paragraph 11 of the First Amended Complaint.

RESPONSE TO REQUEST FOR PRODUCTION NO. 85:

OUTDOOR PRO SHOP, INC. objects to the request as being duplicative as documents demonstrating the first use of the marks up to today have been previous provided in response to the earlier set of request for production numbers 1-14 propounded by Requesting Party upon OUTDOOR PRO SHOP, INC.  OUTDOOR PRO SHOP, INC. also objects to this request pursuant to Fed R. Civ. P. 26(b)(1) as being unduly burdensome in that it would require days of

work compiling information from various sources, more particularly the Waybackmachine available at the URL http://web.archive.org/ that is equally available to requesting party and will not be produced therefor..  With respect to documents and things within possession custody or control of OUTDOOR PRO SHOP, INC. and without waiving the foregoing objections OUTDOOR PRO SHOP, INC. will produce documents that satisfy this request.

REQUEST FOR PRODUCTION NO. 86:

All documents and things that support or undermine Your allegation that, as "a direct and proximate result of MONSTER ENERGY COMPANY's infringing activities, OUTDOOR PRO SHOP, INC. has suffered substantial damage" as stated in paragraph 14 of the First Amended Complaint.

RESPONSE TO REQUEST FOR PRODUCTION NO. 86:

OUTDOOR PRO SHOP, INC. objects to the request as being duplicative as documents demonstrating the first use of the marks up to today have been previous provided in response to the earlier set of request for production numbers 1-14 propounded by Requesting Party upon OUTDOOR PRO SHOP, INC.  OUTDOOR PRO SHOP, INC. also objects to this request pursuant to Fed R. Civ. P. 26(b)(1) as being unduly burdensome in that it would require days of work compiling information from various sources, more particularly the Waybackmachine available at the URL http://web.archive.org/ that is equally available to requesting party and will not be produced therefor..  With respect to documents and things within possession custody or control of OUTDOOR PRO SHOP, INC. and without waiving the foregoing objections OUTDOOR PRO SHOP, INC. will produce documents that satisfy this request.

REQUEST FOR PRODUCTION NO. 87:

All documents and things that support or undermine Your allegation that "OUTDOOR PRO SHOP, INC. is entitled to injunctive relief and an order that MONSTER ENERGY COMPANY

54

1    disgorge all profits on the manufacture, use, display or sale of infringing goods" as stated in

2    paragraph 21 of the First Amended Complaint.

3         RESPONSE TO REQUEST FOR PRODUCTION NO. 87:

4         OUTDOOR PRO SHOP, INC. objects to the request as being duplicative as documents

5    demonstrating the first use of the marks up to today have been previous provided in response to

6    the earlier set of request for production numbers 1-14 propounded by Requesting Party upon

7    OUTDOOR PRO SHOP, INC.  OUTDOOR PRO SHOP, INC. also objects to this request

8    pursuant to Fed R. Civ. P. 26(b)(1) as being unduly burdensome in that it would require days of

9    work compiling information from various sources, more particularly the Waybackmachine

10   available at the URL http://web.archive.org/ that is equally available to requesting party and will

11   not be produced therefor..  With respect to documents and things within possession custody or

12   control of OUTDOOR PRO SHOP, INC. and without waiving the foregoing objections

13   OUTDOOR PRO SHOP, INC. will produce documents that satisfy this request.

14

15        September 23, 2021

16

17

18   _____

19   LAW OFFICES OF KENNETH C. BROOKS
     KENNETH C. BROOKS
20   Law Office of Kenneth C. Brooks
     5329 Thunder Ridge Circle
21   Rocklin, California 95765
     408 368-7997
22   Attorney for Plaintiff

23

24

25

CERTIFICATE OF SERVICE

I am an attorney who is a member of the State Bar of California and of the bar of the Federal Court for the Northern District of California having a place of business at 5329 Thunder Ridge Circle Rocklin, California 95765

On September 23, 2021, I served the PLAINTIFF OUTDOOR PRO SHOP, INC.'S RESPONSES TO MONSTER ENERGY COMPANY'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 15-87) with documents bates numbered P000115-P000220 and P000269-P004299 on counsel shown to the address indicated below:


Alexander Zeng
KNOBBE, MARTENS, OLSON & BEAR, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Email: alexander.zeng@knobbe.com


Attorneys for Defendant/ Counterclaimant, Monster Energy Company

Executed on September 23, 2021, at Placer County, California.

/s/ Kenneth C. Brooks

Kenneth C. Brooks SBN 167,792