# EXHIBIT J

Kenneth C Brooks (SBN 167,792)
Law Offices of Kenneth Brooks
5329 Thunder Ridge Circle
Rocklin, California 95765
Tel: 408 368-7997
Fax: 877 730-4315
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OUTDOOR PRO SHOP, INC., <br> Plaintiff, <br> vs. <br> MONSTER ENERGY COMPANY, <br> Defendant. | Case No.:  5:20-cv-005999-BLF <br><br> PLAINTIFF OUTDOOR PRO SHOP, INC.'S AMENDED RESPONSES TO MONSTER ENERGY COMPANY'S INTERROGATORIES <br><br> SET: ONE |

PROPOUNDING PARTY:    MONSTER ENERGY COMPANY

RESPONDING PARTY:    OUTDOOR PRO SHOP, INC.

SET NUMBER:    ONE

To MONSTER ENERGY COMPANY AND ITS ATTORNEYS OF RECORD:

Pursuant to Fed. R. Civ. P. 33, OUTDOOR PRO SHOP, INC. hereby provides amended responses and objections to MONSTER ENERGY COMPANY's SET NUMBER ONE of interrogatories.

1. OUTDOOR PRO SHOP, INC. objects to MONSTER ENERGY COMPANY instructions and definitions to the extent they seek disclosure of information protected by the attorney client privilege and/or the attorney work product doctrine. Furthermore, OUTDOOR

1

PRO SHOP, INC. objects to the interrogatories to the extent that they seek information from any and all agents, attorneys, investigators, consultants, experts, and other representatives OUTDOOR PRO SHOP, INC. has retained.

2. OUTDOOR PRO SHOP, INC. objects to each and every interrogatory to the extent that they call for information to which MONSTER ENERGY COMPANY has equal or greater access than OUTDOOR PRO SHOP, INC.

3. OUTDOOR PRO SHOP, INC. objects to each and every interrogatory to the extent that they require OUTDOOR PRO SHOP, INC. to obtain and compile information from third parties.

4. OUTDOOR PRO SHOP, INC objects to MONSTER ENERGY COMPANY's definition of "you" and "your" to the extent that MONSTER ENERGY COMPANY seeks to obtain information outside OUTDOOR PRO SHOP, INC.'s personal knowledge and/or seeks information protected by the attorney client privilege and/or work product doctrine.

6. OUTDOOR PRO SHOP, INC. objects to these interrogatories to the extent that they purport to impose duties and obligations which exceed or are different than those imposed by the Federal Rules of Civil Procedure or Court orders in this action.

7. OUTDOOR PRO SHOP, INC. objects to the interrogatories to the extent they call for a duplicate production of documents previously produced to MONSTER ENERGY COMPANY.

8. OUTDOOR PRO SHOP, INC. objects to each and every interrogatory to the extent they call for information protected by the United States Constitution and any applicable statutes, including, but not limited to, the right of privacy.

9. OUTDOOR PRO SHOP, INC. objects to each and every interrogatory based upon the definition of OPS's marks as set forth in the interrogatory as no longer being relevant to the action due to its narrow definition in light of the First Amended Complaint on file in the instant action; rather, the definition of OPS's marks is interpreted for purposes of this response so as to include the following marks:

| Trademark | U.S. Trademark Application No. | Filing Date | Date of First Use | Internat'l Class |
|---|---|---|---|---|

| 1. MONSTERFISHINGTACKLE.COM | 90325371 | Nov. 17, 2020 | at least by May 7, 2008 | 25 apparel namely hats and shirts |
|---|---|---|---|---|
| 2. [logo] | 90448706 | Jan. 5, 2021 | at least by Aug. 13, 2020 | 25 apparel namely hats |
| 3. MONSTERFISHINGTACKLE.COM | 90325312 | Nov. 17, 2020 | at least by Apr. 1, 2008 | 35 |
| 4. MONSTER | 90360319 | Dec. 04, 2020 | at least by Oct. 1, 2008 | 25 apparel namely hats and shirts |
| 5. [MONSTER logo] | 88568305 | Aug. 6, 2019 | at least by Oct. 1, 2008 | 35 Retail store services featuring products related to fishing, namely, rods, reels, tackle, bait, knives, books, clothing, footwear, camping equipment, watches, eye glasses, binoculars, and gift novelties; Retail store |

3

| | | | | |
|---|---|---|---|---|
| | | | | services featuring fishing-related products; On-line retail store services featuring products related to fishing, namely, rods, reels, tackle, bait, knives, books, clothing, footwear, camping equipment, watches, eye glasses, binoculars, and gift novelties; On-line retail store services featuring fishing-related products. |
| 6. MONSTER | unfiled | unfiled | at least by Apr 25, 2008 | 35 On-line retail store services featuring consumer goods for outdoor activities such as |

4

| | | | | |
|---|---|---|---|---|
| | | | | fishing tackle. . |
| 7. MONSTER FISHING TACKLE | 88448889 | May 28, 2019 | at least by Dec 24, 2008 | 35 On-line retail store services featuring consumers goods for outdoor activities such as fishing tackle. |
| 8. | unfiled | unfiled | at least by Dec. 24, 2008 | 35 On-line retail store services featuring consumer goods for outdoor activities such as fishing tackle. |
| 9. | unfiled | unfiled | at least by Dec. 15, 2008 | 35 On-line retail store services featuring consumer goods for |

5

| | | | | outdoor activities such as fishing tackle. |
|---|---|---|---|---|

**SPECIFIC AMENDED OBJECTIONS AND AMENDED RESPONSES**

INTERROGATORY NO. 1:

For each category of product (goods or services) identified in Monster's Request for Production Nos. 1-13, describe the first use in commerce of the OPS marks in that product category.  Your description should at least include the names and model numbers of the first product(s) sold under an OPS Mark in the product category; the specific OPS mark(s) used in connection with each of those products and the manner in which each mark was used (e.g., printed on the product, displayed on the packaging); where each of those products was sold (e.g., online, in OPS stores, through catalogs) and its retail price; the time period during which each of those products was offered for sale; and the date each of those products was first sold.

RESPONSE TO NO. 1:

OUTDOOR PRO SHOP, INC. incorporates its General Objections in response to this interrogatory.  OUTDOOR PRO SHOP, INC. also objects to this interrogatory as being unintelligible resulting from the definition, or lack thereof, provided by MONSTER ENERGY COMPANY with respect to the term "where ".  In its normal sense the term where is a geographic locator and is interpreted as such.  Moreover, clarification provided "e.g., online, in OPS stores, through catalogs" does not assist, because selling online is the same as selling through a catalog.  In fact, NICE CLASSIFICATION includes a class for electronic catalog sales.  Thus, there is no distinction between online and catalog sells and merely adds to the ambiguity and therefore, the unintelligibility of the interrogatory.   OUTDOOR PRO SHOP,

INC. also objects to this interrogatory as being overly broad in that is seeks confidential information as to which manner of business is more lucrative for OUTDOOR PRO SHOP, INC., and can provided MONSTER ENERGY COMPANY a competitive advantage as it can use this discovery to more advantageously compete with OUTDOOR PRO SHOP.  Along those lines information concerning the manner in which sales are effectuated, brick and mortar, online catalogs, etc. is irrelevant to the issues presented in this action and not reasonably calculated to lead to the discovery of admissible evidence.  The use in commerce has been clearly defined as being commensurate with the definition being commensurate with 15 U.S.C. § 1127.  OUTDOOR PRO SHOP, INC. also objects to this interrogatory as overly broad as being unduly burdensome and oppressive considering that OUTDOOR PRO SHOP has approximately 36,000 products that it sales through its website rendering impossible to every product sold as much of the information is not readily obtainable .  Moreover, compiling a list of every product by which to make a determination and to provide the parameters required by this interrogatory could easily result in years of work.  Assuming, *arguendo*, 100 products sold per day over 21 years, the interrogatory could be interpreted as requesting over 750,000 data points for which you request different characteristics of each data point, which may require analyzing approximately 5,250,000 data points examined.  This is clearly overly burdensome.  OUTDOOR PRO SHOP, INC. interprets the term "product category", which is unintelligible for not being defined by MONSTER ENERGY COMPANY as being products associated with a particular Nice Classification so that were there multiple products contained in a single trademark/service mark class OUTDOOR PRO SHOP, INC. interprets the interrogatory as requesting only the first sale of one of the products of said class and the first date of sale of each product within a particular class, as opposed to each sale of a particular product.  Without waiving the foregoing objections and in light of the foregoing clarification, OUTDOOR PRO SHOP, INC. elects to respond to this interrogatory by specifying the following records from which the answer may be derived or

1  ascertained, with the understanding that each of the OPS marks shown therein is continued to be
2  used as of the date of this response: Bates numbers: P000001- P000114.  With respect to
3  Interrogatory Number 1, all relevant sales were online. Document number P000114 is a list of
4  the relevant sales information for said sales. Specifically, column B of P000114 is a description
5  of the good category in which sales occurred. Column C indicates the date of the sale. Column D
6  indicates the order number. Many of these orders have been produced. In fact when there is an
7  order number, it has been produced. If an order number is omitted, there was no corresponding
8  document to produce. Column E is a detailed description of the item sold. As noted there are
9  other trademarks associated with the items, because these are online sales. As a result, it is the
10 electronic catalog through which these sales have occurred. Therefore, third party products are
11 also the subject of the sales.

*[signature: Kenneth C. Brooks]*

LAW OFFICES OF KENNETH C. BROOKS
KENNETH C. BROOKS
Law Office of Kenneth C. Brooks
5329 Thunder Ridge Circle
Rocklin, California 95765
408 368-7997
Attorney for Plaintiff

**VERIFICATION**

I declare under penalty of perjury that these responses are true and correct.

Dated: _____    Signed: _____

   Tim Elie
   Vice President
   OUTDOOR PRO SHOP, INC.

OUTDOOR PRO SHOP, INC.'S AMENDED RESPONSES TO MONSTER ENERGY COMPANY'S INTERROGATORIES