# EXHIBIT L

1  Kenneth C Brooks (SBN 167,792)
   Law Offices of Kenneth Brooks
2  5329 Thunder Ridge Circle
   Rocklin, California 95765
3  Tel: 408 368-7997
   Fax: 877 730-4315
4  Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| OUTDOOR PRO SHOP, INC., | ) Case No.: 5:20-cv-005999-BLF |
|---|---|
| Plaintiff, | ) |
| vs. | ) PLAINTIFF OUTDOOR PRO SHOP, INC.'S |
| | ) SUPPLEMENTAL RESPONSES TO |
| MONSTER ENERGY COMPANY, | ) MONSTER ENERGY COMPANY'S |
| | ) INTERROGATORIES |
| Defendant. | ) |
| | ) SET: ONE |

PROPOUNDING PARTY:   MONSTER ENERGY COMPANY

RESPONDING PARTY:    OUTDOOR PRO SHOP, INC.

SET NUMBER:          ONE

To MONSTER ENERGY COMPANY AND ITS ATTORNEYS OF RECORD:

Pursuant to Fed. R. Civ. P. 33, OUTDOOR PRO SHOP, INC. hereby supplementally responds and objects to MONSTER ENERGY COMPANY's SET NUMBER ONE of interrogatories.

1.  OUTDOOR PRO SHOP, INC. objects to MONSTER ENERGY COMPANY instructions and definitions to the extent they seek disclosure of information protected by the attorney client privilege and/or the attorney work product doctrine. Furthermore, OUTDOOR

1

PRO SHOP, INC. objects to the interrogatories to the extent that they seek information from any and all agents, attorneys, investigators, consultants, experts, and other representatives OUTDOOR PRO SHOP, INC. has retained.

2. OUTDOOR PRO SHOP, INC. objects to each and every interrogatory to the extent that they call for information to which MONSTER ENERGY COMPANY has equal or greater access than OUTDOOR PRO SHOP, INC.

3. OUTDOOR PRO SHOP, INC. objects to each and every interrogatory to the extent that they require OUTDOOR PRO SHOP, INC. to obtain and compile information from third parties.

4. OUTDOOR PRO SHOP, INC objects to MONSTER ENERGY COMPANY's definition of "you" and "your" to the extent that MONSTER ENERGY COMPANY seeks to obtain information outside OUTDOOR PRO SHOP, INC.'s personal knowledge and/or seeks information protected by the attorney client privilege and/or work product doctrine.

6. OUTDOOR PRO SHOP, INC. objects to these interrogatories to the extent that they purport to impose duties and obligations which exceed or are different than those imposed by the Federal Rules of Civil Procedure or Court orders in this action.

7. OUTDOOR PRO SHOP, INC. objects to the interrogatories to the extent they call for a duplicate production of documents previously produced to MONSTER ENERGY COMPANY.

8. OUTDOOR PRO SHOP, INC. objects to each and every interrogatory to the extent they call for information protected by the United States Constitution and any applicable statutes, including, but not limited to, the right of privacy.

9. OUTDOOR PRO SHOP, INC. objects to each and every interrogatory based upon the definition of OPS's marks as set forth in the interrogatory as no longer being relevant to the action due to its narrow definition in light of the First Amended Complaint on file in the instant action; rather, the definition of OPS's marks is interpreted for purposes of this response so as to include the following marks:

| Trademark | U.S. Trademark Application No. | Filing Date | Date of First Use | Internat'l Class |
|---|---|---|---|---|

| # | Mark | Serial No. | Filed | First Use | Class / Goods |
|---|---|---|---|---|---|
| 1. | MONSTERFISHINGTACKLE.COM | 90325371 | Nov. 17, 2020 | at least by May 7, 2008 | 25 apparel namely hats and shirts |
| 2. | [MONSTER logo] | 90448706 | Jan. 5, 2021 | at least by Aug. 13, 2020 | 25 apparel namely hats |
| 3. | MONSTERFISHINGTACKLE.COM | 90325312 | Nov. 17, 2020 | at least by Apr. 1, 2008 | 35 |
| 4. | MONSTER | 90360319 | Dec. 04, 2020 | at least by Oct. 1, 2008 | 25 apparel namely hats and shirts |
| 5. | [MONSTER logo] | 88568305 | Aug. 6, 2019 | at least by Oct. 1, 2008 | 35 Retail store services featuring products related to fishing, namely, rods, reels, tackle, bait, knives, books, clothing, footwear, camping equipment, watches, eye glasses, binoculars, and gift novelties; Retail store |

3

| | | | | |
|---|---|---|---|---|
| | | | | services featuring fishing-related products; On-line retail store services featuring products related to fishing, namely, rods, reels, tackle, bait, knives, books, clothing, footwear, camping equipment, watches, eye glasses, binoculars, and gift novelties; On-line retail store services featuring fishing-related products. |
| 6. MONSTER | unfiled | unfiled | at least by Apr 25, 2008 | 35 On-line retail store services featuring consumer goods for outdoor activities such as |

4

| | | | | |
|---|---|---|---|---|
| | | | | fishing tackle. . |
| 7. MONSTER FISHING TACKLE | 88448889 | May 28, 2019 | at least by Dec 24, 2008 | 35 On-line retail store services featuring consumers goods for outdoor activities such as fishing tackle. |
| 8. ![logo] | unfiled | unfiled | at least by Dec. 24, 2008 | 35 On-line retail store services featuring consumer goods for outdoor activities such as fishing tackle. |
| 9. ![logo] | unfiled | unfiled | at least by Dec. 15, 2008 | 35 On-line retail store services featuring consumer goods for |

| | | | | outdoor activities such as fishing tackle. |
|---|---|---|---|---|

## SPECIFIC OBJECTIONS AND SUPPLEMENTAL RESPONSES

INTERROGATORY NO. 1:

For each category of product (goods or services) identified in Monster's Request for Production Nos. 1-13, describe the first use in commerce of the OPS marks in that product category.  Your description should at least include the names and model numbers of the first product(s) sold under an OPS Mark in the product category; the specific OPS mark(s) used in connection with each of those products and the manner in which each mark was used (e.g., printed on the product, displayed on the packaging); where each of those products was sold (e.g., online, in OPS stores, through catalogs) and its retail price; the time period during which each of those products was offered for sale; and the date each of those products was first sold.

**SUPPLEMENTAL RESPONSE TO NO. 1:**

OUTDOOR PRO SHOP, INC. incorporates its General Objections in response to this interrogatory.  OUTDOOR PRO SHOP, INC. also objects to this interrogatory as being unintelligible resulting from the definition, or lack thereof, provided by MONSTER ENERGY COMPANY with respect to the term "where ".  In its normal sense the term where is a geographic locator and is interpreted as such.  Moreover, clarification provided "e.g., online, in OPS stores, through catalogs" does not assist, because selling online is the same as selling through a catalog.  In fact, NICE CLASSIFICATION includes a class for electronic catalog sales.  Thus, there is no distinction between online and catalog sells and merely adds to the ambiguity and therefore, the unintelligibility of the interrogatory.   OUTDOOR PRO SHOP,

INC. also objects to this interrogatory as being overly broad in that is seeks confidential information as to which manner of business is more lucrative for OUTDOOR PRO SHOP, INC., and can provided MONSTER ENERGY COMPANY a competitive advantage as it can use this discovery to more advantageously compete with OUTDOOR PRO SHOP.  Along those lines information concerning the manner in which sales are effectuated, brick and mortar, online catalogs, etc. is irrelevant to the issues presented in this action and not reasonably calculated to lead to the discovery of admissible evidence.  The use in commerce has been clearly defined as being commensurate with the definition being commensurate with 15 U.S.C. § 1127.  OUTDOOR PRO SHOP, INC. also objects to this interrogatory as overly broad as being unduly burdensome and oppressive considering that OUTDOOR PRO SHOP has approximately 36,000 products that it sales through its website rendering impossible to every product sold as much of the information is not readily obtainable .  Moreover, compiling a list of every product by which to make a determination and to provide the parameters required by this interrogatory could easily result in years of work.  Assuming, *arguendo*, 100 products sold per day over 21 years, the interrogatory could be interpreted as requesting over 750,000 data points for which you request different characteristics of each data point, which may require analyzing approximately 5,250,000 data points examined.  This is clearly overly burdensome.  OUTDOOR PRO SHOP, INC. interprets the term "product category", which is unintelligible for not being defined by MONSTER ENERGY COMPANY as being products associated with a particular Nice Classification so that were there multiple products contained in a single trademark/service mark class OUTDOOR PRO SHOP, INC. interprets the interrogatory as requesting only the first sale of one of the products of said class and the first date of sale of each product within a particular class, as opposed to each sale of a particular product.  Without waiving the foregoing objections and in light of the foregoing clarification, OUTDOOR PRO SHOP, INC. elects to respond to this interrogatory by specifying the following records from which the answer may be derived or

ascertained, with the understanding that each of the OPS marks shown therein is continued to be used as of the date of this response: Bates numbers: P000001- P000114, with the understanding that P000077 is a 30oz version of the Monster Mug and P000039 refers to a 20oz Monster Mug having the same logo as seen in P000077.

INTERROGATORY NO. 2:

Identify all magazines, websites, social media, televisions stations, radio stations and other marketing channels in which OPS has advertised any of its products since 2000, whether or not the product was branded with an OPS Mark.

**SUPPLEMENTAL RESPONSE TO NO. 2:**

OUTDOOR PRO SHOP, INC. incorporates its General Objections in response to this interrogatory. OUTDOOR PRO SHOP, INC.  OUTDOOR PRO SHOP, INC. objects to this interrogatory as being unintelligible due to the phrase "other marketing channels" as this phrase is not defined by MONSTER ENERGY COMPANY and subject to a myriad of interpretations the reasons of which is manifold.  First the definition of the term "marketing" in unknown.  It could include anything from an individual wearing a shirt to another individual making a positive or negative comment about OUTDOOR PRO SHOP, INC.  OUTDOOR PRO SHOP, INC. has not means by which to determine the extent of marketing that occurs once products purchased by patron are used.  It is impossible to ascertain how many conversations have occurred between individuals concerning OUTDOOR PRO SHOP, INC.  It should be borne in mind that OUTDOOR PRO SHOP has approximately 36,000 products that it sales through its website rendering impossible to determine in every region or culture said products traverse to determine what channel is defined by the movement of said goods and the content of the conversations about the same.  OUTDOOR PRO SHOP, INC. also objects to this interrogatory as being overly broad and burdensome as it will require to reach out to third parties over which it has no control to acquire documents that are over twenty years old as many of the relevant documents are no

longer in the possession custody or control of OUTDOOR PRO SHOP, INC.  A list of third parties that may have records of the categories of documents that are sought are located at the following newspapers:  Sonoma County Press Democrat; San Francisco Chronicle; Oakland Tribune; Rohnert Park Community Voice; Sonoma Index Tribune; Napa Valley Register; Healdsburg Tribune; Ukiah Daily Journal; The Fish Sniffer; Western Outdoor News; California Sportsman; Salmon Trout Steelhead; Steelhead Journal; The East Bay News; Mercury Times; Marin Independent Journal; The Argus Courier; Alameda Times Star; Tri Valley Herald; Vallejo Times Herald; Fish Taco Chronicles; The Sacramento Bee; Point Reyes Light.  OUTDOOR PRO SHOP, INC. also objects to this interrogatory as overly in that it is not narrowed to seeking information about OUTDOOR PRO SHOP, INC.'s use of OPS marks and rather appears to be an unduly oppressive as it seeks all business information related to virtually all marketing activities of OUTDOOR PRO SHOP, INC.'s in the last 21 years most of which contains information that is neither relevant to the claims in this action nor reasonably calculated to lead to the discovery of admissible evidence.  The interrogatory, on its face, does not distinguished between marketing related to the marks at issue in the action from marketing for other purposes, such as forming strategic alliance, materials acquired from third parties for purposes of marketing third party goods in marketing in a retail brick and mortar retail establishment from those materials purchased containing OPS marks.  Finally, it is impossible for OUTDOOR PRO SHOP, INC. to know the extent of the documents within this category, because records of the same are not sufficiently maintained so as to know what marketing materials were purchased given the broad scope of the interrogatory.  OUTDOOR PRO SHOP, INC. also objects to this interrogatory as much of the information is equally available to MONSTER ENERGY COMPANY through publically available sources, such as the wayback machine, which is located at http://www.waybackmachine.com.  Without waiving the foregoing objections and in light of the foregoing clarification, OUTDOOR PRO SHOP, INC. elects to respond to this interrogatory by

1  specifying the following records from which the answer may be derived or ascertained, with the
2  understanding that each of the OPS marks shown therein is continued to be used as of the date of
3  this response:  Bates numbers: P000046- P000061 and P000088- P000113.  Additionally
4  OUTDOOR PRO SHOP, INC. responds by incorporating its response to Interrogatory No. 7 as if
5  fully set forth herein.

Dated January 20, 2022

                                        LAW OFFICES OF KENNETH C. BROOKS
                                        KENNETH C. BROOKS
                                        Law Office of Kenneth C. Brooks
                                        5329 Thunder Ridge Circle
                                        Rocklin, California 95765
                                        408 368-7997
                                        Attorney for Plaintiff

## VERIFICATION

I declare under penalty of perjury that these responses are true and correct.


Dated: _____ Signed: _____
                                                           Kenneth S. Elie
                                                           Vice President
                                                           OUTDOOR PRO SHOP, INC.

OUTDOOR PRO SHOP, INC.'S SUPPLEMENTAL RESPONSES TO MONSTER ENERGY COMPANY'S INTERROGATORIES

1  specifying the following records from which the answer may be derived or ascertained, with the
2  understanding that each of the OPS marks shown therein is continued to be used as of the date of
3  this response: Bates numbers: P000046- P000061 and P000088- P000113. Additionally
4  OUTDOOR PRO SHOP, INC. responds by incorporating its response to Interrogatory No. 7 as if
5  fully set forth herein.

Dated January 20, 2022

LAW OFFICES OF KENNETH C. BROOKS
KENNETH C. BROOKS
Law Office of Kenneth C. Brooks
5329 Thunder Ridge Circle
Rocklin, California 95765
408 368-7997
*Attorney for Plaintiff*

### VERIFICATION

I declare under penalty of perjury that these responses are true and correct.

Dated: 1-20-2022   Signed: _____

Kenneth S. Elie
Vice President
OUTDOOR PRO SHOP, INC.

10

OUTDOOR PRO SHOP, INC.'S SUPPLEMENTAL RESPONSES TO MONSTER ENERGY COMPANY'S INTERROGATORIES

CERTIFICATE OF SERVICE

I am an attorney who is a member of the State Bar of California and of the bar of the Federal Court for the Northern District of California having a place of business at 5329 Thunder Ridge Circle Rocklin, California 95765

On January 20, 2022, I served the PLAINTIFF OUTDOOR PRO SHOP, INC.'S SUPPLEMENTAL RESPONSES TO MONSTER ENERGY COMPANY'S INTERROGATORIES, SET ONE on counsel shown below via EMAIL:

Sean M. Murray
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Email: sean.murray@knobbe.com
AND

Alexander Zeng
KNOBBE, MARTENS, OLSON & BEAR, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Email: alexander.zeng@knobbe.com

Attorneys for Defendant/ Counterclaimant, Monster Energy Company

Executed on January 22, 2022at  Placer County, California.

/s/ Kenneth C. Brooks

Kenneth C. Brooks SBN 167,792