# EXHIBIT M

1   Kenneth C Brooks (SBN 167,792)
    Law Offices of Kenneth Brooks
2   5329 Thunder Ridge Circle
    Rocklin, California 95765
3   Tel: 408 368-7997
    Fax: 877 730-4315
4   Attorney for Plaintiff

5

6

7

8                   UNITED STATES DISTRICT COURT

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  OUTDOOR PRO SHOP, INC.,              )   Case No.:  5:20-cv-005999-BLF
                    Plaintiff,            )
12          vs.                          )   PLAINTIFF OUTDOOR PRO SHOP, INC.'S
                                         )   SUPPLEMENTAL/CORRECTED
13  MONSTER ENERGY COMPANY,              )   RESPONSES TO MONSTER ENERGY
                                         )   COMPANY'S INTERROGATORIES
14          Defendant.                   )
                                         )   SET: TWO
15                                       )
                                         )
16  _____ )

17  PROPOUNDING PARTY:    MONSTER ENERGY COMPANY

18  RESPONDING PARTY:     OUTDOOR PRO SHOP, INC.

19  SET NUMBER:           TWO

20      To MONSTER ENERGY COMPANY AND ITS ATTORNEYS OF RECORD:

21      Pursuant to Fed. R. Civ. P. 33, OUTDOOR PRO SHOP, INC. hereby provides

22  supplemental/corrected responses and objects to MONSTER ENERGY COMPANY's SET

23  NUMBER TWO of interrogatories.

24      1.   OUTDOOR PRO SHOP, INC. objects to MONSTER ENERGY COMPANY

25  instructions and definitions to the extent they seek disclosure of information protected by the

    attorney client privilege and/or the attorney work product doctrine. Furthermore, OUTDOOR

PRO SHOP, INC. objects to the interrogatories to the extent that they seek information from any and all agents, attorneys, investigators, consultants, experts, and other representatives OUTDOOR PRO SHOP, INC. has retained.

2. OUTDOOR PRO SHOP, INC. objects to each and every interrogatory to the extent that they call for information to which MONSTER ENERGY COMPANY has equal or greater access than OUTDOOR PRO SHOP, INC.

3. OUTDOOR PRO SHOP, INC. objects to each and every interrogatory to the extent that they require OUTDOOR PRO SHOP, INC. to obtain and compile information from third parties.

4. OUTDOOR PRO SHOP, INC objects to MONSTER ENERGY COMPANY's definition of "you" and "your" to the extent that MONSTER ENERGY COMPANY seeks to obtain information outside OUTDOOR PRO SHOP, INC.'s personal knowledge and/or seeks information protected by the attorney client privilege and/or work product doctrine.

6. OUTDOOR PRO SHOP, INC. objects to these interrogatories to the extent that they purport to impose duties and obligations which exceed or are different than those imposed by the Federal Rules of Civil Procedure or Court orders in this action.

7. OUTDOOR PRO SHOP, INC. objects to the interrogatories to the extent they call for a duplicate production of documents previously produced to MONSTER ENERGY COMPANY.

8. OUTDOOR PRO SHOP, INC. objects to each and every interrogatory to the extent they call for information protected by the United States Constitution and any applicable statutes, including, but not limited to, the right of privacy.

9. OUTDOOR PRO SHOP, INC. objects to each and every interrogatory based upon the definition of OPS's marks as set forth in the interrogatories as being too narrow in light of the First Amended Complaint on file in the instant action; rather, the definition of OPS's marks is interpreted for purposes of this response so as to include the following marks as well as the definition set forth in the Interrogatories:

| Trademark | U.S. Trademark Application No. | Filing Date | Date of First Use | Internat'l Class |
| --- | --- | --- | --- | --- |

| # | Mark | Serial | Filed | First Use | Class / Goods |
|---|------|--------|-------|-----------|---------------|
| 1. | MONSTERFISHINGTACKLE.COM | 90325371 | Nov. 17, 2020 | at least by May 7, 2008 | 25 apparel namely hats and shirts |
| 2. |  | 90448706 | Jan. 5, 2021 | at least by Aug. 13, 2020 | 25 apparel namely hats |
| 3. | MONSTERFISHINGTACKLE.COM | 90325312 | Nov. 17, 2020 | at least by Apr. 1, 2008 | 35 |
| 4. | MONSTER | 90360319 | Dec. 04, 2020 | at least by Oct. 1, 2008 | 25 apparel namely hats and shirts |
| 5. |  | 88568305 | Aug. 6, 2019 | at least by Oct. 1, 2008 | 35 Retail store services featuring products related to fishing, namely, rods, reels, tackle, bait, knives, books, clothing, footwear, camping equipment, watches, eye glasses, binoculars, and gift novelties; Retail store |

3

OUTDOOR PRO SHOP, INC.'S SUPPLEMENTAL/CORRECTED RESPONSES TO MONSTER ENERGY COMPANY'S

INTERROGATORIES, SET TWO

| | | | | |
|---|---|---|---|---|
| | | | | services featuring fishing-related products; On-line retail store services featuring products related to fishing, namely, rods, reels, tackle, bait, knives, books, clothing, footwear, camping equipment, watches, eye glasses, binoculars, and gift novelties; On-line retail store services featuring fishing-related products. |
| 6.<br><br>MONSTER | unfiled | unfiled | at least by Apr 25, 2008 | 35<br><br>On-line retail store services featuring consumer goods for outdoor activities such as |

4

| | | | | fishing tackle. . |
|---|---|---|---|---|
| 7. MONSTER FISHING TACKLE | 88448889 | May 28, 2019 | at least by Dec 24, 2008 | 35 On-line retail store services featuring consumers goods for outdoor activities such as fishing tackle. |
| 8.  | unfiled | unfiled | at least by Dec. 24, 2008 | 35 On-line retail store services featuring consumer goods for outdoor activities such as fishing tackle. |
| 9.  | unfiled | unfiled | at least by Dec. 15, 2008 | 35 On-line retail store services featuring consumer goods for |

OUTDOOR PRO SHOP, INC.'S SUPPLEMENTAL/CORRECTED RESPONSES TO MONSTER ENERGY COMPANY'S

INTERROGATORIES, SET TWO

| | | | | outdoor activities such as fishing tackle. |
|---|---|---|---|---|

**SPECIFIC OBJECTIONS AND SUPPLEMENTAL/CORRECTED RESPONSES**

INTERROGATORY NO. 7:

Describe all channels of trade through which You have provided goods or services in the United States under the OPS Marks, including by identifying each brick-and-mortar store, website, event or other channel through which such products have been sold, and by identifying documents sufficient to corroborate the information provided in Your response.

**SUPPLEMENTAL AND CORRECTED RESPONSE TO INTERROGATORY NO. 7:**

OUTDOOR PRO SHOP, INC. objects to the request as being unintelligible in view of the phrase "channels of trade " and the dearth of information on the definition provided by MONSTER ENERGY COMPANY so as to make responding to the request unreasonably difficult. Nonetheless, in the spirit of making a meaningful response OUTDOOR PRO SHOP, INC. interprets the phrase "channels of trade" to advertisements and documentation showing sales of goods/services used in connection with OPS Marks.  With that interpretation OUTDOOR PRO SHOP, INC. objects to the request as being duplicative as documents demonstrating the first use of the marks up to today have been previous provided in response to the earlier set of request for production numbers 1-14 propounded by Requesting Party upon OUTDOOR PRO SHOP, INC. OUTDOOR PRO SHOP, INC. also objects to this request pursuant to Fed R. Civ. P. 26(b)(1) as being unduly burdensome in that it would require days of work compiling information from various sources, more particularly the Wayback machine available at the URL

OUTDOOR PRO SHOP, INC.'S SUPPLEMENTAL/CORRECTED  RESPONSES TO MONSTER ENERGY COMPANY'S

INTERROGATORIES, SET TWO

1  http://web.archive.org/ that is equally available to Requesting Party, which are publically

2  available and supports OUTDOOR PRO SHOP, INC.'s objection that this interrogatory seeks

3  public information that is readily available to MONSTER ENERGY COMPANY.  Without

4  waiving the foregoing objections OUTDOOR PRO SHOP, INC. states that is sells its goods and

5  services through as many channels of trade as possible as it seeks as an ordinary purchaser any

6  angler of any age of any gender any socio-economic status, geographic location, educational

7  background and without differentiation.  To that end, OUTDOOR PRO SHOP, INC.  has

8  advertised in periodicals and the Internet, with the url for the websites through which

9  OUTDOOR PRO SHOP, INC. marketed being monsterfishingtackle.com and

10  outdoorproshop.com.  The following periodicals published advertisements of OUTDOOR PRO

11  SHOP, INC.:

12  Sonoma County Press Democrat 1993-to about 2012 every Thursday proximate to the fishing

13  report recited therein.

14  San Francisco Chronicle 1993-to about 2012 6 to 8 times a year.

15  Oakland Tribune 2001-2011 about weekly

16  Rohnert Park Community Voice-1993-to about 2012 once a month.

17  Sonoma Index Tribune-1993-to about 2012 approximately 6 times annually.

18  Napa Valley Register-1993-to about 2012 approximately 6 times annually

19  Healdsburg Tribune-1993-to about 2012 once a month near the fishing column written Hunt

20  Conrad.

21  Ukiah Daily Journal-1993-to about 2012 a few times a year.

22  The Fish Sniffer-1993-to about 2012 a few times a year.

23  Western Outdoor News-1993-to about 2012 a few times a year

24  California Sportsman-2010- one time

25  Salmon Trout Steelhead-1993-to about 2012 October, November and December annually

1  Steelhead Journal-2003-2012 one time a year

2  The East Bay News-2001-2011

3  San Jose Mercury Times-2001-to about 2012-monthly advertisement

4  Marin Independent Journal-1993-to about 2012 quarterly

5  The Petaluma Argus Courier-1993-to about 2012-monthly

6  Alameda Times Star-2001-2011 bi-annually

7  Tri Valley Herald-1993-to about 2012 bi-annually

8  Vallejo Times Herald-1993-to about 2012 bi-annually

9  Fish Taco Chronicles-2020 three months

10 The Sacramento Bee-2003-2012 bi-annually

11 Point Reyes Light-1993-to about 2012 bi-annually

12 May have others and will think of them later Ukiah to Sacramento, entire east bay to the entire

13 southbay.

14         OUTDOOR PRO SHOP, INC. elects to respond to this interrogatory by specifying the

15 following records from which the answer may be derived or ascertained by reference to bates

16 numbers: P000269 and .

17         INTERROGATORY NO. 10:

18         Describe in detail the factual bases for Your claim that Monster has infringed Your

19 alleged rights in the OPS Marks, including by identifying (by product name or product category)

20 the Monster goods and services that You contend infringe, the specific marks that are allegedly

21 infringed by each Monster product or product category, any facts that support Your view that

22 there is a likelihood of consumer confusion, and any documents that evidence the facts identified

23 in Your response.

24         **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10:**

25

1       OUTDOOR PRO SHOP, INC. states that the use of the term MONSTER on several

2   products, such as shirts in which it appears as the dominant portion of its trademark M

3   MONSTER ENERGY is likely to cause confusion with OUTDOOR PRO SHOP, INC.'s mark

4   MONSTER on class 25 goods, namely shirts.   Additionally, OUTDOOR PRO SHOP, INC.

5   elects to respond to this interrogatory by specifying the following records from which the answer

6   may be derived or ascertained by reference to bates numbers: P000115-P000220; MEC 023851-

7   53; MEC023856-867; MEC 23882; MEC023908-910; MEC23943, MEC23945, MEC023976;

8   MEC023977; MEC023982.

9       INTERROGATORY NO. 11:

10       Describe in detail any discussions of Monster or its trademarks, whether internal to OPS

11   or with third parties, including any discussions during the creation, design, selection,

12   development, adoption, clearance or approval of the OPS Marks.

13       **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11:**

14       Apart from Attorney-Client communications resulting from the instant lawsuit and the

15   Opposition filed by MONSTER ENERGY COMPANY to which OUTDOOR PRO SHOP, INC.

16   objects to providing information thereupon based upon Attorney-Client privilege there has been

17   no discussions of Monster or its trademarks, whether internal to OPS or with third parties,

18   including any discussions during the creation, design, selection, development, adoption,

19   clearance or approval of the OPS Marks, with the exception of discussions with an attorney

20   representing MONSTER ENERGY COMPANY, Clayton Henson,  who was handling an

21   opposition filed on behalf of MONSTER ENERGY COMPANY opposing the registration of

22   several marks which did not appear to be in good faith.   OUTDOOR PRO SHOP, INC. also

23   elects to respond to this interrogatory by specifying the following records from which the answer

24   may be derived or ascertained by reference to bates numbers: P000115-P000220; P000115-

25   

OUTDOOR PRO SHOP, INC.'S SUPPLEMENTAL/CORRECTED  RESPONSES TO MONSTER ENERGY COMPANY'S

INTERROGATORIES, SET TWO

P000220; MEC 023851-53; MEC023856-867; MEC 23882; MEC023908-910; MEC23943, MEC23945, MEC023976; MEC023977; MEC023982

INTERROGATORY NO. 13:

For each OPS Mark that You contend has acquired secondary meaning, describe in detail the factual basis for Your contention, including by identifying the date by which you contend the mark acquired secondary meaning and all documents that support Your contention.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 13:**

OUTDOOR PRO SHOP, INC. elects to respond to this interrogatory by specifying the following records from which the answer may be derived or ascertained by reference to bates numbers: P000001-P000045; P000087-P000114; P000115-P000220; P004301-P004315; P004300-P004315, P004317-P004322; and P004343-P004344.  In addition, OUTDOOR PRO SHOP, INC. states that its principal and several employees have over the years appeared a various fishing tournaments/competition, fishing retail shows to discuss and provide handouts using the OPS marks that incorporate the MONSTER term to advertise its goods and its store and website presence in addition to several years of advertising the mark in various fishing journals and online at its website outdorrproshop.com which may also be reached through the url monsterfishingtackle.com. Additionally, OUTDOOR PRO SHOP, INC. contends that the inherent distinctiveness of the OPS Marks coupled with the vast advertising and using of said OPS Marks for over a decade had generated secondary meaning.  The inherent distinctiveness of the marks requires consideration of how OUTDOOR PRO SHOP, INC. decides to create marks. More specifically, OUTDOOR PRO SHOP, INC.' principal, Kenneth S. Elie, decides upon the use of OPS marks after consideration of terms he perceived vis-à-vis years of life experience with fishing while learning the language and nomenclature used by anglers at numerous events, including fishing competitions, sales of goods and service related to fishing, and general social activities both in the United States, and around the globe on land and sea.  Information acquired

OUTDOOR PRO SHOP, INC.'S SUPPLEMENTAL/CORRECTED  RESPONSES TO MONSTER ENERGY COMPANY'S

INTERROGATORIES, SET TWO

from participating in these activities led Mr. Elie to recognize a term, MONSTER FISH, that he desired to be included in a trademark for products that he intended to sell through his business Outdoor Pro Shop, Inc.:  fishing tackle.  The term MONSTER FISH has associated with it positive experiences amongst anglers with nearly universal consensus that it is the goal of the fishing experience: to catch a MONSTER FISH.   As a result, Mr. Elie believes that anglers associate the term MONSTER FISH with friendly, helpful, or cooperative feelings or attitudes when fishing or discussing fishing experiences.  Confirmation of Mr. Elie's belief was realized through a search of the internet of the term "monster fish".  The search results provides a number of uses of the term "monster fish" in excess of 350,000,000.  Realizing that the term was extensively used by an overwhelming number of people, Mr. Elie decided that it would be suitable to include the term in a mark used to identify the source and quality of the fishing tackle sold by Outdoor Pro Shop, Inc. so as to suggest that those who use the fishing tackle would catch a MONSTER FISH; hence, the mark MONSTER FISHING TACKLE was created so as to suggest that the use of products from Outdoor Pro Shop, Inc. would result in an angler catching the MONSTER FISH.  Based upon the foregoing, the suggestiveness of the OPS Marks cannot be overstated and gives rise to the secondary meaning of the marks when coupled with the long use, superior products and advertising activity that OUTDOOR PRO SHOP, INC. has undertake for the better part of 13 years.  Additionally, OUTDOOR PRO SHOP, INC., incorporates its response to Interrogatory No. 7 as if fully set forth herein.

INTERROGATORY NO. 14:

Describe in detail the basis for Your claim for damages in this lawsuit, including the form(s) of damages (e.g., lost profits) You are claiming, the method and the basis for computing those damages, the time period for which You are claiming each form of damages, any documents that You contend support Your claim for damages, the identity of any persons with

11

knowledge that supports Your damages claim, and the type of information that each such person possesses.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14:**

While discovery is continuing and OUTDOOR PRO SHOP, INC. will update its answer to this interrogatory at present the allegations concerning damages are in good faith reliance upon the allegations set forth in its Notice of Opposition filed in Opposition number 91255229 and, at a minimum, the damages will be measured based he Lanham Act provides trademark owners five different types of monetary relief as compensation for infringement: an accounting of an MONSTER ENERGY COMPANY's profits made from infringing OUTDOOR PRO SHOP, INC.'s marks, as well as the damage for the loss of goodwill resulting from the activities of MONSTER ENERGY COMPANY's use of trademarks/service marks that that are substantially similar to OUTDOOR PRO SHOP, INC.s marks and constitutes infringement of the same.  The manner in which the damages will be ascertained will be based upon standard accounting practices and the process and procedures of the Federal Rules of Evidence and

////

////

////

////

////

////

////

////

////

////

////

12

Federal Rules of Civil Procedure.  At present in appears the OUTDOOR PRO SHOP, INC. will lose good will acquired through association of some of OPS Marks with those of MONSSTER ENEERGY COMPANY, e.g., the mark MONSTER.  As a result, OUTDOOR PRO SHOP, will have to undergo corrective advertising required to alleviate impact of MONSTER ENERGY COMPANY"s infringing activities on the consumer public and the infamy that will derive from the instant action.

January 20, 2022

LAW OFFICES OF KENNETH C. BROOKS
KENNETH C. BROOKS
Law Office of Kenneth C. Brooks
5329 Thunder Ridge Circle
Rocklin, California 95765
408 368-7997
Attorney for Plaintiff

## VERIFICATION

I declare under penalty of perjury that these responses are true and correct.

Dated: _____   Signed: _____

Kenneth S. Elie
President
OUTDOOR PRO SHOP, INC.

13

OUTDOOR PRO SHOP, INC.'S SUPPLEMENTAL/CORRECTED  RESPONSES TO MONSTER ENERGY COMPANY'S

INTERROGATORIES, SET TWO

1   Federal Rules of Civil Procedure.  At present it appears the OUTDOOR PRO SHOP, INC. will

2   lose good will acquired through association of some of OPS Marks with those of MONSSTER

3   ENEERGY COMPANY, e.g., the mark MONSTER.  As a result, OUTDOOR PRO SHOP, will

4   have to undergo corrective advertising required to alleviate impact of MONSTER ENERGY

5   COMPANY"s infringing activities on the consumer public and the infamy that will derive from

6   the instant action.

7          January 20, 2022

8

9

10                                                          *LAW OFFICES OF KENNETH C. BROOKS*
                                                            KENNETH C. BROOKS
11                                                          Law Office of Kenneth C. Brooks
                                                            5329 Thunder Ridge Circle
12                                                          Rocklin, California 95765
                                                            405 302 7057
13                                                          Attorney for Plaintiff

14

15

16

                                   **VERIFICATION**
17
                 I declare under penalty of perjury that these responses are true and correct.
18

19

20
     Dated:  1 - 20 - 2022 Signed:
21
                                                 Kenneth S. Elie
22                                               President
                                                 OUTDOOR PRO SHOP, INC.
23

24

25                                              15

CERTIFICATE OF SERVICE

I am an attorney who is a member of the State Bar of California and of the bar of the Federal Court for the Northern District of California having a place of business at 5329 Thunder Ridge Circle Rocklin, California 95765

On January 20, 2022, I served the PLAINTIFF OUTDOOR PRO SHOP, INC.'S SUPPLEMENTAL/CORRECTED RESPONSES TO MONSTER ENERGY COMPANY'S INTERROGATORIES, SET TWO on counsel shown below via EMAIL:

Sean M. Murray
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Email: sean.murray@knobbe.com
AND

Alexander Zeng
KNOBBE, MARTENS, OLSON & BEAR, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Email: alexander.zeng@knobbe.com


Attorneys for Defendant/ Counterclaimant, Monster Energy Company

Executed on January 22, 2022at  Placer County, California.

/s/ Kenneth C. Brooks

Kenneth C. Brooks SBN 167,792