# EXHIBIT N

Kenneth C Brooks (SBN 167,792)
Law Offices of Kenneth Brooks
5329 Thunder Ridge Circle
Rocklin, California 95765
Tel: 408 368-7997
Fax: 877 730-4315
Attorney for Plaintiff/Counter-Defendant

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OUTDOOR PRO SHOP, INC., <br>            Plaintiff, <br>     vs. <br><br> MONSTER ENERGY COMPANY, <br><br>        Defendant. | Case No.:  5:20-cv-005999-BLF <br><br> PLAINTIFF OUTDOOR PRO SHOP, INC.'S SUPPLEMENTAL/CORRECTED RESPONSES TO MONSTER ENERGY COMPANY'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, SET TWO |

PROPOUNDING PARTY:    MONSTER ENERGY COMPANY

RESPONDING PARTY:    OUTDOOR PRO SHOP, INC.

SET NUMBER:    TWO

To MONSTER ENERGY COMPANY AND ITS ATTORNEYS OF RECORD:

Pursuant to Fed. R. Civ. P. 34(b), OUTDOOR PRO SHOP, INC. hereby provides supplemental/corrective responses as well as objects to MONSTER ENERGY COMPANY's SET NUMBER ONE request for production of documents.

1.  OUTDOOR PRO SHOP, INC. objects to the date on which MONSTER ENERGY COMPANY demands production of responsive documents because it is less than the 30

1

day period for serving a written response set forth in FRCP 34(b).   Notwithstanding this objection, in the interest of ensuring that this case proceeds on an expedited basis, OUTDOOR PRO SHOP, INC. will attempt to produce its non-privileged, non objectionable responsive documents on a shortened time schedule.   However, OUTDOOR PRO SHOP, INC. reserves its right to produce documents after the 30 day time period.

2.   OUTDOOR PRO SHOP, INC. shall respond to the requests as if directed only at documents within its possession, custody or control.

3.   This response is based upon documents presently available to and located by OUTDOOR PRO SHOP, INC. and is given without prejudice to OUTDOOR PRO SHOP, INC. right to produce additional documents at a later date should they become located and available as a result of subsequent review of its records or as a result of additional investigation or discovery.

4.   By producing or failing to produce some or all of the requested documents, OUTDOOR PRO SHOP, INC. does not concede the relevance or materiality of any request or the subject to which it relates.

5.   OUTDOOR PRO SHOP, INC. objects to all requests to the extent they seek documents protected by the attorney-client privilege, attorney work product doctrine or any other applicable privilege.

6.   Inadvertent production of privileged information by OUTDOOR PRO SHOP, INC. shall not constitute waiver of any applicable privilege or doctrine, including, but not limited to, objections on the basis of competency, confidentiality, relevancy, materiality, privilege and/or admissibility as evidence as such objections may apply at trial or otherwise in this action.

8.   OUTDOOR PRO SHOP, INC. objects to the requests to the extent they call for a duplicate production of documents previously produced to MONSTER ENERGY COMPANY.

OUTDOOR PRO SHOP, INC.'S SUPPLEMENT/CORRECTED RESPONSES TO MONSTER ENERGY COMPANY'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

9.  OUTDOOR PRO SHOP, INC. objects to each and every request to the extent they call for information protected by the United States Constitution and any applicable statutes, including, but not limited to, the right of privacy.

10.  OUTDOOR PRO SHOP, INC. objects to each and every request based upon the definition of OPS's marks as set forth in the request having too narrow of a definition in light of the First Amended Complaint on file in the instant action; rather, the definition of OPS's marks is interpreted for purposes of this response so as to include the following marks, as well as the marks as defined in the requests:

| Trademark | U.S. Trademark Application No. | Filing Date | Date of First Use | Internat'l Class |
|---|---|---|---|---|
| 1. MONSTERFISHINGTACKLE.COM | 90325371 | Nov. 17, 2020 | at least by May 7, 2008 | 25 apparel namely hats and shirts |
| 2.  | 90448706 | Jan. 5, 2021 | at least by Aug. 13, 2020 | 25 apparel namely hats |
| 3. MONSTERFISHINGTACKLE.COM | 90325312 | Nov. 17, 2020 | at least by Apr. 1, 2008 | 35 |
| 4. MONSTER | 90360319 | Dec. 04, 2020 | at least by Oct. 1, 2008 | 25 apparel namely hats and shirts |
| 5.  | 88568305 | Aug. 6, 2019 | at least by Oct. 1, 2008 | 35 Retail store services featuring products |

3

| | | | | related to fishing, namely, rods, reels, tackle, bait, knives, books, clothing, footwear, camping equipment, watches, eye glasses, binoculars, and gift novelties; Retail store services featuring fishing-related products; On-line retail store services featuring products related to fishing, namely, rods, reels, tackle, bait, knives, books, clothing, footwear, camping equipment, watches, eye glasses, binoculars, and gift novelties; On-line retail store services |

| | | | | featuring fishing-related products. |
|---|---|---|---|---|
| 6.       MONSTER | unfiled | unfiled | at least by Apr 25, 2008 | 35<br>On-line retail store services featuring consumer goods for outdoor activities such as fishing tackle.<br>. |
| 7.<br>MONSTER FISHING TACKLE | 88448889 | May 28, 2019 | at least by Dec 24, 2008 | 35<br>On-line retail store services featuring consumers goods for outdoor activities such as fishing tackle. |
| 8.<br> | unfiled | unfiled | at least by Dec. 24, 2008 | 35<br>On-line retail store services featuring consumer |

5

| | | | | |
|---|---|---|---|---|
| | | | | goods for outdoor activities such as fishing tackle. |
| 9.  | unfiled | unfiled | at least by Dec. 15, 2008 | 35 On-line retail store services featuring consumer goods for outdoor activities such as fishing tackle. |

**SPECIFIC OBJECTIONS AND SUPPLEMENTAL/CORRECTED RESPONSES**

REQUEST FOR PRODUCTION NO. 18:

All documents that mention or refer to an OPS Mark, including documents that mention product names that include an OPS Mark (e.g., "MonsterFishingTackle.com Die-Cut Vinyl Sticker 9"x 3" – White").

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

OUTDOOR PRO SHOP, INC. incorporates its General Objections in response to this request and more specifically, Attorney-Client communications, such as communications between OUTDOOR PRO SHOP, INC. and its attorneys with respect to the preparation and filing of United States Trademark Applications for said marks and related to the instant action, as well as attorney work product, such as notes and mental impressions of the attorney with respect to the

6

attorney's representation of OUTDOOR PRO SHOP, INC. in the instant matter and before the

United States Trademark Office, none of which will be produced.  In addition, upon a reasonable

and diligent search there are some of the that would satisfy request are not within the possession,

custody or control of OUTDOOR PRO SHOP, INC. as the same are no longer in existence,

because they were of a limited run and early on in the existence of OUTDOOR PRO SHOP,

INC. fliers and stickers and other promotional materials were delivered by hand and much of the

record concerning the same are no longer in existence. In addition, upon a reasonable and

diligent search there are some communications that would satisfy the request that are not within

the possession, custody or control of OUTDOOR PRO SHOP, INC. because the same never

existed with respect to communications with vendors and inter-office communications as much

of the interactions between vendors and inter-office personnel was don over the telephone or by

word of mouth, i.e., face-to-face communication aka known as the sneaker-net.  OUTDOOR

PRO SHOP, INC. also objects to this request pursuant to Fed R. Civ. P. 26(b)(1) as being unduly

burdensome in that it would require several days of work compiling information from various

sources, more particularly the Waybackmachine available at the URL http://web.archive.org/ that

is equally available to requesting party and will not be produced therefor.  With respect to

documents and things within the possession custody or control of OUTDOOR PRO SHOP, INC.

and without waiving the foregoing objections and in light of the foregoing clarification,

OUTDOOR PRO SHOP, INC. will produce documents, such as pending trademark/ service

mark applications and associated documents.

REQUEST FOR PRODUCTION NO. 19:

All documents relating to the origin, conception, or adoption of the OPS Marks, including,

but not limited to, documents relating to how You created, conceived, selected or acquired the

OPS Marks.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

OUTDOOR PRO SHOP, INC. incorporates its General Objections in response to this request and more specifically, Attorney-Client communications, such as communications between OUTDOOR PRO SHOP, INC. and its attorneys with respect to the preparation and filing of United States Trademark Applications for said marks and related to the instant action, as well as attorney work product, such as notes and mental impressions of the attorney with respect to the attorney's representation of OUTDOOR PRO SHOP, INC. in the instant matter and before the United States Trademark Office, none of which will be produced.  In addition, upon a reasonable and diligent search there are some of the that would satisfy request are not within the possession, custody or control of OUTDOOR PRO SHOP, INC. as the same are no longer in existence, because the concept resulted from decades of familiarity of the fishing trade, including magazines, newspaper reports and other documentation ordinarily perceived at fishing activities which were not collected or stored.   OUTDOOR PRO SHOP, INC. also objects to this request pursuant to Fed R. Civ. P. 26(b)(1) as being unduly burdensome in that it would require days of work compiling information from various sources, more particularly the Waybackmachine available at the URL http://web.archive.org/ that is equally available to requesting party and will not be produced therefor..  With respect to documents and things with possession custody or control of OUTDOOR PRO SHOP, INC. and without waiving the foregoing objections and in light of the foregoing clarification, OUTDOOR PRO SHOP, INC. will produce documents, such as pending trademark/ service mark applications and associated documents.

REQUEST FOR PRODUCTION NO. 21:

Any physical or electronic files for an OPS Mark, including any design or development files.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

OUTDOOR PRO SHOP, INC. incorporates its General Objections in response to this request and more specifically, Attorney-Client communications, such as communications between OUTDOOR PRO SHOP, INC. and its attorneys with respect to the preparation and filing of

United States Trademark Applications for said marks and related to the instant action, as well as attorney work product, such as notes and mental impressions of the attorney with respect to the attorney's representation of OUTDOOR PRO SHOP, INC. in the instant matter and before the United States Trademark Office, none of which will be produced.  Additionally, OUTDOOR PRO SHOP, INC. also objects to this request as being unintelligible resulting from the definition, or lack thereof, provided by MONSTER ENERGY COMPANY for the phrases "design or development files".  OUTDOOR PRO SHOP, INC. interprets this phrase a meaning copies of the evolution of the OPS Marks from inception to present day.  In light of the foregoing interpretation of the phrase "design or development files" OUTDOOR PRO SHOP, INC. objects to the request as being duplicative as documents demonstrating the first use of the marks up to today have been previous provided in response to the earlier set of request for production numbers 1-14 propounded by Requesting Party upon OUTDOOR PRO SHOP, INC. OUTDOOR PRO SHOP, INC. also objects to this request pursuant to Fed R. Civ. P. 26(b)(1) as being unduly burdensome in that it would require days of work compiling information from various sources, more particularly the Waybackmachine available at the URL http://web.archive.org/ that is equally available to requesting party and will not be produced therefor..  With respect to documents and things within possession custody or control of OUTDOOR PRO SHOP, INC. and without waiving the foregoing objections and in light of the foregoing clarification, OUTDOOR PRO SHOP, INC. will produce documents, such as pending trademark/service mark applications and associated documents and will allow inspection of its facilities so that MONSTER ENERGY COMPANY can inspect its software system and printing machines that are responsive to this request.

REQUEST FOR PRODUCTION NO. 30:

All documents relating to the launch of any product sold under an OPS Mark, including any email or correspondence relating to such new products.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

OUTDOOR PRO SHOP, INC. incorporates its General Objections in response to this request and more particularly based upon this request seeking documents containing Attorney-Client communications, such as communications between OUTDOOR PRO SHOP, INC. and its attorneys with respect to the preparation and filing of United States Trademark Applications for said marks and related to the instant action, as well as attorney work product, such as notes and mental impressions of the attorney with respect to the attorney's representation of OUTDOOR PRO SHOP, INC. in the instant matter and before the United States Trademark Office, none of which will be produced.  OUTDOOR PRO SHOP, INC. also objects to this request as being duplicative as many of the documents that satisfy this request have already been provided to Requesting Party in response to its request for production numbers 1-14.  OUTDOOR PRO SHOP also objects to this request as being unintelligible because the meaning of the term "launch" is not defined by MONSTER ENERGY COMPANY.  OUTDOOR PRO SHOP, INC. interprets the term "offers for sale" with OUTDOOR PRO SHOP, INC. also objecting to this request pursuant to Fed R. Civ. P. 26(b)(1) as being unduly burdensome in that it would require days of work compiling information from various sources, more particularly the Waybackmachine available at the URL http://web.archive.org/ that is equally available to requesting party and will not be produced therefor.  With respect to goods or services that will be sold or offered in connection with each OPS Mark OUTDOOR PRO SHOP, INC. states that upon a reasonable and diligent search there are no documents in within the possession, custody or control of OUTDOOR PRO SHOP, INC. within this category.  In addition, upon a reasonable and diligent search there are some communications that would satisfy this request that are not within the possession, custody or control of OUTDOOR PRO SHOP, INC. because the same never existed with respect to communications with vendors and inter-office communications as much of the interactions between vendors and inter-office personnel was done over the telephone

or by word of mouth, i.e., face-to-face communication aka known as the sneaker-net.    Without waiving the foregoing objections and in light of the foregoing clarification, OUTDOOR PRO SHOP, INC. will produce documents within its possession, custody or control that satisfy this request.

REQUEST FOR PRODUCTION NO. 31:

For each product sold under an OPS Mark, any physical or electronic file that You maintain for the product.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

OUTDOOR PRO SHOP, INC. incorporates its General Objections in response to this request and more particularly based upon this request seeking documents containing Attorney-Client communications, such as communications between OUTDOOR PRO SHOP, INC. and its attorneys with respect to the preparation and filing of United States Trademark Applications for said marks and related to the instant action, as well as attorney work product, such as notes and mental impressions of the attorney with respect to the attorney's representation of OUTDOOR PRO SHOP, INC. in the instant matter and before the United States Trademark Office, none of which will be produced.  OUTDOOR PRO SHOP, INC. also objects to this request as being duplicative as many of the documents that satisfy this request have already been provided to Requesting Party in response to its request for production numbers 1-14.  Upon a reasonable and diligent search there are some communications that would satisfy this request that are not within the possession, custody or control of OUTDOOR PRO SHOP, INC. because the same never existed with respect to communications with vendors and inter-office communications as much of the interactions between vendors and inter-office personnel was done over the telephone or by word of mouth, i.e., face-to-face communication aka known as the sneaker-net.  With respect to goods or services that will be sold or offered in connection with each OPS Mark OUTDOOR PRO SHOP, INC. states that upon a reasonable and diligent search there are no documents in

within the possession, custody or control of OUTDOOR PRO SHOP, INC. within this category. Without waiving the foregoing objections and in light of the foregoing clarification, OUTDOOR PRO SHOP, INC. will produce documents within its possession, custody or control that satisfy this request.

REQUEST FOR PRODUCTION NO. 33:

All correspondence, agreements, layouts, mock-ups, invoices and other documents exchanged with the manufacturer of each product branded with an OPS Mark.

**CORRECTED RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Upon a reasonable and diligent search there are some communications that would satisfy this request that are not within the possession, custody or control of OUTDOOR PRO SHOP, INC. because the same never existed with respect to communications with vendors and inter-office communications as much of the interactions between vendors and inter-office personnel was done over the telephone or by word of mouth, i.e., face-to-face communication aka known as the sneaker-net; however, OUTDOOR PRO SHOP, INC. will produce documents within its possession, custody or control that satisfy this request.

REQUEST FOR PRODUCTION NO. 36:

All catalogs, print advertisements and television/radio spots that OPS has distributed or placed since 2000, whether or not they relate to the OPS Marks, and all banners, website ads, social media ads/posts or other promotional items that You have used to promote the OPS Marks since 2000.

**CORRECTED RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

OUTDOOR PRO SHOP, INC. objects to this request as seeking documents contain information not likely to lead to the discovery of admissible evidence at trial and are irrelevant therefore, such as documents concerning no OPS Marks and documents concerning the categories of documents identified that occurred before 2007, said documents will not be

12

produced.  OUTDOOR PRO SHOP, INC. objects to this request as being duplicative as many of the documents that satisfy this request have already been provided to Requesting Party in response to its request for production numbers 1-14.  OUTDOOR PRO SHOP, INC. also objects to this request pursuant to Fed R. Civ. P. 26(b)(1) as being unduly burdensome in that it would require days of work compiling information from various sources, more particularly the Waybackmachine available at the URL http://web.archive.org/ that is equally available to requesting party and will not be produced therefor..  Without waiving the foregoing objections, OUTDOOR PRO SHOP, INC. will produce documents within its possession, custody or control that satisfy this request, with the understanding that a diligent search and reasonable inquiry to locate the certain documents and is unable to comply because said certain the documents were lost or destroyed some year back.

REQUEST FOR PRODUCTION NO. 49:

Documents sufficient to identify every specific channel through which OPS provides goods or services under the OPS Marks, including the name and the address (physical or internet) of that channel.

**CORRECT RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

OUTDOOR PRO SHOP, INC. objects to the request as being unintelligible in view of the phrase "specific channel" and the dearth of information on the definition provided by MONSTER ENERGY COMPANY so as to make responding to the request unreasonably difficult.  Nonetheless, in the spirit of making a meaningful response OUTDOOR PRO SHOP, INC. interprets the phrase "specific channel" to advertisements and documentation showing sales of goods/services used in connection with OPS Marks.  With that interpretation OUTDOOR PRO SHOP, INC. objects to the request as being duplicative as documents demonstrating the first use of the marks up to today have been previous provided in response to the earlier set of request for production numbers 1-14 propounded by Requesting Party upon OUTDOOR PRO

13

SHOP, INC.  OUTDOOR PRO SHOP, INC. also objects to this request pursuant to Fed R. Civ. P. 26(b)(1) as being unduly burdensome in that it would require days of work compiling information from various sources, more particularly the Waybackmachine available at the URL http://web.archive.org/ that is equally available to requesting party and will not be produced therefor..  With respect to documents and things within possession custody or control of OUTDOOR PRO SHOP, INC. and without waiving the foregoing objections and in light of the foregoing clarification, OUTDOOR PRO SHOP, INC. will produce documents, such as pending trademark/ service mark applications and associated documents, as well as a complete listing of items sold and documents showing sales transactions.

REQUEST FOR PRODUCTION NO. 54:

Documents sufficient to show the wholesale and retail prices, on an annual basis, for each product or service sold under an OPS Mark.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

OUTDOOR PRO SHOP, INC. objects to the request as it seeks documents reciting confidential business sales information along with the pricing information.  Without waiving the foreing objection OUTDOOR PRO SHOP, INC. will produce documents within its possession, custody or control that satisfy this request.

REQUEST FOR PRODUCTION NO. 58:

Your monthly and annual profit and loss statements and income statements since 2000.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

OUTDOOR PRO SHOP, INC. objects to this request as seeking documents that are not likely to lead to the introduction of admissible evidence at trial and are, therefore, irrelevant as the same would encompass financial information about OUTDOOR PRO SHOP, INC. before the adoption of any of the OPS Marks, as a result no financial information will be provided before the year 2008.  OUTDOOR PRO SHOP, INC. also objects to the request as it seeks documents

reciting confidential business information, such as financial statements and other business proprietary information such as product sources and price paid for the same that could place OUTDOOR PRO SHOP, INC. at a competitive disadvantage and MONSTER ENERGY COMPANY could use the same as it intends to compete with OUTDOOR PRO SHOP, INC. in the same markets and with the same goods, as such documents containing annual profit and loss statements and income statements between 2000 and 2007, inclusive will not be produced. Without waiving the foregoing objections and in light of the foregoing clarification, OUTDOOR PRO SHOP, INC. will produce documents within its possession, custody or control that satisfy this request with respect to documents containing annual profit and loss statements and income statements between 2008 and present.

REQUEST FOR PRODUCTION NO. 59:

Documents and things sufficient to show Your accounting methods for sales, cost allocation, and profits.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

OUTDOOR PRO SHOP, INC. objects to this request as seeking documents that are not likely to lead to the introduction of admissible evidence at trial and are, therefore, irrelevant as the same would encompass financial information about OUTDOOR PRO SHOP, INC. before the adoption of any of the OPS Marks, as a result no documents will be provided containing information concerning accounting methods for sales, cost allocation, and profits before the year 2006.  OUTDOOR PRO SHOP, INC. also objects to the request as it seeks documents reciting confidential business information, such as financial statements and other business proprietary information such as product sources and price paid for the same that could place OUTDOOR PRO SHOP, INC. at a competitive disadvantage and MONSTER ENERGY COMPANY could use the same as it intends to compete with OUTDOOR PRO SHOP, INC. in the same markets and with the same goods, as such documents containing annual profit and loss statements and

1    income statements between 2000 and 2007, inclusive will not be produced.  Without waiving the

2    foregoing objections and in light of the foregoing clarification, OUTDOOR PRO SHOP, INC.

3    will produce documents within its possession, custody or control that satisfy this request with

4    respect to documents containing information about accounting methods for sales, cost allocation,

5    and profits for years 2008 to present.

6        REQUEST FOR PRODUCTION NO. 63:

7        Documents sufficient to show the nominal and beneficial ownership of OPS, including the

8    portion of OPS owned by each person and entity.

9        **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

10   OUTDOOR PRO SHOP, INC. objects to this request as being unintelligible, because the

11   meaning of "nominal and beneficial ownership" is unknown and MONSTER ENERGY

12   COMPANY has provided a dearth of information concerning its meaning.  Moreover,

13   OUTDOOR PRO SHOP, INC. is left to guess the distinction between nominal and beneficial.

14   Considering that OUTDOOR PRO SHOP, INC. is a corporation organized and existing under

15   California law and ownership under California law is determined by stock ownership the phrase

16   "nominal and beneficial ownership" is interpreted as meaning current stock ownership.  In light

17   of the foregoing interpretation OUTDOOR PRO SHOP, INC. also objects to the request as it

18   seeks documents reciting confidential business information, such as the name and address of

19   purchasers who have acquired goods used in connection with OPS marks.  Without waiving the

20   foregoing objections and in light of the foregoing clarification, OUTDOOR PRO SHOP, INC.

21   will produce documents within its possession, custody or control that satisfy this.

22       REQUEST FOR PRODUCTION NO. 65:

23       All documents that relate to any valuation of OPS.

24       **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

25

OUTDOOR PRO SHOP, INC. objects to this request as seeking documents that are not likely to lead to the introduction of admissible evidence at trial and are, therefore, irrelevant as the same would due to there being no time constraint on valuation sought, which could be each and every valuation of OUTDOOR PRO SHOP, INC. from its inception until present day, with only the most recent valuation of OUTDOOR PRO SHOP, INC. in 2020 being relevant ad a result no documents will be produced related to the valuation of OUTDOOR PRO SHOP, INC. before 2020 will be produced.  OUTDOOR PRO SHOP, INC. also objects to the request as it seeks documents reciting confidential business financial information.  Without waiving the foregoing objections and in light of the foregoing clarification, OUTDOOR PRO SHOP, INC. will produce documents within its possession, custody or control that satisfy this request with respect to documents related to the valuation of OUTDOOR PRO SHOP, INC. for 2020.

REQUEST FOR PRODUCTION NO. 74:

All documents concerning any alleged instance of confusion, mistake, deception, and/or association of any kind between OPS, Monster, OPS's goods and services and/or Monster's Goods and Services.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

Additionally, OUTDOOR PRO SHOP, INC. objects based upon this request seeking documents containing Attorney-Client communications, such as communications between OUTDOOR PRO SHOP, INC. and its attorneys with respect to the preparation and filing of United States Trademark Applications for said marks and related to the instant action, as well as attorney work product, such as notes and mental impressions of the attorney with respect to the attorney's representation of OUTDOOR PRO SHOP, INC. in the instant matter and before the United States Trademark Office, none of which will be produced.  Additionally, OUTDOOR PRO SHOP, INC. also objects to this request pursuant to Fed R. Civ. P. 26(b)(1) as being unduly burdensome in that it would require days of work compiling information from various sources,

17

more particularly the Waybackmachine available at the URL http://web.archive.org/  and

includes documents produced by MONSTER ENERGY COMPANY in response to discovery

propounded upon it during this litigation by OUTDOOR PRO SHOP, INC. , e.g., ; MEC

023851-53; MEC023856-867; MEC 23882; MEC023908-910; MEC23943, MEC23945,

MEC023976; MEC023977; MEC023982 all of which are equally available to requesting party

and will not be produced therefor.  Without waiving the foregoing objections and in light of the

foregoing clarification, OUTDOOR PRO SHOP, INC. will produce documents within its

possession, custody or control that satisfy this request.

REQUEST FOR PRODUCTION NO. 77:

All documents and things that support or undermine Your allegation that "OUTDOOR PRO

SHOP, INC. uses the MONSTER FISHING marks in channels of commerce in several countries

around the world making the MONSTER FISHING marks well known trademarks" in paragraph

6 of the First Amended

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

OUTDOOR PRO SHOP, INC. objects to the request as being duplicative as documents

demonstrating the first use of the marks up to today have been previous provided in response to

the earlier set of request for production numbers 1-14 propounded by Requesting Party upon

OUTDOOR PRO SHOP, INC.  Additionally, OUTDOOR PRO SHOP, INC. also objects to this

request pursuant to Fed R. Civ. P. 26(b)(1) as being unduly burdensome in that it would require

days of work compiling information from various sources, more particularly the

Waybackmachine available at the URL http://web.archive.org/  and includes documents

produced by MONSTER ENERGY COMPANY in response to discovery propounded upon it

during this litigation by OUTDOOR PRO SHOP, INC. , e.g., ; MEC 023851-53; MEC023856-

867; MEC 23882; MEC023908-910; MEC23943, MEC23945, MEC023976; MEC023977;

MEC023982 all of which are equally available to requesting party and will not be produced

therefor.  With respect to documents and things within possession custody or control of

OUTDOOR PRO SHOP, INC. and without waiving the foregoing objections OUTDOOR PRO

SHOP, INC. will produce documents that satisfy this request.

REQUEST FOR PRODUCTION NO. 82:

All documents and things that support or undermine Your allegation that "OUTDOOR PRO

SHOP, INC.'s use of its MONSTER FISHING marks in the United States pre-dates MONSTER

ENERGY COMPANY's use of the M MONSTER ENERGY trademark on many if not all of the

goods at issue herein, namely hats and shirts…" as stated in paragraph 11 of the First Amended

Complaint.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

OUTDOOR PRO SHOP, INC. objects to the request as being duplicative as documents

demonstrating the first use of the marks up to today have been previous provided in response to

the earlier set of request for production numbers 1-14 propounded by Requesting Party upon

OUTDOOR PRO SHOP, INC.  Additionally, OUTDOOR PRO SHOP, INC. also objects to this

request pursuant to Fed R. Civ. P. 26(b)(1) as being unduly burdensome in that it would require

days of work compiling information from various sources, more particularly the

Waybackmachine available at the URL http://web.archive.org/  and includes documents

produced by MONSTER ENERGY COMPANY in response to discovery propounded upon it

during this litigation by OUTDOOR PRO SHOP, INC. , e.g., ; MEC 023851-53; MEC023856-

867; MEC 23882; MEC023908-910; MEC23943, MEC23945, MEC023976; MEC023977;

MEC023982 all of which are equally available to requesting party and will not be produced

therefor.  With respect to documents and things within possession custody or control of

OUTDOOR PRO SHOP, INC. and without waiving the foregoing objections OUTDOOR PRO

SHOP, INC. will produce documents that satisfy this request.

REQUEST FOR PRODUCTION NO. 83:

All documents and things that support or undermine Your allegation that "OUTDOOR PRO SHOP, INC.'s use of its MONSTER FISHING marks in the United States with respect to the other services [other than hats and shirts] used in connection with the MONSTER FISHING marks, e.g., on-line retail store services featuring consumer goods for outdoor activities such as fishing tackle., do not cause confusion with the same class of purchasers and/or do not upon traverse the same channel of trade" as stated in paragraph 11 of the First Amended Complaint.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

OUTDOOR PRO SHOP, INC. objects to the request as being duplicative as documents demonstrating the first use of the marks up to today have been previous provided in response to the earlier set of request for production numbers 1-14 propounded by Requesting Party upon OUTDOOR PRO SHOP, INC.  Additionally, OUTDOOR PRO SHOP, INC. also objects to this request pursuant to Fed R. Civ. P. 26(b)(1) as being unduly burdensome in that it would require days of work compiling information from various sources, more particularly the Waybackmachine available at the URL http://web.archive.org/  and includes documents produced by MONSTER ENERGY COMPANY in response to discovery propounded upon it during this litigation by OUTDOOR PRO SHOP, INC. , e.g., ; MEC 023851-53; MEC023856-867; MEC 23882; MEC023908-910; MEC23943, MEC23945, MEC023976; MEC023977; MEC023982 all of which are equally available to requesting party and will not be produced therefor.  With respect to documents and things within possession custody or control of OUTDOOR PRO SHOP, INC. and without waiving the foregoing objections OUTDOOR PRO SHOP, INC. will produce documents that satisfy this request.

REQUEST FOR PRODUCTION NO. 84:

All documents and things that support or undermine Your allegation that "MONSTER ENERGY COMPANY's use of the term M MONSTER ENERGY will cause a likelihood of confusion as to the source and quality of goods with those provided by OUTDOOR PRO SHOP,

INC. under its MONSTER FISHING marks with respect to hats, cups and clothing" as stated in paragraph 11 of the Complaint.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

OUTDOOR PRO SHOP, INC. objects to the request as being duplicative as documents demonstrating the first use of the marks up to today have been previous provided in response to the earlier set of request for production numbers 1-14 propounded by Requesting Party upon OUTDOOR PRO SHOP, INC.  Additionally, OUTDOOR PRO SHOP, INC. also objects to this request pursuant to Fed R. Civ. P. 26(b)(1) as being unduly burdensome in that it would require days of work compiling information from various sources, more particularly the Waybackmachine available at the URL http://web.archive.org/  and includes documents produced by MONSTER ENERGY COMPANY in response to discovery propounded upon it during this litigation by OUTDOOR PRO SHOP, INC. , e.g., ; MEC 023851-53; MEC023856-867; MEC 23882; MEC023908-910; MEC23943, MEC23945, MEC023976; MEC023977; MEC023982 all of which are equally available to requesting party and will not be produced therefor.  With respect to documents and things within possession custody or control of OUTDOOR PRO SHOP, INC. and without waiving the foregoing objections OUTDOOR PRO SHOP, INC. will produce documents that satisfy this request.

REQUEST FOR PRODUCTION NO. 85:

All documents and things that support or undermine Your allegation that "MONSTER ENERGY COMPANY's use of the term M MONSTER ENERGY will cause a likelihood of confusion as to the source and quality of goods with those provided by OUTDOOR PRO SHOP, INC. under its MONSTER FISHING marks with respect to hats and shirts" as stated in paragraph 11 of the First Amended Complaint.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

1    OUTDOOR PRO SHOP, INC. objects to the request as being duplicative as documents

2    demonstrating the first use of the marks up to today have been previous provided in response to

3    the earlier set of request for production numbers 1-14 propounded by Requesting Party upon

4    OUTDOOR PRO SHOP, INC.  Additionally, OUTDOOR PRO SHOP, INC. also objects to this

5    request pursuant to Fed R. Civ. P. 26(b)(1) as being unduly burdensome in that it would require

6    days of work compiling information from various sources, more particularly the

7    Waybackmachine available at the URL http://web.archive.org/  and includes documents

8    produced by MONSTER ENERGY COMPANY in response to discovery propounded upon it

9    during this litigation by OUTDOOR PRO SHOP, INC. , e.g., ; MEC 023851-53; MEC023856-

10   867; MEC 23882; MEC023908-910; MEC23943, MEC23945, MEC023976; MEC023977;

11   MEC023982 all of which are equally available to requesting party and will not be produced

12   therefor.  With respect to documents and things within possession custody or control of

13   OUTDOOR PRO SHOP, INC. and without waiving the foregoing objections OUTDOOR PRO

14   SHOP, INC. will produce documents that satisfy this request.

15   REQUEST FOR PRODUCTION NO. 86:

16   All documents and things that support or undermine Your allegation that, as "a direct and

17   proximate result of MONSTER ENERGY COMPANY's infringing activities, OUTDOOR PRO

18   SHOP, INC. has suffered substantial damage" as stated in paragraph 14 of the First Amended

19   Complaint.

20   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

21   OUTDOOR PRO SHOP, INC. objects to the request as being duplicative as documents

22   demonstrating the first use of the marks up to today have been previous provided in response to

23   the earlier set of request for production numbers 1-14 propounded by Requesting Party upon

24   OUTDOOR PRO SHOP, INC.  Additionally, OUTDOOR PRO SHOP, INC. also objects to this

25   request pursuant to Fed R. Civ. P. 26(b)(1) as being unduly burdensome in that it would require

days of work compiling information from various sources, more particularly the

Waybackmachine available at the URL http://web.archive.org/  and includes documents

produced by MONSTER ENERGY COMPANY in response to discovery propounded upon it

during this litigation by OUTDOOR PRO SHOP, INC. , e.g., ; MEC 023851-53; MEC023856-

867; MEC 23882; MEC023908-910; MEC23943, MEC23945, MEC023976; MEC023977;

MEC023982 all of which are equally available to requesting party and will not be produced

therefor.    With respect to documents and things within possession custody or control of

OUTDOOR PRO SHOP, INC. and without waiving the foregoing objections OUTDOOR PRO

SHOP, INC. will produce documents that satisfy this request.

REQUEST FOR PRODUCTION NO. 87:

All documents and things that support or undermine Your allegation that "OUTDOOR PRO

SHOP, INC. is entitled to injunctive relief and an order that MONSTER ENERGY COMPANY

disgorge all profits on the manufacture, use, display or sale of infringing goods" as stated in

paragraph 21 of the First Amended Complaint.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

OUTDOOR PRO SHOP, INC. objects to the request as being duplicative as documents

demonstrating the first use of the marks up to today have been previous provided in response to

the earlier set of request for production numbers 1-14 propounded by Requesting Party upon

OUTDOOR PRO SHOP, INC.  Additionally, OUTDOOR PRO SHOP, INC. also objects to this

request pursuant to Fed R. Civ. P. 26(b)(1) as being unduly burdensome in that it would require

days of work compiling information from various sources, more particularly the

Waybackmachine available at the URL http://web.archive.org/  and includes documents

produced by MONSTER ENERGY COMPANY in response to discovery propounded upon it

during this litigation by OUTDOOR PRO SHOP, INC. , e.g., ; MEC 023851-53; MEC023856-

867; MEC 23882; MEC023908-910; MEC23943, MEC23945, MEC023976; MEC023977;

1  MEC023982 all of which are equally available to requesting party and will not be produced

2  therefor.  With respect to documents and things within possession custody or control of

3  OUTDOOR PRO SHOP, INC. and without waiving the foregoing objections OUTDOOR PRO

4  SHOP, INC. will produce documents that satisfy this request.

5

6          January 20, 2022

7

8                                                          _Kenneth C Brooks_

9                                                        LAW OFFICES OF KENNETH C. BROOKS
                                                         KENNETH C. BROOKS
10                                                       Law Office of Kenneth C. Brooks
                                                         5329 Thunder Ridge Circle
11                                                       Rocklin, California 95765
                                                         408 368-7997
12                                                       Attorney for Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

OUTDOOR PRO SHOP, INC.'S SUPPLEMENT/CORRECTED RESPONSES TO MONSTER ENERGY COMPANY'S SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

CERTIFICATE OF SERVICE

I am an attorney who is a member of the State Bar of California and of the bar of the Federal Court for the Northern District of California having a place of business at 5329 Thunder Ridge Circle Rocklin, California 95765

On January 20, 2022, I served the PLAINTIFF OUTDOOR PRO SHOP, INC.'S SUPPLEMENTAL/CORRECTED RESPONSES TO MONSTER ENERGY COMPANY'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, SET TWO on counsel shown below via EMAIL:

Sean M. Murray
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Email: sean.murray@knobbe.com
AND

Alexander Zeng
KNOBBE, MARTENS, OLSON & BEAR, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Email: alexander.zeng@knobbe.com

Attorneys for Defendant/ Counterclaimant, Monster Energy Company

Executed on January 22, 2022at  Placer County, California.

<u>/s/ Kenneth C. Brooks</u>

Kenneth C. Brooks SBN 167,792